**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT ILLINOIS**

| | | |
|---|---|---|
| LERON LEWIS, JR, Plaintiff, v. HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., Defendants. | ) | No. 3:20-CV-1355-RJD<br>Lead Case |
| BRANDON JAMAL MOFFETT, Plaintiff, v. HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., Defendants. | ) | No. 3:21-CV-0001-RJD<br>Consolidated with 20 CV 1355 |

**DEFENDANTS' COMBINED MOTION FOR PROTECTIVE ORDER, LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST BIG TEX TRAILER MANUFACTURING, LLC. AND JKD PRODUCTS, INC., AND FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS**

NOW COME the Defendants, HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., by and through their attorneys, Matthew S. Hefflefinger, Lawrence S. Hall and Devin M. Taseff of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for their Combined Motion for Protective Order, Leave to File Third Party Complaint Against Big Tex Trailer Manufacturing, LLC. and JKD Products, Inc., for Extension of Deadline to Amend Pleadings, pursuant to Federal Rules of Civil Procedure 6(b), 14(a), and 26(c) hereby state as follows:

**BACKGROUND**

1. This case involves a motor vehicle accident on Interstate 57 southbound in Franklin County, Illinois on December 13, 2020, at or near 6:30 a.m., involving, in relevant part, a 2019 International LT625 tractor operated by Mr. Campbell and a Chevrolet Silverado 3500 and Big Tex Trailer operated by team drivers, Leron Lewis, Jr. and Brandon Jamal Moffett ("Lewis" and "Moffett").

2. On December 21, 2020, Lewis filed a Complaint against Defendants in this court. (ECF Doc. 1). Therein, Lewis asserts claims of negligence against Mr. Campbell (Count I), negligence against Hirschbach on a theory of *respondeat superior* (Count II), and direct negligence against Hirschbach (Count III).

3. On January 4, 2021, Moffett filed a Complaint against Defendants, also in this Court. (Case No. 3:20-CV-1355-RJD, ECF Doc. 1). Therein, Moffett asserts virtually the same negligence claims as Lewis in Counts I-III, as well as a count of willful and wanton conduct. (*Id.* at Count IV). On March 16, 2021, this Court consolidated said cases for both discovery and trial. (ECF Doc. 25). On or about April 21, 2021, Defendants filed their Answer to Plaintiffs' Complaints, and moved to dismiss Count III of Lewis' Complaint, and Counts III and IV of Moffett's Complaint. (ECF Doc. 50-53).

4. A two-day inspection of the vehicles involved in the accident at Vernell's Interstate Towing in Marion, Illinois occurred on March 3 and 4, 2021. Parties and non-parties were present for the inspections. The non-parties that were present included General Motors (the manufacturer of Plaintiffs' Chevrolet Silverado 3500), Big Tex (manufacturer of the Gooseneck trailer being pulled by the Chevrolet Silverado 3500), Dexter Axel Co., (the

manufacturer of the electric brakes for the Big Tex Gooseneck trailer), McGriff Tire Co. (maintenance facility that worked on the Chevrolet Silverado 3500 and Big Tex trailer in October, 2020), Navistar, Inc. (the manufacturer of the truck operated by Mr. Campbell), and Bendix Commercial Vehicle Systems, LLC (the manufacturer of the collision avoidance system on the truck operated by Mr. Campbell). All of the activity occurred through the agreement of all parties and non-parties present.

5. On June 7, 2021, the Parties moved this court for an extension of time, primarily on the grounds that the parties required additional time to investigate the potential liability of the aforementioned proposed Third-Party Defendants, develop their respective claims and litigation strategies with respect to each. (ECF Doc. 73). On June 14, this Court granted the Parties' Joint Motion for Extension of Time, and moved the Parties' deadline to amend the pleadings and add new parties to on or before August 1, 2021. (ECF Doc. 74).

6. On June 18, 2021, Plaintiff Moffett's counsel, Nathan Gaffney, informed Defendants' counsel, Matthew Hefflefinger, of his intent to have an expert mechanic inspect the brakes and brake systems of the aforementioned Big Tex Gooseneck trailer being pulled by Plaintiffs' Chevrolet Silverado 3500. The Parties subsequently agreed to appear for a second vehicle/equipment inspection, which occurred on July 15, 2021. Akin to the first inspection occurring March 3-4, all of the activity involved in said second inspection occurred through the agreement of all parties and non-parties present.

7. The first vehicle/equipment inspection involved more traditional accident reconstruction objectives, such as extracting and imaging the various on-board computers and technology of the vehicles involved as well as making preliminary assessments of the

vehicles involved. The July 15, 2021 inspection of the Big Tex Trailer focused more specifically on the brake performance of the four electric brakes for the trailer, its impact upon the maneuverability of said trailer and third-party liability issues.

