HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

HEYL ROYSTER

September 2, 2021

***Via Certified Mail***
Jared Shaeffer
Registered Agent
JKD Products, Inc.
Freeport West Building F-4, Section 2
Clearfield, UT 84016

IN RE: Accident of December 13, 2020 – Hirschbach Motor Lines, Inc.

To Whom It May Concern:

Please accept this letter as notice of a potential claim against JKD Products, Inc. for alleged product malfunction, manufacturing defect, and/or design defect associated with the performance of a shrink-fit connector on a JKD Products wiring harness (and potentially other components of the same) installed on a 2019 Big Tex Goosneck Dual Tandem Flatbed Trailer (VIN # 16VGX3522K6094957; Stock No. 22GN-35BK+5MR) involved in the above-described accident.

On December 20, 2018 the Big Tex Trailer was sold and shipped to Lewis Trailer Sales, Inc. (16494 Hwy 49, Saucier, MS 39574) from Big Tex Trailer Mfg Plant #555 (20975 U.S. Hwy 80 E, Willis Point, TX 75169). On October 15, 2020, it was subsequently purchased by Brandon Moffett of Mobile, Alabama, who then placed it into commercial service hauling freight under Datway, LLC, a motor carrier (USDOT # 3191946). For your reference, we attach a copy of the details associated with said purchases.

Please be advised that we have been retained to represent the interests of Hirschbach Motor Lines, Inc., and its driver, Eric J. Campbell, in connection with an accident that occurred on December 13, 2020 along Interstate 57 southbound, .25 miles north of Illinois Route 149, in Browning Township, Franklin County, State of Illinois.

The accident in question allegedly occurred around 6:28 a.m. on December 13, 2020. Mr. Campbell was proceeding southbound on Interstate 57. A 2017 Chevrolet 3500 Series pickup was operated by Leron Lewis, Jr., and Brandon Moffett, as team drivers pulling the Big Tex trailer ahead of Mr. Campbell with a load consisting of two 20' shipping containers. The pickup and trailer were illegally stopped on the interstate in such a way that it blocked the southbound lane of travel, and Mr. Campbell collided with the rear end of the Big Tex Trailer. We have enclosed a copy of the Illinois Traffic Crash Report that was provided to us by the Illinois State Police. At this time, it is our understanding that Mr. Lewis was ejected from his vehicle, and Mr. Moffett, who was in the bed of the pickup at the time of the collision, was pinned between the pickup and trailer and had to be extricated therefrom. Mr. Lewis and Mr. Moffett survived the accident and were both airlifted from the scene to Barnes Jewish Hospital in St. Louis, Missouri.


WWW.HEYLROYSTER.COM

EXHIBIT
A

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

HEYL •••• ROYSTER

In the weeks following the accident, both Moffett and Lewis filed suit against Hirschbach and Mr. Campbell in the United States District Court for the Southern District of Illinois, which has consolidated said cases both for discovery and trial. (See attached Complaints).

On March 3-4, 2021, a global accident reconstruction and inspection of the involved vehicles and equipment, including the Big Tex Trailer, was held at Vernell's Interstate Service in Marion, Illinois, between the following parties, interested third-parties, their counsels, and and/or their experts:

- Plaintiffs, Mr. Moffett and Mr. Lewis
- Hirschbach Motor Lines, Inc.
- Big Tex Manufacturing, Inc.
- Dexter Axle Company, Inc. (manufacturer of electric brakes for Big Tex Trailer)
- McGriff Tire Co. (maintenance facility that worked on the Chevrolet Silverado 3500 and Big Tex trailer in October, 2020 and performed DOT inspections of the same)
- Navistar, Inc. (manufacturer of the truck operated by Mr. Campbell)
- Bendix Commercial Vehicle Systems, Inc. (manufacturer of Wingman Fusion Collision Avoidance system installed in truck operated by Mr. Campbell)
- General Motors (manufacturer of Chevy 3500 oeprated by Leron Lewis, Jr.)

On July 15, 2021, at the request of Moffett's counsel, Nathan Gaffney of Fried Golberg, LLC, a second inspection vehicle inspection was held at the same location, which particularly concerned the Big Tex Trailer. In contrast to the first inspection, which involved more traditional accident reconstruction objectives, such as extracting and imaging the various on-board computers and technology of the vehicles involved, the July 15, 2021 inspection focused more specifically on the brake performance of the four electric brakes for the trailer, its impact upon the maneuverability of said trailer, and third-party liability issues. The second inspection was attended by the parties to said cases, Datway, LLC, and McGriff Tire.

During the July 15 second inspection, the wheels, hubs, and brake drums of the Big Tex Trailer were removed. Power was then connected to the trailer using a 7-way connector at the front of the trailer, and supplied to the trailer by a Big Tex 12-volt "breakaway" battery. A metal screwdriver was then placed against each of the four (4) brake magnets at the 1L, 1R, 2L, and 2R brake positions to test the functioning of each. The following findings were observed and agreed upon by the parties present:


WWW.HEYLROYSTER.COM

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

- 1L was functioning, but has a potential bad connector;
- 1R was functioning normally;
- 2L was functioning normally;
- 2R was malfunctioning

Said results were determined by applying "clean" power directly to the aforesaid magnets. When "clean" power was subsequently applied to the wiring harness at the front of the trailer, the entire second axle had no power, as a result of a potential electrical issue at the wiring harness "Y" splice connecting to the second axle. The parties present agreed as to the wiring harness hypothesis, however, it was further agreed that the proper tools to engage in safe, nondestructive testing of said wiring harness were unavailable that day.

HEYL •••• ROYSTER

Accordingly, a third agreed inspection of the Big Tex Trailer was held at Vernell's at the request of Hirschbach on August 30, 2021. Present for said inspection were the parties to said cases, Big Tex, McGriff Tire, Dexter Axle, and Datway, LLC. Utilizing a clamp-type amperage meter, a highly specialized tool designed to engage in non-destructive electrical testing, the parties' experts again supplied power to the trailer, and tested the amperage at various locations including the wiring harness, the area just before the split at the first axle, the first axle itself, the second axle, and all four magnets. The amperage at the second axle, 2L, and 2R was zero; the amperage at 1L and 1R was at the expected, normal values. The parties' then conferred on these findings, and agreed that the chief issue is that the "Y" splice connector of the wiring harness proceeding to the second axle has no amperage flow, presumably due to either (1) corrosion, or (2) a broken wire.

To confirm said hypothesis, the parties further agreed to remove a six-foot section of the wiring harness for x-ray testing at a neutral laboratory. In preparing to remove said section of wiring harness, the parties' experts noticed a small sticker on the wiring harness stating "JKD Products" which implies that said wiring harness was supplied to Big Tex to be utilized in its assembly. Given that JKD Products was previously unknown as a potential culpable party for the accident in question, the parties agreed to terminate the inspection and notify JKD Products of the foregoing before engaging in any further testing.

Importantly, the parties' present for the third inspection agree as to the nature and scope of the electrical issue with the JDK Products wiring harness installed on the Big Tex Trailer. It is clear that the wiring harness did not function in a way that it was manufactured and/or designed to do at or about the time of the accident events, resulting in us providing you this notice on behalf of our clients. There may be other issues with the


WWW.HEYLROYSTER.COM

subject harness that we will explore and potentially discover as the investigation in this matter proceeds.

Furthermore, we are not in a position to know if there are any additional, interested parts suppliers or other entities with regard to the wiring harness or related parts and/or components of the Big Tex Trailer. As a matter of crucial importance, we respectfully demand as part of this Notice that JKD Products notify any and all such additional, interested parties of this Notice as soon as possible.

