UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LERON LEWIS, JR, <br><br>    Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br>    Defendants. <br><br> BRANDON JAMAL MOFFETT, <br><br>    Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br>    Defendants/Third Party Plaintiffs, <br><br> v. <br><br> BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, LLC., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, LLC, <br><br>    Third Party Defendants. | Case No. 3:20-cv-1355-JPG |

**MEMORANDUM AND ORDER**

I.   Introduction

This matter comes before the Court on Defendant Hirschbach Motor Lines, Inc. ("Defendant" or "Hirschbach") and Eric Campbell ("Defendant" or "Campbell") (collectively,

1

"Defendants") Motions to Dismiss against Plaintiff Leron Lewis, Jr. ("Plaintiff" or "Lewis") and Plaintiff Brandon Moffett's Complaint ("Plaintiff" or "Moffett"), (collectively, "Plaintiffs"). Defendants have filed two separate motions – a Motion to Dismiss Count III of Lewis' Complaint (Doc. 52), and Motion to Dismiss Count III and VI of Plaintiff Moffett's Complaint (Doc. 53)[1]. Moffett and Lewis submitted their joint responses at Doc. 71 and 72, respectively.

## II.  Background

Plaintiffs allege they were injured in an accident with a semi-truck driven by Defendant Campbell on December 13, 2020, in Franklin County, Illinois on Interstate 57. Plaintiffs allege that they were injured when a tractor-trailer, operated by Defendant Campbell, driving within the scope of his employment with Hirschbach, collided with their stopped vehicle on Interstate 57. Lewis alleges he sustained severe injuries to the right side of his body, along with other bodily injuries and suffers pain as a result of this accident. Moffett alleges bodily injury, mental suffering, disfigurement and other damages. Lewis filed this suit eight days after the accident (Doc. 1). Plaintiff Moffett filed suit 22 days after the accident. Their suits were then consolidated (Doc. 25).

In Count I, Lewis asserts a claim against Campbell, alleging he was negligent in operating his semi-truck at a speed too great for conditions, failing to keep a proper lookout, failing to avoid a collision with the vehicle operated by Lewis, striking Lewis' vehicle, failing to slow or stop, failing to adhere to 49 CFR 300, and failing to maintain his semi-truck. Lewis Compl at ¶ 4. Count II of Lewis' Complaint asserts a negligence claim against Hirschbach under a theory of *respondeat superior*. Count III asserts a claim of direct negligence under a theory of

---

[1]  *Lewis v. Hirschbach Motor Lines, Inc. et. al*. was consolidated with *Moffett v. Hirschbach Motor Lines, Inc. et. al*., Case No. 21-cv-00001-JPG. The complaint in the Moffett's case is at Doc. 1. The complaints by Lewis and Moffett will be referred to as "Lewis Complaint" and "Moffett Complaint," respectively.

negligent hiring, training, supervision, retention, and/or entrustment that Hirschbach allowed Campbell to operate the semi-truck in violation of federal regulations, failed to properly train Campbell, failed to ensure he was properly trained to operate the semi-truck, failed to discipline or re-train Campbell when it should have known Campbell failed to comply with rules and regulations, failed to remove Campbell from his duties after it knew Campbell was unfit for the job, failed to supervise Campbell, and failed to train Campbell regarding driving rules, regulations and industry customs. Lewis Compl ¶¶ 7-8. In Count III, Hirschbach admitted Campbell was acting within the scope of his employment and admitted *respondeat superior* is applicable.

In Count I of Moffett's Complaint, Moffett alleges the same negligence against Campbell, negligence against Hirschbach in Count II under a theory of *respondeat superior*, and a claim of direct negligence against Hirschbach for negligent hiring, training, supervision, retention, and/or entrustment. Moffett Compl at ¶¶ 22-26. Count IV alleges that Defendant's conduct amounts to gross negligence. Moffett Compl at ¶¶ 24-26.

