UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LERON LEWIS, JR,

     Plaintiff,

     v.

HIRSCHBACH MOTOR LINES, INC. and
ERIC JEROME CAMPELL, SR.,

     Defendants.

BRANDON JAMAL MOFFETT,

     Plaintiff,

     v.

HIRSCHBACH MOTOR LINES, INC. and
ERIC JEROME CAMPELL, SR.,

     Defendants/Third Party Plaintiffs,

     v.

BRANDON JAMAL MOFFETT, LERON
LEWIS, JR., DATWAY LLC, MOTOR
CARRIER CONSULTANTS, LLC., J.B.
HUNT TRANSPORT, INC., MCGRIFF
TIRE, CO., INC., NAVISTAR, INC.,
BENDIX, COMMERCIAL VEHICLE
SYSTEMS LLC, and BIG TEX TRAILER
MANUFACTURING, LLC,

     Third Party Defendants.

Case No. 3:20-cv-1355-JPG

**MEMORANDUM AND ORDER**

1

## I.     Introduction

This matter comes before the Court on Defendants/Third-Party Plaintiffs' Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr. ("Defendants") Motion for Reconsideration of Third-Party Defendant Bendix Commercial Vehicle Systems LLC ("Bendix") Motion for Extension of Time (Doc. 162).

## II.     Factual Summary

On November 15, 2021, Defendants filed a third-party complaint against numerous third-party defendants, including Bendix. Bendix entered its appearance on January 19, 2022. Bendix filed its answer to the third-party complaint on February 18, 2022. On March 1, 2022, Defendants served written discovery on Bendix, requesting 67 requests for document production. On April 6, 2022, Bendix filed a motion for extension of time to complete discovery (Doc. 160). The next date, on April 7, 2022, the Court granted the motion for extension of time and ordered that Bendix's response to Defendants' discovery requests is May 20, 2022.

## III.     Law and Analysis

Motions to reconsider are governed by Rule 54(b), which provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by the following standard: to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656,

665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987).

The Court has reviewed the motion (Doc. 162) and Bendix's response to the motion (Doc. 166). The Court finds good cause existed to grant Bendix's extension of time for the following reasons: this is a products liability case which includes complex information and technical products, Bendix must work with a foreign facility and resolve language issues, and the issues from Bendix's employees from the pandemic and change of headquarters. The Court does not find that Defendants point to an argument that requires this Court to correct manifest errors of law or fact, nor do Defendants present newly discovered evidence. Defendants argue Bendix was served with a subpoena on July 19, 2021, whereby on July 30, 2021, Defendants filed extension of time to file the aforementioned third-party complaint. Defendants eventually requested additional extensions of time and ultimately filed its third-party complaint on November 15, 2021. Essentially Defendants argue that because it issued a similar subpoena to Bendix before it was named in this lawsuit (on or about July 2021), Bendix has already received ample time to respond to the discovery requests. The Court disagrees. The Court will not make Bendix responsible for subpoenas issued to Bendix when it was a non-party.

Nonetheless, the Court finds that Defendants have not pointed to any errors of law or facts or any new arguments to make this Court reconsider granting the motion for extension of time. This extension of time is for a few short weeks and Defendants do not suggest it will be prejudiced by the extension of time.

## IV.    Conclusion

The Court hereby DENIES Defendants Motion to Reconsider this Court's Order Granting Bendix's Motion for Extension of Time to Respond to Written Discovery (Doc. 162). Bendix's

response to Defendants' discovery requests is due May 20, 2022.


**IT IS SO ORDERED.**
**Dated: April 19, 2022**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
