UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LERON LEWIS, JR,

   Plaintiff,

v.

HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR.,

   Defendants.

BRANDON JAMAL MOFFETT,

   Plaintiff,

v.

HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR.,

   Defendants/Third Party Plaintiffs,

v.

BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, LLC., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, LLC,

   Third Party Defendants.

Case No. 3:20-cv-1355-JPG

**MEMORANDUM AND ORDER**

1

This matter comes before the Court on Defendants Eric Jerome Campbell, Sr. and Hirschbach Motor Lines, Inc. ("Defendants") Motion to Quash Plaintiff Brandon Moffett's Subpoenas to Cellco Partnership d/b/a Verizon Wireless (Doc. 187). Plaintiff responded to the motion to quash and noticed this Court that Plaintiff has withdrawn the subpoenas at issue. (Doc. 188). Plaintiff therefore states that the motion to quash (Doc. 187) is moot.

The motion to quash sought to quash cell phone records and data that could be reasonably construed as "requesting the content and/or substance of electronic messages sent or received from [Mr. Campbell's] number between 6:30 p.m. on December 12, 2020, through 7:00 a.m. on December 13, 2020." (Doc. 187 at 3). Defendants state the scope of the subpoena would be in violation of the Court's Order (Doc. 69), which ordered that "the substance of communications sent and received from 6:00 a.m. on 12/13/2020 until 6:30 a.m. on 12/13/2020" be produced from the parties' electronic devices. (Doc. 69). Therefore, Defendants' motion to quash states the subpoenas at issue requests thirty-minutes prior to and thirty-minutes after the time allowed by this Court in its order.

In response, Plaintiff states that it "withdrew these subpoenas to the extent they can be construed as" violating the Court's order (Doc. 188 at 3). Additionally, Plaintiff states that it issued new subpoenas to Cello Partnership d/b/a Verizon Wireless that will request "text message history, which does not include the substance of communication, but does include the date, time, location, and sending/receiving numbers, etc." (Doc. 188 at 3-4). Additionally, Defendants states the motion is moot because "Cello Partnership d/b/a Verizon Wireless only saves the substance of text messages for three (3) to five (5) days, and therefore could not produce the substantive text messages in response to Plaintiff's subpoenas even if it wanted to." (Doc. 188 at 4).

Defendants have not opposed Plaintiff's contention that the Plaintiff has withdrawn the subpoenas at issue or that the cell phone provider cannot produce substantive text messages in response to the subpoenas anyways. Finding that Defendants have not objected to Plaintiff's notice of withdrawing subpoenas, the Court **FINDS AS MOOT** Defendants' Motion to Quash (Doc. 187).

**IT IS SO ORDERED.**
**Dated: July 11, 2022**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
