UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LERON LEWIS, JR,

    Plaintiff,

    v.

HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR.,

    Defendants.

BRANDON JAMAL MOFFETT,

    Plaintiff,

    v.

HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR.,

    Defendants/Third Party Plaintiffs,

    v.

BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, LLC., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, LLC,

    Third Party Defendants.

Case No. 3:20-cv-1355-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Joint Motion for Good Faith Finding by Motor Carrier Consultants, Inc.[1] ("MCCI"). On or about December 2020 and January 2021 Plaintiff

---

[1] The parties indicate that Motor Carrier Consultants, LLC is named incorrectly in this case and its correct name is

1

Leron Lewis and Plaintiff Jamal Moffett filed complaints against Defendants Hirschbach Motor Lines, Inc., and its driver Eric Jerome Campbell Sr. separately filed complaints related to a motor vehicle accident occurring on December 13, 2020. The court consolidated both of those cases. On November 15, 2021, Defendants Hirschbach and Campbell filed a third-party complaint against nine parties, including MCCI.

This is a joint motion by Plaintiff Leron Lewis ("Lewis"), Jr., Plaintiff Brandon Jamal Moffett ("Moffett") and MCCI, requesting this Court issue a finding that a settlement entered into by the above parties, was entered into in good faith. Based on the briefings, MCCO has settled with Lewis and Moffett for a total of $50,000, with each Plaintiff to take $25,000. No other parties have objected to this motion and the time for doing so has expired. Additionally, the parties request the Court dismiss with prejudice the contribution claims made by Third Party Plaintiffs Hirschbach Motor Lines, Inc., and Eric Jerome Campbell.

The issue here is whether the settlement was made in good faith pursuant to the Joint Tortfeasor Contribution Act (the "Act"). The Act creates a statutory right of contribution "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death ...." 740 ILCS 100/2(a). The right of contribution "exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share." 740 ILCS 100/2(b). The tortfeasor who settles in good faith with a claimant is discharged from all liability for any contribution to any other tortfeasor. 740 ILCS 100/2(c), (d).

"The 'good faith' of a settlement is the only limitation which the Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability

---

Motor Carrier Consultants, Inc.

of the settling tortfeasor." *Johnson v. United Airlines*, 203 Ill.2d 121, 271 Ill.Dec. 258, 784 N.E.2d 812, 818 (2003). The Illinois Supreme Court has held that a settlement is not in good faith if: (1) the settling parties engaged in wrongful conduct, collusion, or fraud; or (2) the settlement conflicts with the terms of the Act or is inconsistent with the policies underlying the Act. *Id*., 271 Ill.Dec. 258, 784 N.E.2d at 821.

To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was 'within the reasonable range of the settlor's fair share;' " (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." *Wreglesworth v. Arctco, Inc*., 317 Ill.App.3d 628, 251 Ill.Dec. 363, 740 N.E.2d 444, 449 (2000). "No single factor is seen as determinative." *Id*. Whether a settlement was made in good faith is determined by considering all of the surrounding circumstances. *Dubina v. Mesirow Realty Development, Inc*., 197 Ill.2d 185, 258 Ill.Dec. 562, 756 N.E.2d 836, 840 (2001).

Here, Plaintiff Lewis and Moffett, and Third-Party Defendant MCCI indicate that the settlement is in good faith. Regarding the first factor of whether the amount settled being within the reasonable range of fair share, MCCI, Moffett and Lewis state MCCI has no coverage available for the incident. Additionally, MCCI has no significant assets or income. *See Conner v. Ford Motor Co.*, No. 07-0122-DRH, 2009 WL 1884456, at *5 (S.D. Ill. June 30, 2009), as corrected (July 6, 2009) (finding a settlement made in good faith even when the amount paid was "relatively small given the seriousness of the allegations in the case" since the court was advised the settling party had no significant income or assets and had no remaining insurance limits). The Court finds that while the settlement is now in light of significant damages alleged from this

incident, the Court finds the amount is within a reasonable range.

Regarding the second factor of whether there was a close personal relationship between the settling parties, the Court finds the parties have satisfied this factor. Settlement negotiations were held between the parties and counsel. Neither Plaintiffs indicated to have any interactions with MCCI. The Court finds there is no evidence of any personal relationship between any of the settling parties.

Regarding the third factor of whether Moffett and Lewis sued the settling party, neither Lewis nor Moffett brought suit against MCCI. Thus, this factor also weighs in factor of the good faith finding. Regarding the fourth factor of whether a calculated effort was made to conceal information surrounding the settlement agreement, the Court finds that the parties have also satisfied this factor and weighs in favor of good faith finding.

Therefore, the Court finds that Lewis, Moffett, and MCCI have made a *prima facie* showing of a good faith settlement. No factor weighs toward finding the settlement is made in bad faith.

For these reasons, the Court **FINDS** settlement was entered in good faith, **GRANTS** the Joint Motion for Order of Good Faith Finding (Doc. 203), **DISMISSES WITH PREJUDICE** the contribution claims made by Third Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell Sr. against MCCI.

**IT IS SO ORDERED.**
**Dated: September 20, 2022**

                                           /s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**