UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LERON LEWIS, JR, <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br> Defendants. <br><br> BRANDON JAMAL MOFFETT, <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br> Defendants/Third Party Plaintiffs, <br><br> v. <br><br> BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, LLC., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, LLC, <br><br> Third Party Defendants. | Case No. 3:20-cv-1355-JPG |

**MEMORANDUM AND ORDER**

I. **Introduction**

This matter comes before the Court on Defendants Hirschbach Motor Lines, Inc.,

("Hirschbach") and Eric Jerome Campbell Sr. ("Campbell," collectively "Defendants") Motion

1

to Vacate and Leave to File Response and Objections to Plaintiffs' and Third-Party Plaintiff Motor Carrier Consultants, LLC.'s Motion and Memorandum in Support of Good Faith Settlement Finding. Third-Party Defendant Motor Carrier Consultant, LLC ("MCI") filed a response to Defendants' motion for leave (Doc. 208). Plaintiff Lewis and Moffett have also filed a response in opposition to the motion to vacate (Doc. 209).

**II.     Background**

On September 2, 2022, MCI and Plaintiffs Leron Lewis, Jr. ("Lewis") and Brandon Jamal Moffett ("Moffett," collectively "Plaintiffs") moved for a finding of good faith for a settlement. Specifically, pursuant to the Illinois Joint Tortfeasor Act ("Act") a settlement is contingent upon this Court finding the settlement is made in good faith. This action is related to a motor vehicle accident that occurred on December 13, 2020. Moffett and Lewis filed separate actions related to the same accident, which were then consolidated into the present lead case in front of this Court.

On November 15, 2021, Defendants Hirschbach and Campbell filed a Third-Party Complaint against nine parties, including MCI. On August 18, 2022, Lewis, Moffett, and MCCI reached a settlement in principle in the amount of $50,000, with Lewis and Moffett each to receive $25,000. On September 20, 2022, seeing no objection filed, the Court found that Defendants' failure to respond was considered an admission of the merits of the motion. and found the settlement was entered in good faith. The Court granted the Joint Motion for Order of Good Faith Finding. (Doc. 206). MCCI has a pending motion for judgment on the pleadings that is fully briefed. *See* Docs. 164, 165, 179, 185. It remains pending.

On September 21, 2022, Campbell and Hirschbach filed a motion to vacate the Court's order of good faith finding. The Court will consider the response, which is attached to

Defendants' motion as an exhibit, without it being filed. The Court now considers the substance of Defendants' motion.

### III. Law and Analysis

#### a. Adherence to Local Rules

The basis of Defendants' motion for leave is that "[n]o court ordered or agreed deadline was set or reached prior to the filing of the instant Motion." (Doc. 207 at ¶ 2). Additionally, Defendants state that pursuant to Local Rule 7.1(c), an adverse party in a civil case shall have 30 days after serve of a motion to respond to such a motion. *Id*. at ¶ 3. Therefore, Defendants request that this Court adhere to Local Rule 7.1 (c) and provide Defendants an opportunity to formally contest the motion for good faith finding.

First, Defendants are incorrect. The Local Rules for the U.S. District Court Southern District of Illinois ("SDIL-LR") shall apply in all civil and criminal proceedings. Rule 1.1(b). Rule 7.1(c) is reproduced below:

> (c) Motions to remand, to dismiss, for judgment on the pleadings, for summary judgment, to suppress, and all post-trial motions shall be supported by a brief. The motion and brief may be combined into a single submission.
>
> > (1) An adverse party in a civil case shall have **30 days** after service of a motion listed above to file a response.

Rule 7.1(c)(1). The motion for a finding of good faith is not a motion to remand, dismiss, judgment on the pleadings, summary judgment, suppress, or a post-trial motion. Therefore, the briefing period for a motion for a finding of good faith is captured by Rule 7.1(g). Rule 7.1(g) is reproduced in part below:

> For all motions other than those listed in subsection (c) above, a supporting brief is not required. A party opposing a motion not listed in subsection (c) shall have **14 days** after service of the motion to file a written response. Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion.

Rule 7.1(g) (emphasis in original). The Local Rules, which apply to all civil proceedings apply in this case. Therefore, the Local Rules *are* the "court ordered" deadline that the courts within this district set. Additionally, the Local Rules are clear that, other than an enumerated list of motions laid out in Rule 7(c), a party opposing a motion shall have 14 days after service of a motion. Therefore, Defendants' opposition was due September 16, 2022. The Court, upon seeing that no response was filed during the time prescribed by the Local Rules, considered Defendants' failure to respond as "an admission of the merits of the motion." Rule 7.1(g).