8. During the July 15 second inspection, the wheels, hubs, and brake drums of the Big Tex Trailer were removed. Power was then connected to the trailer using a 7-way connector at the front of the trailer, and supplied to the trailer by a Big Tex 12-volt "breakaway" battery. A metal screwdriver was then placed against each of the four (4) brake magnets at the 1L, 1R, 2L, and 2R brake positions to test the functioning of each. The following findings were observed and agreed upon by the present parties (attending were the Parties and third parties Datway and McGriff only):

- 1L was functioning, but has a potential defective connector
- 1R was functioning normally
- 2L was functioning normally
- 2R was malfunctioning

9. When power was subsequently applied to the wiring harness at the front of the trailer, the entire second axle had no power, as a result of a potential electrical issue at the wiring harness "Y" splice connecting to the second axle. The parties present agreed as to the wiring harness hypothesis, however, it was further agreed that the proper tools to engage in safe, nondestructive testing of said wiring harness were unavailable that day.

10. Accordingly, on July 30, 2021, Defendants again moved for an extension of time (ECF Doc. 82), which this Court promptly granted, and a third agreed inspection of the Big Tex Trailer was held at Vernell's at the request of Hirschbach on August 30, 2021. Said inspection was attended by the Parties, along with third parties Big Tex, McGriff Tire, Dexter Axle, and Datway, LLC. Utilizing a clamp-type amperage meter, a highly specialized tool designed to

engage in non-destructive electrical testing, power was again supplied to the trailer, and amperage was tested at various locations including the wiring harness, the area just before the split at the first axle, the first axle itself, the second axle, and all four magnets. The amperage at the second axle, 2L, and 2R was zero; the amperage at 1L and 1R was at the expected, normal values. The present parties agreed that the chief issue is that the "Y" splice connector of the wiring harness proceeding to the second axle had no amperage flow, presumably due to either (1) corrosion, or (2) a broken wire.

11. To confirm said hypothesis, the present parties further agreed to remove a six-foot section of the wiring harness for x-ray testing at a neutral laboratory. In preparing to remove said section of wiring harness, the present parties' experts noticed a small sticker on the wiring harness stating "JKD Products," which strongly implies that said wiring harness was supplied to Big Tex to be utilized in its final assembly. Given that JKD Products was previously unknown as a potential culpable party for the accident in question, the present parties agreed to terminate the inspection and notify JKD Products of the foregoing before engaging in any further testing.

12. Importantly, all present parties again agreed as to the nature and extent of the electrical issue(s) with said wiring harness, and further agreed that no further testing could be conducted until JKD was provided reasonable notice and opportunity to join in a fourth global inspection, and/or conduct their own, mutually-agreeable testing.

13. At the time this Combined Motion is filed, Hirschbach has sent formal, written notice to the registered agent of JDK Products, Inc. ("JKD"), informing of the above and inviting JKD's collaboration on a fourth inspection on a mutually agreeable date. (Notice of Claim

Letter to JKD Products, Inc., attached hereto as "Ex. A"). Said letter explicitly demands that JKD promptly notify any and all additional, interested parts suppliers contributing to the design of Hirschbach's claim and desire to hold said inspection as soon as possible. At the time this motion is filed, undersigned counsel is coordinating with representatives of JKD to hold a global inspection of its wiring harness, as well as the Big Tex Trailer globally, for the purpose of providing JKD a reasonable opportunity to first inspect, and ultimately, defend, its product.

**ARGUMENT**

14. The third party liability issue remaining and, therefore, necessitating this fourth global inspection, is determining the exact culpable party(s) causing or contributing to this electrical issue with the wiring harness. In the absence of further diagnostic testing on the aforementioned six-foot section of the wiring harness, Defendants cannot conclusively confirm the responsible party(s) causing and/or contributing to said electrical issue.

15. Unfortunately, the current September 15, 2021 deadline for the Parties to amend the pleadings is logistically untenable with the need to schedule a fourth inspection to perform such crucial testing in the immediate future. With the addition of JKD as an interested (and potentially culpable) party, the Parties must again coordinate with the individual party counsels', experts', and/or representatives' respective schedules and jointly agree on an inspection protocol. As such, completing the inspection, reviewing the results of the same, and drafting the necessary pleadings thereafter is impossible given the current deadline.

16. Based upon the foregoing, Defendants attach their proposed Third Party Complaint naming as third party defendants Leron Lewis, Jr., Brandon Jamal Moffett, Datway,

Motor Carrier Consultants, J.B. Hunt, McGriff Tire, Inc., Bendix Commercial Vehicle Systems LLC, Navistar, Inc., Big Tex Trailer Manufacturing, LLC. and JKD Products, Inc. (Ex. B). With the addition of Big Tex and JKD based upon the results of the third inspection of the Big Tex trailer conducted on August 30, 2021, there are now 10 third-party defendants before this Court, and potentially more to be identified by virtue of the fourth inspection.