Given the nature of the accident and the above described circumstances, including issues with said wiring harness, we would like to coordinate a joint inspection of the Big Tex Trailer as soon as possible. We propose that JDK Products and its representatives appear with us and our representatives for purposes of the inspection, and we anticipate that some, if not all, of the other interested parties will be present for the same. If you desire to agree to a proposed inspection and retrieval protocol, we will happily work with you to prepare the same.

HEYL •••• ROYSTER

We have a current deadline of September 15, 2021 to file additional third party complaints in this matter. Please be advised that the Big Tex Trailer is still being held at Vernell's Interstate Service in Marion, Illinois.

After you have had an opportunity to review this matter, please contact us so we can move forward with an appropriate inspection in the immediate future.

Very truly yours,

HEYL, ROYSTER, VOELKER & ALLEN

By:
Matthew S. Hefflefinger

Larry S. Hall

Devin M. Taseff


WWW.HEYLROYSTER.COM

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS

Heyl, Royster, Voelker & Allen
P.O. Box 6199
Peoria, IL 61601-6199
(309) 676 0400
(309) 676 3374 - fax
mhefflefinger@heylroyster.com
MSH/dmt
Attachments

HEYL ROYSTER

HEYL, ROYSTER, VOELKER & ALLEN, P.C. • PEORIA, IL • CHAMPAIGN, IL • CHICAGO, IL • EDWARDSVILLE, IL • ROCKFORD, IL • SPRINGFIELD, IL • ST. LOUIS, MO • JACKSON, MS


WWW.HEYLROYSTER.COM

**BigTex TRAILERS**

**Reprint**

| Past Invoice | 05538690 |
|---|---|
| Page | 1 |
| Date | 12/20/2018 |

eet: 144205

**Big Tex Trailer Manufacturing,**
BIG TEX TRAILER MFG PLANT #555
20975 U.S. HWY 80 E
WILLS POINT, TX 75169
(903) 873-3170

**Sold To:** 11977
LEWIS TRAILER SALES INC

9780 I-55 SOUTH
TERRY, MS 39170-

**Ship To:** 11977A
LEWIS TRAILER SALES INC

16494 HWY 49
SAUCIER, MS 39574-

| Customer PO Number | Ship Date | Salesperson | Terms | Tax Code |
|---|---|---|---|---|
| | 12/20/2018 | JAKE MCENTEE | [redacted] | [redacted] |

| Document | Warehouse | Freight | Ship Via |
|---|---|---|---|
| 00647562 | WILLS POINT | COLLECT | DEALER PICK UP |

| Item Number / Description | | Quantity | UM | Price | Per | Extension |
|---|---|---|---|---|---|---|
| 22GN-35BK+5MR | 23.9K TAND-D GN 102x35'+5' MR<br>23.9K# Tandem Dual Axle<br>Gooseneck 102" x 35' + 5'<br>Torque Tube<br>Dovetail with 2 Mega Ramps<br>*Black | 1 | [redacted] | | | |
| Serial Numbers:<br>16VGX3522K6094957 | | | | | | |
| Consisting of: | | | | | | |
| 1020002001-S | WP, GN ASSY,12X16#IB 50W | 1 | [redacted] | | | |
| 1003726001-S | SIDERAIL,S,22GN-35+5 WP | 1 | | | | |
| 1004015001-S | TIRES,S,235R16,LR-E,8H,TD | 1 | | | | |
| 1005545002-S | FLOOR,S,LP,OA,97X35+5,TPINE | 1 | | | | |
| 1015520031-S | PAINT,O,BLK POWDER | 1 | | | | |
| Northpoint Auth Code: 1217409543 | | | | | | |
| Additional Charges: | | | | | | |
| | DirectShip Disc | | | | | [redacted] |

We SINCERELY appreciate your business!

| Merchandise | Add On Charges | Tax | Expected |
|---|---|---|---|
| [redacted] | | | |

2023_12

EXHIBIT
tabbies'
1

ALABAMA GREAT SEAL

STATE OF
ALABAMA
DEPARTMENT OF REVENUE

# CERTIFICATE OF TITLE FOR A VEHICLE

HOLD TO LIGHT TO VIEW WATERMARK

| TITLE NO. | VEHICLE IDENTIFICATION NUMBER | TRANS. CODE | DATE ISSUED |
|---|---|---|---|
| 105392693 | 16VGX3522K6094957 | 90 | 11/24/2020 |

| YR MODEL | MAKE | MODEL | BODY TYPE | PREV AL TITLE NO. |
|---|---|---|---|---|
| 2019 | BIG TEX | 35 FT GOOSENECK | TL | 104645659 |

| CYL | NEW | USED | DEMO | PURCHASE DATE | NO. LIENS | COLOR | ODOMETER |
|---|---|---|---|---|---|---|---|
| 00 | XX | | | 10/15/2020 | 0 | BLACK | EXEMPT |

NAME(S) AND MAILING ADDRESS OF OWNER(S)

MOFFETT BRANDON
1370 W RIVIERA DR
MOBILE AL 36605

MAIL TO

MOFFETT BRANDON
1370 W RIVIERA DR
MOBILE AL 36605

RESIDENT ADDRESS IF DIFFERENT

LEGEND(S)

RELEASE OF LIEN
The holder of lien on the vehicle described in this Certificate does hereby state that the lien described in said Certificate of Title is released and discharged

First Lienholder

By ______________________
Signature of Authorized Agent

Date ______________________

1ST LIENHOLDER'S NAME, ADDRESS AND LIEN DATE

2ND LIENHOLDER'S NAME, ADDRESS AND LIEN DATE

Second Lienholder

By ______________________
Signature of Authorized Agent

Date ______________________

This certificate serves as an official document of the Department of Revenue and prima facie evidence that an application for certificate of title has been made for the vehicle described hereon, pursuant to the provisions of the Motor Vehicle laws of this state, and the applicant named on the face hereof has been duly recorded as the lawful owner of the vehicle so described. Further, the said vehicle is subject to the security interest by liens shown hereon, if any. But, said described vehicle may be subject to a mechanic's lien or a lien given by statute to the United States, this State or any political subdivision of this State or other encumbrances not required to be filed with this Department.

CONTROL NUMBER
54193150

KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE.

PLEASE DETACH

01 AB 0.416 **AUTO T9 0 3146 36605-250670
0002567 -C01-P02567-I

MOFFETT BRANDON
1370 W RIVIERA DR
MOBILE AL 36605-2506

3146-01-00-0002567-0001-of-0001-0003554

FEDERAL and State Law requires that you state the mileage in connection with transfer of ownership. Failure to complete ODOMETER STATEMENT OR providing a FALSE STATEMENT may result in fines and/or imprisonment.

*** NOTICE: ANY ALTERATION OR ERASURE VOIDS THE ASSIGNMENT and all assignments that follow***

- **ASSIGNMENT OF TITLE BY REGISTERED OWNER** (not valid unless completed in full)-I/we warrant this Title and certify that the vehicle described herein has been transferred on 08 / 23 / 2021 to the following:

Buyer(s)- Hirschbach Motor Liners, Inc Address- 2460 Kerper Blvd. Dubuque, IA 52001

I certify to the best of my knowledge that the ODOMETER READING is the ACTUAL MILEAGE of the vehicle unless one of the following statements is checked:

ODOMETER READING ____ NO TENTHS

*CAUTION: READ CAREFULLY BEFORE YOU CHECK A BLOCK

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the Actual Mileage.- WARNING-ODOMETER DISCREPANCY

SIGNATURE(S): of Buyer(s)-X ____ of Seller(s)-X [signature]

PRINTED NAME(S): of Buyer(s)- ____ of Seller(s)- Brandon J. Moffett

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE: (IF NONE, STATE "NONE") * * * * * * * *

NAME OF 1st LIENHOLDER: ____

ADDRESS OF 1st LIENHOLDER: ____

- **FIRST RE-ASSIGNMENT BY LICENSED DEALER • SELLING DEALER'S STATE Lic. No.** ____
I/we warrant this Title and certify that the vehicle described herein has been transferred to the following:

Buyer(s)- ____ Address- ____

I certify to the best of my knowledge that the ODOMETER READING is the ACTUAL MILEAGE of the vehicle unless one of the following statements is checked:

ODOMETER READING ____ NO TENTHS

*CAUTION: READ CAREFULLY BEFORE YOU CHECK A BLOCK

☐ 1. The mileage stated is in excess of its mechanical limits
☐ 2. The odometer reading is not the Actual Mileage.- WARNING-ODOMETER DISCREPANCY

Date of Sale ___ / ___ / ___

SIGNATURE(S): of Buyer(s)-X ____ of Seller(s)-X ____

PRINTED NAME: of Buyer(s)- ____ of Seller(s)- ____

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE: (IF NONE, STATE "NONE") * * * * * * * *

NAME OF 1st LIENHOLDER: ____

ADDRESS OF 1st LIENHOLDER: ____

- **SECOND RE-ASSIGNMENT BY LICENSED DEALER • SELLING DEALER'S STATE Lic. No.** ____
I/we warrant this Title and certify that the vehicle described herein has been transferred to the following:

Buyer(s)- ____ Address- ____

I certify to the best of my knowledge that the ODOMETER READING is the ACTUAL MILEAGE of the vehicle unless one of the following statements is checked:

ODOMETER READING ____ NO TENTHS

*CAUTION: READ CAREFULLY BEFORE YOU CHECK A BLOCK

☐ 1. The mileage stated is in excess of its mechanical limits
☐ 2. The odometer reading is not the Actual Mileage.- WARNING-ODOMETER DISCREPANCY

Date of Sale ___ / ___ / ___

SIGNATURE(S): of Buyer(s)-X ____ of Seller(s)-X ____

PRINTED NAME: of Buyer(s)- ____ of Seller(s)- ____

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE: (IF NONE, STATE "NONE") * * * * * * * *

NAME OF 1st LIENHOLDER: ____

ADDRESS OF 1st LIENHOLDER: ____

- **THIRD RE-ASSIGNMENT BY LICENSED DEALER • SELLING DEALER'S STATE Lic. No.** ____
I/we warrant this Title and certify that the vehicle described herein has been transferred to the following:

Buyer(s)- ____ Address- ____

I certify to the best of my knowledge that the ODOMETER READING is the ACTUAL MILEAGE of the vehicle unless one of the following statements is checked:

ODOMETER READING ____ NO TENTHS

*CAUTION: READ CAREFULLY BEFORE YOU CHECK A BLOCK

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the Actual Mileage.- WARNING-ODOMETER DISCREPANCY

Date of Sale ___ / ___ / ___

SIGNATURE(S): of Buyer(s)-X ____ of Seller(s)-X ____

PRINTED NAME: of Buyer(s)- ____ of Seller(s)- ____

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE: (IF NONE, STATE "NONE") * * * * * * * *

NAME OF 1st LIENHOLDER: ____

ADDRESS OF 1st LIENHOLDER: ____

# ILLINOIS TRAFFIC CRASH REPORT

Sheet 1 of 2 Sheets

TC002

| DRAC U1 | DRAC U2 | TRFD | TRFC | WEAT | DRVA U1 | DRVA U2 | VIS U1 | VIS U2 | VEHD U1 | VEHD U2 | LGHT | COLL | MANV U1 | MANV U2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 13 | 4 | 1 | 16 | 1 | 1 | 1 | 99 | 1 | 4 | 11 | 11 | 1 |

INVESTIGATING AGENCY: ISP

DAMAGE TO ANY ONE PERSON'S VEHICLE / PROPERTY: ☐ $500 OR LESS ☐ $501 - $1,500 ☒ OVER $1,500

TYPE OF REPORT: ☒ ON SCENE ☐ NOT ON SCENE (DESK REPORT) ☐ AMENDED

☐ A No Injury / Drive Away ☒ B Injury and / or Tow Due To Crash

AGENCY CRASH REPORT NO.: YR 2020 13-20-01089

TRFW: 3

ADDRESS NO.:
HIGHWAY or STREET NAME: I-57
☐ City Township ☒ BROWNING TWP
INTERSECTION RELATED ☐ Y ☒ N
PRIVATE PROPERTY ☐ Y ☒ N
HIT & RUN ☐ Y ☒ N
DATE OF CRASH: 12/13/2020 (mo / day / yr)
TIME: 06:28 ☒ AM ☐ PM
SECONDARY CRASH ☐ YES ☒ NO
FLOW CONDITION: ☐ SLOW ☐ STOPPED ☒ FREE FLOW
DOORING WITH PEDALCYCLIST? ☐ Y ☒ N
# OF MOTOR VEHICLES INVLD: 2

☒ 0.25 FT / (MI) (CIRCLE) (N) E S W (CIRCLE) IL RT 149
☐ AT INTERSECTION WITH (NAME OF INTERSECTION OR ROAD FEATURE)

COUNTY: FRANKLIN

VEHT: U1 2 / U2 7

## UNIT 1

☒ DRIVER ☐ PARKED ☐ DRIVERLESS ☐ PED ☐ PEDAL ☐ EQUES ☐ NMV ☐ NCV ☐ DV

NAME (LAST, FIRST, MI): LERON JR, LEWIS NMI
DATE OF BIRTH: 01/10/1997 (mo / day / yr)
MAKE: CHEVROLET - MODEL: 3500 SERIES YEAR: 2017
STREET ADDRESS: 6700 WALL ST APT 18A
SEX: M SAFT: 1 AIR: 3
AUTOMATED SYSTEM: ☐ Y ☑ N ☐ UNK
LEVEL IN VEH / LEVEL ENGAGED AT CRASH
CITY: MOBILE STATE: AL ZIP: 36695
INJ: A EJECT: 2 EPTH: 9
PLATE NO.: 1159597 STATE: AL YEAR: 2021
TELEPHONE: (251) 648-8241
DRIVER LICENSE NO.: 36695 STATE: AL CLASS: A CDL ID: 7
VIN: 1GC4CZCY9HF181560
INSURANCE CO.: PROGRESSIVE SPECIALTY INSURAN
EXPIRED: Yes ☐ No ☑
EMS AGENCY: WEST FRANKFORT FIRE/EMS
PEDV / PPA / PPL
VEHICLE OWNER (LAST, FIRST M.I.): MOFFETT, BRANDON JAMAL
POLICY NO.: 011205411
TAKEN TO: BARNES JEWISH HOSPITAL
INCIDENT RESPONDER: ☐ Y ☒ N
IF "Y" OWNER ADDRESS (STREET, CITY, STATE, ZIP): 1370 W RIVIERA DR, MOBILE, AL 36605
TELEPHONE: (251) 648-8959

CIRCLE NUMBER(S) FOR DAMAGED AREA(S): 00 - NONE; 13 - UNDER CARRIAGE; (14) - TOTAL (ALL AREAS); 15 - OTHER; 99 - UNKNOWN
FRONT / 16-TOP / REAR
POINT OF FIRST CONTACT: 52
TOWED DUE TO CRASH: ☒ Y ☐ N
FIRE: ☐ Y ☒ N
DISTRACTED: ☐ Y ☒ N
*Distraction Value: ☐
COM VEH *: ☒ Y ☐ N