Defendants move to dismiss Count III of Lewis' Complaint and Count III and Count IV of Moffett's Complaint under Federal Rule of Civil Procedure 12(b)(6).

### III. Law and Analysis

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

### a. Motion to Dismiss Count III of Lewis and Moffett's Complaint

Defendants move to dismiss Count III of Lewis and Moffett's Complaint under Rule 12(b)(6). Specifically, Defendants state that Count III should be dismissed on the grounds it is "duplicative and improper under Illinois law given that Hirschbach has admitted *respondeat superior* for Mr. Campbell's relevant acts or omissions." (Doc. 52, p. 5); (Doc. 53, p. 6). Plaintiffs respond with two arguments. First, they state that Defendants' motions are not properly brought before the Court under 12(b)(6), because Defendants' motion relies on material outside of the complaint, namely Defendant's answer. Additionally, Plaintiffs state that the Court should

not dismiss Count III for direct negligence against Hirshbach because Plaintiffs Lewis and Moffett meet the exception of "willful and wanton misconduct." (Doc. 71, p. 11); (Doc. 72, p. 11).

In Illinois, a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, negligent retention, or negligent entrustment against an employer where the employer admits responsibility for the conduct of the employee under *respondeat superior*. *Gant v. L.U. Transport, Inc*., 331 Ill. App. 3d 924, 928, 264 Ill.Dec. 459, 770 N.E.2d 1155 (2002). The reasoning behind this principle is that additional liability should not be imposed on the employer where the employer's liability "is predicated initially on, and therefore is entirely derivative of, the negligence of the employee" and so "cannot exceed the liability of the employee." *Id*.

But an exception exists where a principal's culpability may be greater than that of the agent. *Lockett v. Bi-State Transit Auth*., 445 N.E.2d 310, 314, 94 Ill. 2d 66, 67 Ill.Dec. 830 (1983). "Unlike the situation in negligent-entrustment cases, where the misconduct of the defendant-principal is of the same level of culpability as that of the tortfeasor-agent, defendants-principals may be found guilty of willful and wanton misconduct even though the tortfeasors-agents to whom the instrumentality causing the injury was entrusted may have been only negligent." *Id*. As a result, "the necessity of proof of the defendant-principal's misconduct in connection with willful-and-wanton entrustment actions is not eliminated simply because that party acknowledges an agency relationship with the tortfeasor." *Id*; *see also Neuhengen v. Glob. Experience Specialists, Inc.,* 2018 IL App (1st) 160322, ¶ 90, 109 N.E.3d 832, 852 ("there is no sound reason for such a rule where a plaintiff has pled a viable claim for punitive damages based on allegations of willful and wanton conduct against an employer for its independent actions in hiring and retaining an employee or entrusting a vehicle to an unfit employee").

In order to recover damages based on "willful and wanton conduct," a plaintiff must plead and prove the basic elements of a negligence claim, i.e., that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injury, and must additionally allege either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare. *Neuhengen*, 2018 IL App (1st) 160322, 109 N.E.3d 832.

Illinois courts have attempted to define "willful and wanton conduct" throughout the years. *Papadakis v. Fitness* 19 IL 116, LLC, 2018 IL App (1st) 170388, ¶ 23, 148 N.E.3d 648, 653 ("How, precisely, to define that heightened state of mind has proven elusive"). Such conduct can mean "only degrees more than ordinary negligence," while under other facts, willful and wanton acts may be only "degrees less than intentional wrongdoing." *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 275–76, 204 Ill.Dec. 178, 641 N.E.2d 402 (1994). In addition, the Illinois Supreme Court describes such acts as "a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Jane Doe-3 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 1, 973 N.E.2d 880, 884 see also *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 518, 136 Ill.Dec. 47, 544 N.E.2d 733 (1989). Further, "utter indifference or conscious disregard can include the failure to take reasonable precautions after knowledge of impending danger." *Barr v. Cunningham*, 2017 IL 120751, ¶ 20, 417 Ill.Dec. 667, 89 N.E.3d 315 (internal citations omitted).