Even though the Defendants are incorrect in their request that the Court adhere to Local Rule 7.1(c) since Rule 7.1(g) applies, and Defendants provide no reason for "good cause" for failure to adhere to the rules of this district, the Court will still consider the merits of Defendants' response, which is Exhibit 1 of their motion. *See* Doc. 207, Exhibit 1, Defendants' Resp. and Obj. to Motion for and Memo. in Support of Good Faith Settlement Finding.

    **b. Good faith Finding**

The Court considers each of Defendants' arguments in opposition of the motion for good faith finding. The Court laid out the relevant factors the Court considered in the previous and reproduces it here.

"The 'good faith' of a settlement is the only limitation which the [the Joint Tortfeasor Contribution] Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 203 Ill.2d 121, 271 Ill.Dec. 258, 784 N.E.2d 812, 818 (2003). The Illinois Supreme Court has held that a settlement is not in good faith if: (1) the settling parties engaged in wrongful conduct, collusion, or fraud; or (2) the settlement conflicts with the terms of the Act or is inconsistent with the policies underlying the Act. *Id.*, 271 Ill.Dec. 258, 784 N.E.2d at 821.

To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was 'within the reasonable range of the settlor's fair share;' " (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." *Wreglesworth v. Arctco, Inc.*, 317 Ill.App.3d 628, 251 Ill.Dec. 363, 740 N.E.2d 444, 449 (2000). "No single factor is seen as determinative." *Id*. Whether a settlement was made in good faith is determined by considering all of the surrounding circumstances. *Dubina v. Mesirow Realty Development, Inc.*, 197 Ill.2d 185, 258 Ill.Dec. 562, 756 N.E.2d 836, 840 (2001).

Defendants' first argument is that the proposed settlement is "grossly proportionate" to Plaintiffs' claimed damages and likelihood of recovery against MCCI. (Doc. 207-1, at 5-6). Defendants argue the substantial medical bills of Lewis and Moffett total $1,136,678.12. *Id*. at ¶ 14. Defendant state a $50,000 settlement would over 4.5 percent of claimed medical bills, which is subject to inevitable increase for the foreseeable future. *Id*. at ¶¶ 15-16. Additionally, Defendants argue because there is a pending dispositive motion, and a Rule 30(b)(6) deposition with MCCI, MCCI is wrongfully extricating itself from this case. Lastly, Defendants argue that there is a direct relationship between Plaintiffs and MCCI because MCCI held a business relationship with Datway, LLC ("Datway") since 2019. *Id*. at ¶ 24.

As the Court was apprised of earlier, MCCI has no coverage available for the accident, and has no significant assets or income. (Mem. and Order, Doc. 93 at 3). Courts in this district have previously held that a settlement is made in good faith even when the amount paid was "relatively small given the seriousness of the allegations in the case" and the settling party had no significant income or assets and had no remaining insurance limits. *Conner v. Ford Motor*

*Co.*, No. 07-0122-DRH, 2009 WL 1884456, at *5 (S.D. Ill. June 30, 2009), as corrected (July 6, 2009). Therefore, the Court finds that the amount paid is within the reasonable amount paid where MCCI had no significant assets and insurance.

Next, Defendants state that there is a pending dispositive motion and the Court must rule on that pending motion before finding the settlement was made in good faith. The Defendants provide no case support for the proposition. MCCI responds and states that such a determination is made with the understanding of significant defense costs, significant discovery exchanged, cost of corporate representative depositions, traveling, preparing, and other defense costs. (Doc. 208 at 6). The Court does not find the fact there is a pending motion as part of the analysis of the factors laid out above.

Next, Defendants argue that the settlement is not in good faith because MCCI has not presented for a corporate representative 30(b)(6) deposition and therefore liability is unknown. The Court agrees with MCCI that the Third-Party Complaint has been pending for some time since November 2021. Additional discovery has been exchanged and responses by representatives of MCCI have already been confirmed. Defendants also point out the relationship between Datway, another Third-Party Defendant and MCCI. However, the determination of good faith looks at the relationship between MCCI and Plaintiffs Lewis and Moffett. Datway is not a party to the settlement or negotiations.

The Court finds that there is no wrongful conduct, collusion, or fraud evidenced in the pleadings and exhibits. Additionally, the Court finds that the settlement does not conflict with either the terms of the Joint Tortfeasor Contribution Act or with the policies underlying the act. The Court finds, through an analysis of all the surrounding circumstances in this case, that this settlement was made in good faith.

## IV. Conclusion

The Court hereby DENIES Defendants' Motion to Vacate this Court's previous Memorandum and Order for a Good Faith Finding (Doc. 207). As the Court previously held, the Court FINDS the settlement was entered in good faith and DISMISSES WITH PREJUDICE the contribution claims made by Third Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell Sr. against MCCI.

**IT IS SO ORDERED.**
**Dated: October 5, 2022**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**