17. Accordingly, having provided JKD a reasonable opportunity to participate, Defendants plan to move forward with a fourth inspection in the immediate future, which cannot be accomplished prior to the current September 15 deadline to amend the pleadings and add new parties. Once it is conclusively determined which party(s) are culpable for this electrical brake defect, Defendants intend to promptly amend said pleading, if necessary, and ask that this Court provide them the reasonable opportunity to do so.

18. Defendants submit the proposed Third-Party Complaint at this time in order to meet the current September 15 deadline in good faith in order to continue the efficient litigation of this matter. Nonetheless, the fourth inspection may reveal additional, culpable parties for this electrical brake defect, and/or additional, culpable products, parts, subparts, and related components of the trailer. Therefore, it is crucial that the Third-Party Complaint not only be allowed to proceed, but also (1) that Defendants have ample leave to refine it upon the completion and review of said fourth inspection, (2) and a protective order ensuring that the fourth inspection occurs in a timely fashion.

19. The Federal Rules of Civil Procedure should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. Proc. 1. In particular, Federal Rule of Civil Procedure 6(b)(1) of the gives the court wide

discretion to grant a request for additional time. *See, e.g., Remer v. Sebelius*, No. 13 Civ. 7110 (PAC) (JLC), 2014 U.S. Dist. LEXIS 38641, at *2 (S.D.N.Y. Mar. 24, 2014). A motion for extension filed before the deadline question may be granted for "good cause." *Murphy v. Eddie Murphy Prods., Inc*. 611 F.3d 322, 324 (7th Cir. 2010). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Thomas v. Brennan*, 961 F.2d 612. 619 (7th Cir. 1992). To demonstrate good cause, a party need only show that despite its diligence, the time table could not reasonably have been met. *Smith v. Howe Military Sch*., No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253 (9th Cir. 2010).

20. Furthermore, Federal Rules of Civil Procedure 26(c)(1) allows any party from whom discovery is sought to move for a protective order. Rule 26(c)(1) also allows the Court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including taking the following actions:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery in certain matters; and

(E) designating the persons who may be present while the discovery is conducted.

21. Lastly, under Federal Rule of Civil Procedure 14, the decision to grant a Motion for Leave to File Third-Party Complaint rests within the Court's sound discretion, and the Court should consider the merits of the third-party claims, the timeliness of the motion, complication of issues at trial, and additional expense to the parties. *Compare, e.g., Kirk v. Clark Equip. Co.,* No. 17 CV 50144, 2018 U.S. Dist. LEXIS 235681 (N.D. Ill. Aug. 22, 2018) (granting defendant's motion for leave where defendants filed the same two months after their court-ordered deadline to do so, where the third party claims therein related to issues previously raised in the case); *Kopan* v. *George Washington University*, 67 F.R.D. 36, (D.D.C. Mar. 27, 1975) (denying motion for leave where it was filed more two months after pre-trial, lacked merit on the face of the proposed third-party complaint, and where defendants did not have a valid reason for their delay in filing said motion).

22. As a matter of pleading, Rule 14 imposes a minimal burden on Third-Party Plaintiffs with respect to the sufficiency of the allegations of the Third-Party Complaint. The Third-Party Plaintiffs need only to plausibly establish that the third party defendant(s) *may* be liable to them. *Swenson v. Suhl*, 19 F.R.D. 517 (D. Neb. Sep 21, 1956). Defendants' attached Third Party Complaint (Ex. B) need only state facts sufficient to constitute a cause of action; if there is some genuine issue of fact brought out thereby, this condition has been fully met. *Mitchell v. Duquesne Brewing* Co., 34 F.R.D. 145 (W.D. Penn. Dec. 13, 1963). Ultimately, under Rule 14(a), allegations of a Third Party Complaint need not show that recovery from the third party defendant(s) is certain and, therefore, the complaint should be allowed to stand if, under some construction of facts which might be adduced at trial, recover would be possible. *Stiber v. United States*, 60 F.R.D. 668 (E.D. Penn. July 24, 1973).

23. Review of Defendants' attached Third Party Complaint (Ex. B) demonstrates Defendants have met their burden in asserting well-plead facts for each claim and count against each proposed third party defendant. Assuming the truth of said claims and allegations therein, Defendants are likely to succeed on the merits with respect to their claims against each aforesaid third party defendant. Again, Defendants need not *prove* their cases against said third parties at this early stage of the litigation at hand; they need only show a plausibility that said third parties *may* be liable to them in whole or in part.