## UNIT 2

☒ DRIVER ☐ PARKED ☐ DRIVERLESS ☐ PED ☐ PEDAL ☐ EQUES ☐ NMV ☐ NCV ☐ DV

NAME (LAST, FIRST, MI): CAMPBELL SR, ERIC JEROME
DATE OF BIRTH: 06/03/1977 (mo / day / yr)
MAKE: INTERNATION MODEL: TRACTOR YEAR: 2019
STREET ADDRESS: 9188 NE 27TH TER
SEX: M SAFT: 2 AIR: 4
AUTOMATED SYSTEM: ☐ Y ☑ N ☐ UNK
LEVEL IN VEH / LEVEL ENGAGED AT CRASH
CITY: ANTHONY STATE: FL ZIP: 32617
INJ: 0 EJECT: 1 EPTH: 0
PLATE NO.: 207854 STATE: NE YEAR: 2020
TELEPHONE: (352) 425-2030
DRIVER LICENSE NO.: C514210772030 STATE: FL CLASS: A CDL ID: 7
VIN: 3HSDZTZR7KN121541
INSURANCE CO.: OVERDRIVE RISK RETENTION GROU
EXPIRED: Yes ☐ No ☑
EMS AGENCY:
PEDV / PPA / PPL
VEHICLE OWNER (LAST, FIRST M.I.): LINES INC, HIRSCHBACH MOTOR
POLICY NO.: AL080120
TAKEN TO:
INCIDENT RESPONDER: ☐ Y ☒ N
IF "Y" OWNER ADDRESS (STREET, CITY, STATE, ZIP): 349 E CLOVERLY RD, FREMONT, NE 68025
TELEPHONE: (402) 404-2000

CIRCLE NUMBER(S) FOR DAMAGED AREA(S): 00 - NONE; 13 - UNDER CARRIAGE; 14 - TOTAL (ALL AREAS); (15) - OTHER; 99 - UNKNOWN
FRONT (12) (1) / 16-TOP / REAR
POINT OF FIRST CONTACT: 12
TOWED DUE TO CRASH: ☒ Y ☐ N
FIRE: ☐ Y ☒ N
DISTRACTED: ☐ Y ☒ N
*Distraction Value: ☐
COM VEH *: ☒ Y ☐ N

| Code | U1 | U2 |
|---|---|---|
| # LNS | 4 | 4 |
| ALGN | 2 | 2 |
| RSUR | 1 | |
| VEHU | 20 | 20 |
| SPDR | 0 | 0 |
| RDEF | 1 | |
| BAC | 996 | 996 |
| # OCC | 2 | 1 |
| DIRP | 5 | 5 |
| SPD LMT | 55 | 55 |

## PASSENGERS & WITNESSES ONLY

| (UNIT) | (SEAT) | (DOB) | (SEX) | (SAFT) | (AIR) | (INJ) | (EJCT) | (EPTH) | (NAME) / (ADDR) / (TEL) | (EMS) | (HOSPITAL) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 8 | 2/8/1995 | M | 1 | 3 | A | 4 | | MOFFETT, BRANDON JAMAL / 1370 W RIVIERA DR, MOBILE, AL 36605 / (251)648-8959 | WEST FRANKFORT FIRE / EMS | BARNES JEWISH HOSPITAL |
| W | - | 12/23/1960 | M | - | - | - | - | - | BODRIE, SAMUEL JOSEPH / 805 W 5TH ST, PINCONNING, MI 48650 / (989)751-0702 | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

| UNIT | EVNO | (MOST) | (EVNT) | (LOC) |
|---|---|---|---|---|
| UNIT 1 | 1 | ☒ | 11 | 1 |
| | 2 | ☐ | | |
| | 3 | ☐ | | |
| UNIT 2 | 1 | ☒ | 11 | 1 |
| | 2 | ☐ | | |
| | 3 | ☐ | | |

DAMAGED PROPERTY OWNER NAME:
DAMAGED PROPERTY:
PROPERTY OWNER ADDRESS / CITY / STATE / ZIP:
PRIMARY CAUSE: 10
SECONDARY CAUSE: 99

☒ CITATION ISSUED ☐ PENDING
ARREST NAME: LERON JR, LEWIS NMI
SECTION: 11-1301
CITATION NO.: 39190089

☐ CITATION ISSUED ☐ PENDING
ARREST NAME:
SECTION:
CITATION NO.:

OFFICER ID.: 5057
OFFICER NAME: J SHRAKE
BEAT/DIST.: 13
SUPERVISOR ID.: D GRAMMER, 4777

| | DATE | TIME |
|---|---|---|
| POLICE NOTIFIED | 12/13/2020 | 06:30 ☒ AM ☐ PM |
| EMS NOTIFIED | 12/13/2020 | 06:30 ☒ AM ☐ PM |
| EMS ARRIVED | 12/13/2020 | 06:36 ☒ AM ☐ PM |
| ROAD CLEARANCE | 12/13/2020 | 10:00 ☒ AM ☐ PM |
| COURT DATE | 01/26/21 | 09:00 ☒ AM ☐ PM |

DID CRASH OCCUR IN A WORK ZONE? ☒ Y ☐ N
IF YES CHECK ONE BELOW: ☒ CONSTRUCTION ☐ MAINTENANCE ☐ UTILITY ☐ UNKNOWN WORK ZONE TYPE
WORKERS PRESENT? ☐ Y ☒ N

Printed by authority of the State of Illinois

tabbies EXHIBIT 2

A **Diagram** and **Narrative** are required on all **Type B** crashes, **even if** units have been moved prior to the officer's arrival.




## NARRATIVE (Refer to vehicle by Unit No.)

**The purpose of this crash report is to accurately document a personal injury crash which occurred on the date of 12/13/2020 at approximately 6:28AM on I-57 in Franklin county. Unit 1 ( heavy-duty Pickup truck pulling a gooseneck trailer ) was traveling southbound on I-57 approximately at milepost 65.2 or 1/4 mile north of the Il. Rt 149 exit. The area in which this crash occurred was an active construction zone. The speed limit was reduced to 55 mph due to the construction. Weather conditions were clear and lighting conditions were of darkness. I-57 at milepost 65.2 is an overpass crossing over a surface street. Thus this crash occurred at the crest of a hill. Due to the construction, the outside shoulder was significantly narrower than under normal conditions. Unit 1 driver pulled his vehicle over onto the outside shoulder and right side of the right lane for unknown reasons. The shoulder was by no means wide enough for unit 1 to pull over onto safely. Unit 1 was at a complete stop partially blocking the outside lane. Unit 2 ( truck tractor semi box trailer ) was traveling southbound on I-57 approaching the location of unit 1. Unit 2 driver advised he observed unit 1 just before striking the rear of unit 1 trailer. Reportedly, the passenger of unit 1 was standing in the bed of the pickup truck when the impact occurred. The force of the impact was significant resulting in extensive damage to both units. Unit 1 was knocked forward a considerable distance. The front of unit 2 was wedged into the rear of unit 1 trailer. Unit 1 driver was ejected completely from his vehicle. Unit 1 driver sustained significant injuries. West Frankfort Fire / EMS responded to the scene along with Franklin County Sheriffs department. The passenger standing in the back of the pickup truck became pinned between the pickup and his trailer. Unit 1 passenger sustained very serious injuries and needed to be extricated. Extrication took a significant amount of time. Both unit 1 driver and passenger were ultimately transported by Life-Flight to Barnes Jewish Hospital in St**

## LOCAL USE ONLY

| | | | |
|---|---|---|---|
| U 1 Color **MAROON, BURGUNDY** | U 2 Color **BRONZE** | | |
| U 1 Towed due to: [X] Disabling Damage | [ ] NOT Disabling Damage | Damage Extent: 3 | Towed by / to **Vernell's Interstate Service / Vernell** |
| U 2 Towed due to: [X] Disabling Damage | [ ] NOT Disabling Damage | Damage Extent: 3 | Towed by / to **Vernell's Interstate Service / Vernell** |

## LARGE TRUCK, BUS, OR HM VEHICLE

IF MORE THAN ONE CMV IS INVOLVED, USE SR 1050A ADDITIONAL UNITS FORMS.