Plaintiffs first argue that, because Defendants rely on their answer to Plaintiffs' complaints, motion is improperly brought as a 12(b)(6) and should therefore be dismissed. First, the Court notes that courts view Rule 12(c) and 12(b) motions the same, where "[b]oth motions permit a party to request the district court to dispense a matter at the initial stage of the

proceedings." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The primary difference between these two are that a party may file a 12(b) before its answer. *Id*. Thus, the Court will not dismiss Defendants' motions for bringing this claim under a 12(b)(6). The Court will note that federal courts within the Seventh Circuit have also properly addressed similar type motions addressing a dismissal based off a duplicative claim under *respondeat superior* and direct negligence under a Rule 12(b)(6) standard. *Wilson v. City of Springfield*, 449 F. Supp. 3d 826 (C.D. Ill. 2020); *Love v. City of Chicago*, 363 F. Supp. 3d 867 (N.D. Ill. 2019); *Doe I v. Bd. of Educ. of City of Chicago*, 364 F. Supp. 3d 849, 858 (N.D. Ill. 2019). As such, the Court's analysis does not change in evaluating Defendants' and Plaintiffs' arguments.

Thus, the central question is whether Plaintiff Lewis and Plaintiff Moffett have alleged "willful and wanton conduct" against Hirschbach. Upon review of Plaintiffs' briefs and Moffett and Lewis' respective complaints, they do not point to facts which the Court can reasonable infer willful or wanton conduct. Plaintiff argue that they have alleged "willful or wanton conduct" by stating that "Defendants conduct, acts/or omissions show an utter indifference and/or wanton or conscious disregard for the Plaintiff's safety and the safety of others." Moffett Compl at ¶ 25. The Lewis Complaint does not allege any conduct that the Court can infer as willful or wanton. The Plaintiff admit the Lewis Complaint fails to allege gross negligence. (Doc. 71, p. 12-13). Plaintiffs argue that it does not matter because "Plaintiffs have stated a viable claim of direct negligence against Defendant Hirschbach." (Doc. 72, p. 13). In short, this is not enough to plead "willful or wanton conduct." Plaintiffs' pleading amounts to recitation of elements of a cause of action that this *Twombly* and *Iqbal* progeny caution against. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action

will not do"). Reviewing the complaints as a whole, the Court cannot find inference of willful or wanton conduct. The law is clear. Because Plaintiffs' complaints do not adequately allege willful or wanton conduct, Plaintiffs negligent hiring, negligent retention, or negligent entrustment against Hirschbach must be dismissed as duplicative because it admitted responsibility under *respondeat superior*. *Gant*, 331 Ill. App. 3d 924, 928, 264 Ill.Dec. 459, 770 N.E.2d 1155.

The Court does not find this situation similar to *Swanson*. *Swanson v. Murray Bros., LLC*, No. 19-CV-3220, 2021 WL 782273, at *7 (C.D. Ill. Mar. 1, 2021) ("Stretching *Neff* and *Gant* to stand for Defendant's proposition that an employer can never be found liable for its own independent negligent acts that cause a plaintiff injury is too far reaching"). The *Swanson* court stated that the Swanson Plaintiffs were suing the employer for negligence outside of "negligent hiring, retention, or entrustment" such as negligent maintenance of the brakes of the truck and negligent inspection. *Id*. The same is not the case for the complaints by Lewis and Moffett. The Plaintiffs only provide allegations against the employer for negligent hiring, training, supervising, and qualifying Defendant Campbell. Moffett Compl at ¶ 25; Lewis Comp at ¶ 22. Illinois law is clear that once an employer admits liability under *respondeat superior*, courts prohibit pleading negligent hiring, training, supervising, and retention. Finding that the Plaintiffs insufficiently allege "willful or wanton conduct," the Court must dismiss Count III of the Lewis and Moffett complaints.