24. No prejudice will result to Plaintiffs from granting the instant Motion. As early as five months post-accident, Defendants clearly stated, both to Plaintiffs' counsels and this Court, their intentions to seek third-party actions against the very same or substantially the same parties as identified in their Third Party Complaint, based on the same or substantially the same theories previously communicated thereto. In fact, Plaintiffs joined Defendants in the Parties' prior Motion for Extension, which, at its core, requested from this court additional time to develop their respective cases for third-party liability.

25. As such, good cause not only exists for Defendants to seek protective order, but also for leave to file their Third Party Complaint against Big Tex and JKD, and for extension of time to amend pleadings, particularly for Defendants to conclusively confirm the culpable party(s) causing or contributing to the electrical issue with the wiring harness. Defendants' Combined Motion is timely renewed on or before Defendants' September 15 deadline, and per the results of the August 30 inspection, Defendants are not in a reasonable position to confirm these facts without further diagnostic testing, which would have been accomplished at said inspection, but for the inadvertent discovery of JKD as an additional interested party.

26. It should be noted that Defendants did not design, manufacture, and/or assemble the Big Tex Trailer, its electric brake systems, its wiring harness, and/or any other parts or components therein. Therefore, prior to the third inspection, Defendants were not in a position to know or discover JKD's potential culpability for this electrical issue. Rather, it logically follows that those persons or entities (i.e. Big Tex, Dexter Axle, McGriff Tire, Datway, and/or Plaintiffs themselves) who had involvement with the trailer *prior* to the accident in question would have been in a position to know any and all potentially culpable parts suppliers such as JKD. No party or non-party placed JKD on notice until counsel for defendants forwarded Exhibit A to JKD on September 2, 2021. Accordingly, the necessity for a fourth inspection and, therefore, additional time to amend the pleadings, did not result from a lack of diligence by Defendants.

27. Ultimately, Defendants move for protective order, for leave to file additional their Third Party Complaints against likely culpable parties, and an extension of time to amend the pleadings against the same, a mere ten months after the accident in question *occurred*, and for the last several months, both Plaintiffs and this court have been apprised of Defendants' intentions to pursue this litigation strategy. Furthermore, counsel for the respective parties have worked diligently together as the investigation of this accident and potential culpability is explored for various parties and non-parties. Therefore, Defendants request that the Court grant their Combined Motion.

WHEREFORE, the Defendants/Third-Party Plaintiffs, HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., respectfully request that this Court:

(A) Order that a fourth global inspection of the Big Tex Trailer occur between all interested parties within 30 days;

(B) Grant them leave to file their Third-Party Complaint, *instanter*; and

(C) Grant them an extension of time of approximately 14 days subsequent to the fourth inspection to amend the pleadings, and for such further relief as this court deems appropriate.

Respectfully Submitted,

HIRSCHBACH MOTOR LINES, INC. and
ERIC JEROME CAMPBELL, SR.

By: /s/ Matthew S. Hefflefinger
Matthew S. Hefflefinger - ARDC # 6201281
Lawrence S. Hall – ARDC #6307837
Devin M. Taseff – ARDC # 6333448

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, I electronically filed the foregoing Defendants' Combined Motion For Protective Order, Leave To File Third Party Complaint Against Big Tex Trailer Manufacturing, LLC. and JKD Products, Inc., and For Extension Of Deadline To Amend Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Kenneth Levinson
Levinson & Stefani
230 West Monroe Street, Suite 2210
Chicago, IL 60606
ken@levinsonstefani.com
Lead Counsel for Plaintiff Leron Lewis, Jr.

Mr. Ian Brendel
Alexander Shunnarah Trial Attorneys
P.O. Box 2273
Mobile, AL 36652
ibrendel@alexandershunnarahlaw.com
Lead Counsel for Plaintiff Brandon J. Moffett

Mr. Joseph Fried
Mr. Nathan Alexander Gaffney
Fried Goldberg LLC
3550 Lenox Road NE, Suite 1500
Atlanta, GA 30326-4302
joe@friedgoldberg.com
nathan@friedgoldberg.com
brianne@friedgoldberg.com
Co-Counsel for Plaintiff Brandon J. Moffett

/s/ Corina L. Smith
Assistant to Matthew S. Hefflefinger

HEYL, ROYSTER, VOELKER & ALLEN, PC
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone 309.676.0400
Primary Email: peoecf@heylroyster.com
mhefflefinger@heylroyster.com; clsmith@heylroyster.com
dtaseff@heylroyster.com; kyount@heylroyster.com
lhall@heylroyster.com; kknipp@heylroyster.com