A CMV is defined as any motor vehicle used to transport passengers or property and:
1. Has a weight rating of more than 10,000 pounds (example: truck or truck/trailer combination); or
2. Is used or designed to transport more than 15 passengers, including the driver (example: shuttle or charter bus); or
3. Is designed to carry 15 or fewer passengers and operated by a contract carrier transporting employees in the course of their employment (example: employee transporter - usually a van-type vehicle or passenger car); or
4. Is used or designated to transport between 9 and 15 passengers, including the driver, for direct compensation (example: large van used for specific purpose); or
5. Is any vehicle used to transport any hazardous material (HAZMAT) that requires placarding (example: placards will be displayed on the vehicle).

CARRIER NAME **DATWAY TRANSPORT LLC**

ADDRESS **1370 W RIVIERA DR**

CITY/STATE/ZIP **MOBILE / AL / 36605**

Motor Carr. ID [X] Interstate [ ] Intrastate [ ] Not In Comm./Govt. [ ] Not in Comm./Other

USDOT NO. **3191946** ILCC NO.

Source of above info. [X] Side of Truck [ ] Papers [ ] Driver [ ] Log Book

GVWR/GCWR [ ] < 10,000 [ ] 10,000 - 26,000 [X] > 26,000

Were HAZMAT placards displayed on the vehicle? [ ] Y [X] N

If yes, name on placard

4-digit UN no. 1-digit Hazard Class no.

Did HAZMAT spill from the vehicle (do NOT consider FUEL from the vehicle's own tank)? [ ] Y [X] N [ ] UNK

Did HAZMAT Regulations violation contribute to the crash? [ ] Y [X] N [ ] UNK

Did Carrier Safety Regulations (HCS) violation contribute to the crash? [ ] Y [ ] N [X] UNK

Was a Driver/Vehicle Examination Report form completed?

HAZMAT [X] Y [ ] N [ ] UNK Out of Service? [X] Y [ ] N

MCS [X] Y [ ] N [ ] UNK Out of Service? [X] Y [ ] N

Form No. **IL 383540096**

IDOT PERMIT NO. WIDE LOAD? [ ] Y [X] N

TRAILER VIN 1 16vgx3522k6094957

TRAILER VIN 2

| TRAILER WIDTH(S): | 0-96" | 97-102" | > 102" |
|---|---|---|---|
| TRAILER 1 | [X] | [ ] | [ ] |
| TRAILER 2 | [ ] | [ ] | [ ] |

TRAILER LENGTH(S): 1 30 ft TRAILER 2 ft

TOTAL VEHICLE LENGTH 41 ft NO. OF AXLES 4

SELECT CODES FROM BACK COVER OF CRASH BOOKLET:

VEHICLE CONFIGURATION 4

CARGO BODY TYPE 4 LOAD TYPE 5

# ILLINOIS TRAFFIC CRASH REPORT

Sheet 2 of 2 Sheets

TC002

| DRAC | TRFD | TRFC | WEAT | DRVA | VIS | VEHD | LGHT | COLL | MANV |
|---|---|---|---|---|---|---|---|---|---|
| U U | 13 | 4 | 1 | U U | U U | U U | 4 | 11 | U U |

INVESTIGATING AGENCY: ISP

DAMAGE TO ANY ONE PERSON'S VEHICLE / PROPERTY: [ ] $500 OR LESS [ ] $501 - $1,500 [X] OVER $1,500

TYPE OF REPORT: [X] ON SCENE [ ] NOT ON SCENE (DESK REPORT) [ ] AMENDED

[ ] A No Injury / Drive Away
[X] B Injury and / or Tow Due To Crash

AGENCY CRASH REPORT NO.: YR 2020 13-20-01089

TRFW: 3

ADDRESS NO.:

HIGHWAY or STREET NAME: I-57

[ ] City [X] Township: BROWNING TWP

INTERSECTION RELATED: [ ] Y [X] N

PRIVATE PROPERTY: [ ] Y [X] N

HIT & RUN: [ ] Y [X] N

DATE OF CRASH: 12/13/2020 (mo / day / yr)

TIME: 06:28 [X] AM [ ] PM

SECONDARY CRASH: [ ] YES [X] NO

FLOW CONDITION: [ ] SLOW [ ] STOPPED [X] FREE FLOW

VEHT: U U

[X] 0.25 FT / (MI) (CIRCLE) (N) E S W (CIRCLE) IL RT 149
[ ] AT INTERSECTION WITH (NAME OF INTERSECTION OR ROAD FEATURE)

COUNTY: FRANKLIN

DOORING WITH PEDALCYCLIST? [ ] Y [X] N

# OF MOTOR VEHICLES INVLD: 2

# LNS: U U

## UNIT

[ ] DRIVER [ ] PARKED [ ] DRIVERLESS [ ] PED [ ] PEDAL [ ] EQUES [ ] NMV [ ] NCV [ ] DV

NAME (LAST, FIRST, MI) | DATE OF BIRTH (mo / day / yr) | MAKE | MODEL | YEAR

STREET ADDRESS | SEX | SAFT | AIR | AUTOMATED SYSTEM [ ] Y [ ] N [ ] UNK | LEVEL IN VEH | LEVEL ENGAGED AT CRASH

CITY | STATE | ZIP | INJ | EJECT | EPTH | PLATE NO. | STATE | YEAR

TELEPHONE | DRIVER LICENSE NO. | STATE | CLASS | CDL ID | VIN | INSURANCE CO. | EXPIRED Yes [ ] No [ ]

EMS AGENCY | PEDV | PPA | PPL | VEHICLE OWNER (LAST, FIRST M.I.) | POLICY NO.

TAKEN TO | INCIDENT RESPONDER [ ] Y [ ] N | IF "Y" | OWNER ADDRESS (STREET, CITY, STATE, ZIP) | TELEPHONE

CIRCLE NUMBER(S) FOR DAMAGED AREA(S): 00 - NONE; 13 - UNDER CARRIAGE; 14 - TOTAL (ALL AREAS); 15 - OTHER; 99 - UNKNOWN
FRONT / REAR: 1 2 3 4 5 6 7 8 9 10 11 12 16-TOP
POINT OF FIRST CONTACT:

TOWED DUE TO CRASH Y [ ] N [ ] | FIRE | DISTRACTED | *Distraction Value | COM VEH *

ALGN: U U | RSUR: 1 | VEHU: U U

## UNIT

[ ] DRIVER [ ] PARKED [ ] DRIVERLESS [ ] PED [ ] PEDAL [ ] EQUES [ ] NMV [ ] NCV [ ] DV

NAME (LAST, FIRST, MI) | DATE OF BIRTH (mo / day / yr) | MAKE | MODEL | YEAR

STREET ADDRESS | SEX | SAFT | AIR | AUTOMATED SYSTEM [ ] Y [ ] N [ ] UNK | LEVEL IN VEH | LEVEL ENGAGED AT CRASH

CITY | STATE | ZIP | INJ | EJECT | EPTH | PLATE NO. | STATE | YEAR

TELEPHONE | DRIVER LICENSE NO. | STATE | CLASS | CDL ID | VIN | INSURANCE CO. | EXPIRED Yes [ ] No [ ]

EMS AGENCY | PEDV | PPA | PPL | VEHICLE OWNER (LAST, FIRST M.I.) | POLICY NO.