Plaintiffs argue that "Plaintiffs could uncover evidence that proves (through the framework of the Complaint) Defendant Hirschbach committed acts of gross negligence or willful and wanton misconduct in hiring, training, supervising, and qualifying Defendant Campbell." (Doc. 71, p. 12-13). The Court disagrees. It must be the other way around. Once Plaintiffs develop factual allegations that plausibly suggest "willful or wanton conduct," the

...
...

Court liberally allows amendments of complaints if Plaintiffs can allege those facts.

The Court also addresses one of Plaintiffs' points regarding discovery (Doc. 72, p. 14). Like Illinois courts, this Court agrees that "[w]e recognize the practical reality that the plaintiff may be unable to plead sufficient facts alleging willful and wanton conduct when the necessary information is solely within the defendant's control." *Winfrey v. Chicago Park Dist.*, 274 Ill. App. 3d 939, 949, 654 N.E.2d 508, 516 (1995). However, the Court also acknowledges that there are liberal discovery rules in federal court. Discovery under the federal rules aims to be broad. According to Fed. Rul. Civ. Proc. 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Plaintiffs have several tools for getting information – interrogatories, depositions, and requests for admission. Also, parties may compel the other party to give them access to documents, real property, and other matters for review or testing. The Court agrees with Plaintiffs that courts favor discovery. (Doc. 72, p. 14-15). However, the Court cannot look at discovery tactics when evaluating a motion to dismiss; the Court will only look at the complaints at hand.

The Court hereby GRANTS Defendants' Motion to Dismiss Count III of Lewis and Moffett's Complaints.

b. **Motion to dismiss Count IV for gross negligence**

Defendants argue that Count IV of Plaintiff Moffett's Complaint fails to state a claim upon which relief can be granted because "gross negligence" is not a recognized cause of action in Illinois (Doc. 53, p. 8). Plaintiff argues that Illinois law allows ordinary negligence and willful and wanton conduct to be plead as separate counts. (Doc. 72, p. 16); *McCoy v. Iberdrola Renewables, Inc.*, No. 11 C 592, 2013 WL 4027045, at *3 (N.D. Ill. Aug. 7, 2013); *see also McQueen v. Green*, 2020 IL App (1st) 190202, ¶ 55, 178 N.E.3d 700, 714, appeal allowed, 163

N.E.3d 727 (Ill. 2021) ("Willful and wanton conduct is not an independent tort and is considered an aggravated form of negligence"). The Court agrees. Pleading ordinary negligence and gross negligence as separate counts is not detrimental to Plaintiffs' claims. The Court sees the "gross negligence" claim as "no more than a supplemental allegation of negligence." *Id*.

While the amount of punitive damages is a question of fact, the issue of whether the particular facts of a case justify punitive damages is a question of law. *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353, 359 (Ill.1978). When a corporate defendant's liability "is predicated upon a theory of *respondeat superior*, the imposition of punitive damages is narrowly circumscribed." *Kennan v. Checker Taxi Co.*, 250 Ill.App.3d 155, 189 Ill.Dec. 891, 620 N.E.2d 1208, 1212 (Ill.App.Ct.1991) (citation omitted). In Illinois, punitive damages "may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others[.]" *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353, 359 (Ill.1978).

Finding that Plaintiffs have insufficiently alleged "willful or wanton conduct", the Court cannot allow punitive damages to move forward at this juncture. In light of the fact the Court found that Plaintiffs have failed to allege willful or wanton conduct, their claim of gross negligence cannot move forward. The Court hereby GRANTS Defendants' Motion to Dismiss Count VI of Plaintiff Moffett's Complaint.

## IV.   Conclusion

The Court hereby GRANTS Defendants' Motion to Dismiss Count III of Lewis' Complaint (Doc. 52), and GRANTS Defendants' Motion to Dismiss Count III and VI of Plaintiff Moffett's Complaint (Doc. 53). Count III of Lewis' Complaint and Count III and Count IV of

Moffett's Complaint is DISMISSED.

**IT IS SO ORDERED.**
**Dated: March 7, 2022**

                                                  **/s/ J. Phil Gilbert**
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**