TAKEN TO | INCIDENT RESPONDER [ ] Y [ ] N | IF "Y" | OWNER ADDRESS (STREET, CITY, STATE, ZIP) | TELEPHONE

CIRCLE NUMBER(S) FOR DAMAGED AREA(S): 00 - NONE; 13 - UNDER CARRIAGE; 14 - TOTAL (ALL AREAS); 15 - OTHER; 99 - UNKNOWN
FRONT / REAR: 1 2 3 4 5 6 7 8 9 10 11 12 16-TOP
POINT OF FIRST CONTACT:

TOWED DUE TO CRASH Y [ ] N [ ] | FIRE | DISTRACTED | *Distraction Value | COM VEH *

SPDR: U U | RDEF: 1 | BAC: U U | # OCC: U U

| (UNIT) | (SEAT) | (DOB) | (SEX) | (SAFT) | (AIR) | (INJ) | (EJCT) | (EPTH) | PASSENGERS & WITNESSES ONLY (NAME) / (ADDR) / (TEL) | (EMS) | (HOSPITAL) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

| UNIT | (EVNO) | (MOST) | (EVNT) | (LOC) |
|---|---|---|---|---|
| | 1 | [ ] | | |
| | 2 | [ ] | | |
| | 3 | [ ] | | |
| UNIT | 1 | [ ] | | |
| | 2 | [ ] | | |
| | 3 | [ ] | | |

DAMAGED PROPERTY OWNER NAME | DAMAGED PROPERTY

PROPERTY OWNER ADDRESS | CITY | STATE | ZIP | PRIMARY CAUSE: 10 | SECONDARY CAUSE: 99

[ ] CITATION ISSUED [ ] PENDING | SECTION | CITATION NO.
ARREST NAME

[ ] CITATION ISSUED [ ] PENDING | SECTION | CITATION NO.
ARREST NAME

OFFICER ID.: 5057 | OFFICER NAME: J SHRAKE | BEAT/DIST.: 13 | SUPERVISOR ID.: D GRAMMER, 4777

| | DATE | TIME | |
|---|---|---|---|
| POLICE NOTIFIED | 12/13/2020 | 06:30 | [X] AM [ ] PM |
| EMS NOTIFIED | 12/13/2020 | 06:30 | [X] AM [ ] PM |
| EMS ARRIVED | 12/13/2020 | 06:36 | [X] AM [ ] PM |
| ROAD CLEARANCE | 12/13/2020 | 10:00 | [X] AM [ ] PM |
| COURT DATE | 01/26/21 | 09:00 | [X] AM [ ] PM |

DID CRASH OCCUR IN A WORK ZONE? [X] Y [ ] N

IF YES CHECK ONE BELOW:
[X] CONSTRUCTION
[ ] MAINTENANCE
[ ] UTILITY
[ ] UNKNOWN WORK ZONE TYPE

WORKERS PRESENT? [ ] Y [X] N

DIRP: U U | SPD LMT: U U

Printed by authority of the State of Illinois

A **Diagram** and **Narrative** are required on all **Type B** crashes, **even if** units have been moved prior to the officer's arrival.

## NARRATIVE (Refer to vehicle by Unit No.)

**Louis for treatment. Unit 2 driver was not injured in the crash. Unit 1 passenger is also the owner of unit 1. Vernell's Towing of Marion responded to the scene and ultimately removed both unit 1, unit 2 and their respective trailers. Unit 1 driver was cited for Improper parking / Stopping in roadway.**

## LOCAL USE ONLY

| | | | |
|---|---|---|---|
| U Color | U Color | | |
| U Towed due to: ☐ Disabling Damage | ☐ NOT Disabling Damage | Damage Extent: | Towed by / to |
| U Towed due to: ☐ Disabling Damage | ☐ NOT Disabling Damage | Damage Extent: | Towed by / to |

## LARGE TRUCK, BUS, OR HM VEHICLE

IF MORE THAN ONE CMV IS INVOLVED, USE SR 1050A ADDITIONAL UNITS FORMS.

A CMV is defined as any motor vehicle used to transport passengers or property and:
1. Has a weight rating of more than 10,000 pounds (example: truck or truck/trailer combination); or
2. Is used or designed to transport more than 15 passengers, including the driver (example: shuttle or charter bus); or
3. Is designed to carry 15 or fewer passengers and operated by a contract carrier transporting employees in the course of their employment (example: employee transporter - usually a van-type vehicle or passenger car); or
4. Is used or designated to transport between 9 and 15 passengers, including the driver, for direct compensation (example: large van used for specific purpose); or
5. Is any vehicle used to transport any hazardous material (HAZMAT) that requires placarding (example: placards will be displayed on the vehicle).

CARRIER NAME **HIRSCHBACH MOTOR LINES INC**

ADDRESS **349 E CLOVERLY RD**

CITY/STATE/ZIP

Motor Carr. ID ☒ Interstate ☐ Intrastate ☐ Not In Comm./Govt. ☐ Not in Comm./Other

USDOT NO. **65769** ILCC NO.

Source of above info. ☐ Side of Truck ☒ Papers ☐ Driver ☐ Log Book

GVWR/GCWR ☐ < 10,000 ☐ 10,000 - 26,000 ☒ > 26,000

Were HAZMAT placards displayed on the vehicle? ☐ Y ☒ N

If yes, name on placard

4-digit UN no. 1-digit Hazard Class no.

Did HAZMAT spill from the vehicle (do NOT consider FUEL from the vehicle's own tank)? ☐ Y ☒ N ☐ UNK

Did HAZMAT Regulations violation contribute to the crash? ☐ Y ☒ N ☐ UNK

Did Carrier Safety Regulations (HCS) violation contribute to the crash? ☐ Y ☒ N ☐ UNK

Was a Driver/Vehicle Examination Report form completed?

HAZMAT ☒ Y ☐ N ☐ UNK Out of Service? ☒ Y ☐ N

MCS ☒ Y ☐ N ☐ UNK Out of Service? ☒ Y ☐ N

Form No. **IL 383540096**

IDOT PERMIT NO. WIDE LOAD? ☐ Y ☒ N

TRAILER VIN 1 **3utvs2536l8876023**

TRAILER VIN 2

| TRAILER WIDTH(S): | 0-96" | 97-102" | > 102" |
|---|---|---|---|
| TRAILER 1 | ☒ | ☐ | ☐ |
| TRAILER 2 | ☐ | ☐ | ☐ |

TRAILER LENGTH(S): 1 **53** ft TRAILER 2 ft

TOTAL VEHICLE LENGTH **63** ft NO. OF AXLES **5**

SELECT CODES FROM BACK COVER OF CRASH BOOKLET:

VEHICLE CONFIGURATION **6**

CARGO BODY TYPE **2** LOAD TYPE **5**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT ILLINOIS**

| | | |
|---|---|---|
| LERON LEWIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| HIRSCHBACH MOTOR LINES, INC., and ERIC JEROME CAMPBELL, SR., | ) | **Plaintiff Demands a Jury Trial** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Leron Lewis, Jr., by and through his attorneys, Levinson and Stefani, and complaining of the Defendants, Hirschback Motor Lines Inc., and Eric Jerome Campbell Sr., states as follows:

### Venue and Jurisdiction

1. Plaintiff Leron Lewis, Jr. (hereinafter, "Lewis"), is a citizen of the State of Alabama, residing in the County of Mobile, in the State of Alabama.

2. Defendant Hirschback Motor Lines, Inc., (hereinafter, "HML"), is a corporation incorporated under the laws of the State of Iowa having its principal place of business in the County of Dubuque, in the State of Iowa.

3. Defendant Eric Jerome Campbell, Sr. (hereinafter, "Campbell"), is a citizen of the State of Florida, residing in the County of Marion, in the State of Florida.

4. Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value



EXHIBIT
tabbies
3

of $75,000.00. Each of the parties hereto is a citizen of the United States, but is a citizen of separate states within the United States.

5. This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Facts Common to All Counts

7. On December 13, 2020, and at all relevant times herein, Defendant HML was a Motor Carrier defined by and subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

8. On December 13, 2020, and at all relevant times herein, Defendant Campbell was acting in the course and scope of his employment and/or agency with Defendant HML.

9. At all relevant times herein, Defendant Campbell was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

10. On said date, the Defendant HML was the owner and operator of a semi truck, US DOT Number 65769 (hereinafter, the "Semi Truck").

11. On December 13, 2020, Defendant Campbell was driving the Semi Truck and its attached trailer southbound on Interstate 57 ("I-57"), at or near milepost 65.2 and/or 1/4 mile north of its interchange with Illinois Route 149, in Browning Township, Franklin County, Illinois.

12. At said time and place, Plaintiff Lewis was in or near his vehicle and stopped on the side of southbound I-57.

13. At said time and place, the relevant portion of southbound I-57 was a marked, active construction zone.

**COUNT I: Negligence against Campbell**

14. The Plaintiff hereby adopts and re-alleges paragraphs 1-13 as though fully set forth herein.

15. At said time and place, it was the duty of the Defendant, Campbell, to operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff.

16. Notwithstanding the foregoing duty, Campbell did operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following

ways:

a) operated his Semi Truck at a speed too great for conditions prevailing;

b) failed to keep a proper lookout;

c) failed to avoid a collision with the vehicle operated by Plaintiff;

d) struck the vehicle occupied by the Plaintiff;

e) failed to slow or stop his Semi Truck when danger to the Plaintiff was imminent;

f) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*; and

g) failed to properly maintain his Semi Truck, including but not limited to adequate brakes.

17. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Campbell did violently collide with Plaintiff and/or Plaintiff's vehicle, and as a result thereof, the Plaintiff suffered the following past, present, and future loss and damage:

a) bodily injury;

b) disfigurement;

c) pain and suffering;

d) mental suffering;

e) loss of earnings;

f) medical expenses; and

g) disability or loss of normal life.

WHEREFORE, the Plaintiff, Leron Lewis, Jr., prays for judgment against the Defendant, Eric Jerome Campbell, Sr., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT II: Negligence against Hirshback Motor Lines, Inc.**

18. The Plaintiff hereby adopts and re-alleges paragraphs 1-13 as though fully set forth herein.

19. At said time and place, it was the duty of the Defendant, HML, by and through its agent or employee, Defendant Campbell, to own, operate, maintain, and control its Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Leron Lewis, Jr.

20. Notwithstanding the foregoing duty, the Defendant, HML, by and through its agent or employee, Defendant Campbell, did own, operate, maintain, and control its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a) failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

b) operated the Semi Truck at a speed too great for conditions prevailing;

c) failed to keep a proper lookout;

d) failed to avoid a collision with the vehicle operated by Plaintiff;

e) struck the vehicle occupied by the Plaintiff;

f) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*; and

g) failed to properly maintain its Semi Truck, including but not limited to adequate brakes.

21. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant HML did violently collide with Plaintiff and/or Plaintiff's vehicle, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) disfigurement;

c) pain and suffering;

d) mental suffering;

e) loss of earnings;

f) medical expenses; and

g) disability or loss of normal life.

WHEREFORE, the Plaintiff, Leron Lewis, Jr., prays for judgment against the Defendant, Hirschbach Motor Lines Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT III: Direct Negligence against Hirschbach Motor Lines, Inc.**

22. The Plaintiff hereby adopts and re-alleges paragraphs 1-13 as though fully set forth herein.

23. Defendant HML had a duty to act reasonably in hiring, training, and retaining Defendant Campbell to operate the Semi Truck.

24. Defendant HML had a duty to promulgate and enforce rules and regulations to ensure its drivers, including Campbell, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

25. Notwithstanding the foregoing duties, the Defendant, HML, by and through its employees or agents, did breach said duties in one or more of the following ways:

   a) knew or should have known Campbell was unfit to operate the Semi Truck;

   b) allowed Campbell to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

   c) failed to properly train Campbell in the operation of the Semi Truck;

   d) failed to ensure or verify Campbell was properly trained in the operation of the Semi Truck;

   e) failed to discipline or re-train Campbell when it knew or should have known

Campbell failed to comply with various rules and regulations;

f) failed to remove Campbell from his duties after it knew or should have known Campbell was unfit for the job; and

g) failed to properly supervise Campbell when necessary or reasonable to do so to ensure safety and compliance with applicable rules; ad

h) failed to train and communicate to Defendant Campbell various commercial driver safety rules, statues, regulations, industry customs about keeping a proper lookout for hazards on or around the roadway while driving/operating a commercial motor vehicle, operating a commercial vehicle in a construction zone, operating a commercial motor vehicle at a safe speed in a construction zone so as to avoid rear end collisions, and not driving while distracted.

26. As a direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant HML did violently collide with Plaintiff and/or Plaintiff's vehicle, and as a result thereof, the Plaintiff, Laron Lewis, Jr., did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) disfigurement;

c) pain and suffering;

d) mental suffering;

e) loss of earnings;

f) medical expenses; and

g) disability or loss of normal life.

WHEREFORE, the Plaintiff, Leron Lewis, Jr., prays for judgment against the Defendant, Hirschbach Motor Lines, Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

Respectfully submitted,

By: **/s/ Kenneth H. Levinson**
Kenneth H. Levinson

Levinson and Stefani Injury Lawyers
Attorneys for the Plaintiff
230 West Monroe Street, Suite 2210
Chicago, Illinois 60606
P: (312) 376-3812
F: (312) 376-3818
ken@levinsonstefani.com
ARDC No.: 6211155

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT ILLINOIS**

| | | |
|---|---|---|
| Brandon Jamal Moffett<br><br>Plaintiff,<br><br>v.<br><br>Hirschbach Motor Lines, Inc. and<br>Eric Jerome Campbell, Sr.,<br><br>Defendants. | ) | Case No.:<br><br>**Plaintiff Demands Trial By Jury** |

## COMPLAINT

**NOW INTO COURT** comes the Plaintiff, Brandon Jamal Moffett, through his undersigned counsel and files his Complaint against Defendants Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr., and states:

## PARTIES

1. The Plaintiff, Brandon Jamal Moffett, is a citizen of the State of Alabama.
2. Defendant Eric Jerome Campbell, Sr. (Hereinafter, "Campbell"), is a citizen of the State of Florida.
3. Defendant, Hirschbach Motor Lines, Inc., (Hereinafter "HML"), is a corporation incorporated under the laws of the State of Iowa, having its principal place of business in the State of Iowa, located at 2460 Kerper Blvd., Dubuque, IA 52001.
4. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## JURISDICTION STATEMENT

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties herein. The Plaintiff, Brandon J. Moffett, is a citizen of the State of Alabama. The Defendant, HML, is a citizen of the State of Iowa. The Defendant Campbell is a citizen of the State of Florida. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of Illinois under 28 U.S.C. § 1391(b)(2) as a substantial amount of the acts/omissions giving rise to Plaintiff's claims arose therein.

**FACTUAL BACKGROUND**

7. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.

8. On information and belief, on December 13, 2020, on a public highway known as southbound I-57, near or around milepost 65.2, in an active construction zone, in Browning Township, Franklin County, Illinois, Defendant Campbell negligently drove a 2019 International tractor/trailer (hereinafter "Semi Truck") and collided with the rear end of a trailer attached to a 2017 Chevrolet 3500 series truck. The trailer attached to said 2017 Chevrolet 3500 series truck was a 2018 Big Tex trailer, and the emergency flashing lights on the back of the trailer were activated before said collision.

9. On information and belief, at the time of the collision, Defendant Campbell was acting in the course and scope of his employment and/or agency with Defendant HML.

10. On information and belief, at all relevant times herein, Defendant HML was a Motor Carrier, and subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

11. On information and belief, at all relevant times herein, Defendant Campbell was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

12. 49 C.F.R. § 392.2 provides that:

> "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with."

13. On information and belief, at the aforementioned time and place, Defendant HML was the title owner of a Semi Truck, US DOT Number 65769, being driven by its employee, agent, and/or servant, Defendant Campbell.

**COUNT I: Negligence and Negligence Per Se– Defendant Campbell**

14. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.

15. At said time and place, it was the duty of the Defendant Campbell to operate, drive, maintain, and/or control his Semi Truck in a manner so as not to negligently cause a collision and injury to persons lawfully on the public way and road, including the Plaintiff.

16. On information and belief, and notwithstanding the foregoing duty, Campbell did operate, drive, maintain, and/or control his Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a) Drove his Semi Truck too fast under the then existing circumstances and failed to reduce speed to avoid a collision as stated herein;

b) failed to keep a proper lookout;

c) failed to follow posted constructions signs directing traffic and mandatory lane changes for trucks prior to the collision as stated herein;

d) failed to take proper precautions to avoid hazards and/or obstructions on or around the roadway after entering the construction zone and prior to the collision while driving the Semi Truck on I-57 southbound;

e) failed to drive, operate, maintain and/or control the Semi Truck without distraction;

f) failed to avoid a collision as stated herein;

g) failed to adhere to industry standards for driving a commercial motor vehicle in a construction zone;

h) failed to adhere to industry and certain rules and regulations for driving a commercial motor vehicle so as to avoid a rear end collision;

i) failed to adhere to Defendant Campbell's training, education and instructions as a professional driver by failing to avoid a rear end collision; failed to obey signs in an active construction zone; failed to drive without distractions, and failed to keep a proper lookout;

j) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.;* and

k) Defendant Campbell was negligent *per se* in violation of 625 ILCS 5/11-701(a)(2), 625 ILCS 5/11-701(d)(4), 625 ILCS 5/11-701(d)(5), 625 ILCS 5/11-907.5, and 625 ILCS 5/11-908.

17. As a direct and proximate result of one or more of the foregoing acts/omissions of

negligence, the Semi Truck operated/driven by Defendant Campbell collided with the back of the trailer as set forth herein and caused serious bodily injury to Plaintiff Brandon J. Moffett. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

A. bodily injury;

B. pain and suffering;

C. mental suffering;

D. humiliation, embarrassment and isolation;

E. loss of earnings and loss of earning capacity;

F. permanent injury and pain;

G. permanent disfigurement;

H. medical expenses; and

I. permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendant Eric Jerome Campbell Sr. for compensatory damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

**COUNT II: Negligence - Hirshbach Motor Lines, Inc.**

18. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.

19. At said time and place, it was the duty of the Defendant HML, by and through its agent or employee Defendant Campbell, to own, operate, drive, maintain, and control its Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff Brandon J. Moffett.

17. On information and belief, and notwithstanding the foregoing duty, Defendant HML, by and through its agent or employee Defendant Campbell, did own, drive, operate, maintain, and control its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a) operated his Semi Truck at a speed too great for conditions prevailing;

b) failed to keep a proper lookout;

c) failed to follow posted construction signs directing traffic and mandatory lane changes prior to the collision as stated herein;

d) failed to take proper precautions to avoid hazards on or around the roadway after entering a construction zone prior to the collision while driving the Semi Truck on I-57 southbound;

e) failed to drive, operate, maintain and/or control the Semi Truck without distraction;

f) failed to avoid a collision as stated herein;

g) failed to adhere to industry standards for driving a commercial motor vehicle in a construction zone;

h) failed to adhere to industry and certain rules and regulations for driving a commercial motor vehicle so as to avoid a rear end collision;

i) failed to adhere to Defendant Campbell's training, education and instructions as a professional driver by failing to avoid a rear end collision; failed to obey signs in an active construction zone; failed to drive without distractions, and failed to keep a proper lookout;

j) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.;* and

k) Defendant Campbell was negligent *per se* in violation of 625 ILCS 5/11-701(a)(2), 625 ILCS 5/11-701(d)(4), 625 ILCS 5/11-701(d)(5), 625 ILCS 5/11-907.5, and 625 ILCS 5/11-908.

18. As direct and proximate result of one or more of the foregoing acts/omissions of negligence, the Semi Truck owned by the Defendant HML did violently collide with the back of the trailer as set forth herein, and caused serious bodily injury to Plaintiff Brandon J. Moffett. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

A. bodily injury;

B. pain and suffering;

C. mental suffering;

D. humiliation, embarrassment and isolation;

E. loss of earnings and loss of earning capacity;

F. permanent injury and pain;

G. permanent disfigurement;

H. medical expenses; and

I. permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendant HML for compensatory damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

**COUNT III: Direct Negligence - Hirschbach Motor Lines Inc.**

19. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.

20. The Defendant, HML, had the duty to act reasonably in hiring, educating, training, and retaining Defendant Campbell to operate the Semi Truck in accordance with industry standards and the Federal Motor Carrier Safety Regulations.

21. The Defendant, HML, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Campbell, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws while being driven or operated.

22. On information and belief, notwithstanding the foregoing duties, the Defendant, HML, by and through its employee or agent did breach said duties in one or more of the following ways:

a) knew or should have known that Campbell was unfit to operate and/or drive the Semi Truck;

b) allowed Campbell to operate and/or drive the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

c) did not take appropriate action in training and educating Campbell about safe driving and driving in a construction zone to avoid collision, keep a proper lookout, drive without distraction, obey construction signs directed to motorists and truck drivers, and drive at reasonable speeds as to avoid a rear end collisions;

d) did not take appropriate action in disciplining or re-training Campbell when it knew or should have known Campbell failed to comply with various rules, regulations and driving policies;

e) failed to notify or communicate to Campbell about the location of construction zones on Interstate 57 South prior to the collision;

f) did not remove Campbell from duties after it knew or should have known Campbell was unfit for the job; and

g) did not provide supervision of Campbell when necessary or reasonable to do so to ensure safety and compliance with applicable rules while driving a commercial motor vehicle and driving in a construction zone, including its safety rules, industry safety rules and federal and state safety rules regarding driving and operating a commercial motor vehicle.

23. As direct and proximate result of one or more of the foregoing acts/omissions of negligence, the Semi Truck owned by the Defendant HML did violently collide with the back of the trailer as set forth herein and caused serious bodily injury to Plaintiff Brandon J. Moffett. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

A. bodily injury;

B. pain and suffering;

C. mental suffering;

D. humiliation, embarrassment and isolation;

E. loss of earnings and loss of earning capacity;

F. permanent injury and pain;

G. permanent disfigurement;

H. medical expenses; and

I. permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendant HML for compensatory damages in excess of SEVENTY-FIVE THOUSAND DOLLARS

($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

**COUNT IV – GROSS NEGLIGENCE**

24. The Plaintiff incorporates by reference all prior paragraphs as if stated here in its entirety.

25. The Defendants conduct, acts and/or omissions shows an utter indifference and/or wanton or conscious disregard for the Plaintiff's safety and the safety of others.

26. As a result thereof, the Plaintiff suffered the following past, present, and future harms, losses and damages:

A. bodily injury;

B. pain and suffering;

C. mental suffering;

D. humiliation, embarrassment and isolation;

E. loss of earnings and loss of earning capacity;

F. permanent injury and pain;

G. permanent disfigurement;

H. medical expenses; and

I. permanent disability and/or loss of normal life.

**WHEREFORE**, the Plaintiff Brandon J. Moffett demands judgment against the Defendants for punitive damages to punish and deter future wrongdoing in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief to which he is entitled in the premises.

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED this the 4th day of January, 2021.

*/s/ Ian A. Brendel*
Ian A. Brendel, Esq.
Alexander Shunnarah Trial Attorneys
PO Box 2273
Mobile, AL 36652
T. 251-459-8641
F. 251-459-6387
ibrendel@alexandershunnarahlaw.com
**Lead Counsel for Plaintiff Brandon J. Moffett**