UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LERON LEWIS, JR,

    Plaintiff,

    v.

HIRSCHBACH MOTOR LINES, INC. and
ERIC JEROME CAMPELL, SR.,

    Defendants.

BRANDON JAMAL MOFFETT,

    Plaintiff,

    v.

HIRSCHBACH MOTOR LINES, INC. and
ERIC JEROME CAMPELL, SR.,

    Defendants/Third Party Plaintiffs,

    v.

BRANDON JAMAL MOFFETT, LERON
LEWIS, JR., DATWAY LLC, MOTOR
CARRIER CONSULTANTS, LLC., J.B.
HUNT TRANSPORT, INC., MCGRIFF
TIRE, CO., INC., NAVISTAR, INC.,
BENDIX, COMMERCIAL VEHICLE
SYSTEMS LLC, and BIG TEX TRAILER
MANUFACTURING, LLC,

    Third Party Defendants.

Case No. 3:20-cv-1355-JPG

**<u>MEMORANDUM AND ORDER</u>**

## I.     Introduction

This matter comes before the Court on multiple motions for orders that certain settlements

were entered into in good faith (Docs. 218, 220, 223). Plaintiffs Leron Lewis, Jr. ("Lewis") and

Brandon Moffett ("Moffett," collectively, "Plaintiffs") and the following Third-Party Defendants–

Big Tex Manufacturing ("Big Tex"), and McGriff Tire Co. ("McGriff Tire"). (Docs. 218, 220).

Additionally, Plaintiffs request a finding settlement was entered in good faith between Plaintiffs

and Defendants Hirschbach Motor Lines, Inc. ("Hirschbach") and Eric Jerome Campbell

("Campbell," collectively "Defendants")[1]. (Doc. 223). Additionally, Hirschbach and Campbell

requested leave to seal the settlement amounts listed in the final settlement. (Doc. 222). Plaintiffs

Lewis and Moffett do not join that motion but did not file an opposition. This Court granted the

motion for a seal after finding no opposition and ordered Defendants to file the settlement amounts

under seal, which they did. (Docs. 224, 227)

## II.    Procedural Background

On or about December 2020 and January 2021 Plaintiff Leron Lewis and Plaintiff Jamal

Moffett separately filed complaints against Defendants Hirschbach Motor Lines, Inc., and its

driver Eric Jerome Campbell Sr. related to a motor vehicle accident occurring on December 13,

2020. The court consolidated both of those cases. On November 15, 2021, Defendants Hirschbach

and Campbell filed a third-party complaint against nine parties, including Big Tex, McGriff Tire,

Lewis, and Moffett. (Doc. 98).

## III.    Analysis

The issue here is whether the settlements were made in good faith pursuant to the Joint

Tortfeasor Contribution Act (the "Act"). The Act creates a statutory right of contribution "where

2 or more persons are subject to liability in tort arising out of the same injury to person or property,

or the same wrongful death ...." 740 ILCS 100/2(a). The right of contribution "exists only in favor

---

[1] There is also a Third Party Complaint filed against Lewis and Moffett, thereby making them also Third Party Defendants, and Hirschbach and Campbell Third Party Plaintiffs. However, for ease of reference, the Court will refer to them as Plaintiffs and Defendants, respectively, throughout this Order.

of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share." 740 ILCS 100/2(b). The tortfeasor who settles in good faith with a claimant is discharged from all liability for any contribution to any other tortfeasor. 740 ILCS 100/2(c), (d).

"The 'good faith' of a settlement is the only limitation which the Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 203 Ill.2d 121, 271 Ill.Dec. 258, 784 N.E.2d 812, 818 (2003). The Illinois Supreme Court has held that a settlement is not in good faith if: (1) the settling parties engaged in wrongful conduct, collusion, or fraud; or (2) the settlement conflicts with the terms of the Act or is inconsistent with the policies underlying the Act. *Id*., 271 Ill.Dec. 258, 784 N.E.2d at 821.

To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was 'within the reasonable range of the settlor's fair share;' " (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." *Wreglesworth v. Arctco, Inc*., 317 Ill.App.3d 628, 251 Ill.Dec. 363, 740 N.E.2d 444, 449 (2000). "No single factor is seen as determinative." *Id*. Whether a settlement was made in good faith is determined by considering all of the surrounding circumstances. *Dubina v. Mesirow Realty Development, Inc*., 197 Ill.2d 185, 258 Ill.Dec. 562, 756 N.E.2d 836, 840 (2001). The amount of a settlement must be viewed in relation to the probability of recovery, the defenses raised, and the settling party's potential legal liability. *Johnson*, 784 N.E.2d at 822-23.

### a.  Admission on the Merits

None of the pending motions for a good faith finding have been opposed. Pursuant to the

U.S. District Court Southern District of Illinois ("SDIL-LR"), all motions *other than* a motion to

remand, judgment on the pleading, summary judgment, to suppress, and post-trial motions, shall

have 14 days after service of the motion to file a written response. "Failure to file a timely response

to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

SDIL-LR 7.1(g). Therefore, any opposition or response to Defendants' motion was due December

5, 2022, December 13, 2022, and December 14, 2022, respectively. No party has filed oppositions

to the pending motions and the time for doing so has passed. Therefore, the Court considers a

failure to oppose within the time periods in SDIL-LR as an admission of the merits of the motion.

The Court will take each motion for a good faith finding in turn.

### b.  Settlement Between Lewis, Moffett and Big Tex

Lewis, Moffett, and Big Tex has entered into a settlement agreement whereby Big Tex has

agreed to settle with Lewis and Moffett for a total of $150,000, with each Plaintiff to take $75,000.

(Doc. 219).

Lewis, Moffett, and Big Tex, pursuant to the first factor, argue that the first factor weighs

heavily towards a finding the settlement was in good faith. In its support, Big Tex contends it has

no liability to Plaintiffs nor to Third Party Plaintiffs and are settling to "buy Big Tex's peace and

to cap defense costs." Additionally, the parties allege that Third Party Plaintiffs Hirschbach and

Campbell hold significant responsibility for the accident, as supported by Campbell's deposition

and dash camera footage. *Id*. at 5-6. Additionally, the parties argue there are numerous intervening

and superseding causes which make Big Tex's role attenuated from the accident. *Id*. at 6.

The Court agrees. The Court finds in relation to the probability of recover, defenses raised,

and potential legal liability, this factor weighs in favor of good faith. Additionally, there is no evidence of wrongful conduct.

Regarding the second factor, there is no evidence of a relationship between Lewis and Moffett, and Big Tex. Additionally, settlement was made at arm's length negotiations. (Doc. 219 at 7). In regard to the third factor, Plaintiffs did not sue Big Tex, and therefore, this factor also weighs in favor of a good faith finding.

Regarding the fourth factor, the parties indicate settlement was reached in principle on October 27, 2022. The motion was brought before the Court and the release containing the settlement agreement was filed, and therefore accessible to all parties in this case. Additionally, this Court has provided an opportunity for any opposing party to respond. This factor also weighs in favor of a good faith finding.

For these reasons, because all factors weigh in favor of a good faith finding, and seeing no evidence of wrongful conduct, fraud, or collusion, the Court finds the settlement entered between Plaintiffs Lewis, Moffett, and Big Tex was entered into in good faith, and **GRANTS** the motion (Doc. 218). The Court hereby **DISMISSES** with prejudice, the contribution claims made by Hirschbach and Campbell against Big Tex.

### c. Settlement Between Lewis, Moffett, and McGriff Tire

Plaintiffs and McGriff Tire have entered into a settlement whereby McGriff Tire will pay Plaintiffs $150,000, with each Plaintiff to take $75,000 (Doc. 220). The parties argue that the settlement amount is reasonable "in light of the claims asserted, the evidence available, the culpability of other Defendants', and Plaintiffs' and McGriff Tires' assessment of the strengths and weaknesses of their respective claims and defenses." (Doc. 220). Specifically, in support, McGriff argues after the inspection of the subject truck and trailer, which occurred less than two

months prior to the December 13 accident, there was no evidence of mechanical problem. (Doc. 221 at 6). Pre-trip and post-trip inspections throughout the 2 months did not indicate any problems with the brakes. *Id*. Therefore, the parties argue that given the remote possibility McGriff Tire shares any liability for the accident, the settlement amount is in the reasonable range. Pursuant to the parties' arguments, the Court agrees that the amount is reasonable. The first factor weighs in favor of a good faith finding.

Regarding the second factor, the parties indicate there is no evidence of a significant relationship between Plaintiffs and McGriff Tire. (Doc. 221 at 6). The Court agrees and finds there is no evidence of a significant relationship. Regarding the third factor, Plaintiffs did not sue McGriff Tire but rather were brought in as third-party defendants by Defendants. Additionally, regarding the fourth factor, there is no effort to conceal information surrounding their settlement agreement. The motion was brought before the Court and the release containing the settlement agreement was filed, and therefore accessible to all parties in this case. Additionally, this Court has provided an opportunity for any opposing party to respond. The Court finds that the latter three factors weigh in favor of a good faith finding. The Court sees no evidence of fraud, wrongful conduct, or collusion.

For these reasons, because all factors weigh in favor of a good faith finding, the Court finds the settlement entered between Plaintiffs Lewis, Moffett, and McGriff Tire was entered into in good faith, and **GRANTS** the motion (Doc. 220). The Court hereby **DISMISSES** with prejudice, the contribution claims made by Hirschbach and Campbell against McGriff Tire.

### d.  Settlement Between Lewis, Moffett, and Defendants Hirschbach and Campbell

Finally, Defendant Hirschbach and Campbell in conjunction with Plaintiffs Lewis and Moffett request this Court to enter a finding the settlements the parties reached were made in good

faith. Plaintiffs jointly moved with Defendants for the Court to approve the good faith settlements but did not join Defendants' motion to seal the settlement amounts. The Court granted the motion to seal the settlement amounts after no opposition was filed. (Doc. 224). Defendants filed the sealed document notifying the Court of the settlement amounts, which the Court has reviewed. (Doc. 227).

The parties verify and represent that pursuant to the Act that Plaintiffs are familiar with the liability issues that exist in the case, including potential liability and damages in the Third-Party Complaint. Additionally, Plaintiffs represent that the settlement offer is fair, reasonable, and made in good faith. (Doc. 223 at 3, Exhibit B). Pursuant to the Plaintiffs verifications and request that this Court approve settlement for their respective clients, the Court will grant the parties' request. Additionally, the Court upon review of the settlement amount, finds that the amount paid is within the reasonable range of the settlor's fair share pursuant to the first factor. Additionally, the Court finds the settlement negotiations were negotiated at arm's length.

The motion was brought before the Court and the release containing the settlement agreement was filed, and therefore accessible to all parties in this case. This Court has provided an opportunity for any opposing party to respond. Seeing no opposition from the parties, this acts as an admission on the merits. The Court sees no evidence of fraud, wrongful conduct, or collusion. The Court finds these settlements were made in good faith.

Next, the parties request that this Court order the settlements operate as final judgements between Plaintiffs and Defendants consistent under FRCP 54(b). The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial

administration and the equities involved.  *Curtiss-Wright*, 446 U.S. at 8; *General Ins. Co.*, 644 F.3d at 379; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987).  In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 512 (7th Cir. 1987). The parties indicate that "buying their peace between each other is a paramount consideration in entering these settlements." Additionally, no party opposes the parties' request for a judgment under FRCP 54(b). The Court takes into accounts the interests of judicial administration, the parties' agreement and consideration, and finds that there is no just reason for delay.

For these reasons the Court **GRANT**S motion for good faith settlement finding (Doc. 223), finds that these settlements are good faith settlements pursuant to the Act, discharges all tort liability of Lewis and Moffett, and finds there is no just cause for delay by adjudicating these settlements as final judgments under FRCP 54(b).

### IV.    Conclusion

For these reasons the Court:

- **GRANTS** the Motion for Good Faith Finding between Plaintiff Leron Lewis, Jr., Plaintiff Jamal Moffett, and Third Party Defendant Big Tex Manufacturing, LLC (Doc. 218);
- **FINDS** the settlement between Plaintiff Leron Lewis, Jr., Plaintiff Jamal Moffett, and Third Party Defendant Big Tex Manufacturing, LLC was entered into in good faith pursuant to the Illinois Joint Tortfeasor Contribution Act;
- **DISMISSES** with prejudice the contributions claims made by Third Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr., against Big Tex Manufacturing, LLC;
- **GRANTS** the Motion for Good Faith Finding between Plaintiff Leron Lewis, Jr., Plaintiff Jamal Moffett, and Third Party Defendant McGriff Tire Co., Inc. (Doc. 220);
- **FINDS** the settlement between Plaintiff Leron Lewis, Jr., Plaintiff Jamal Moffett, and

Third Party Defendant McGriff Tire Co., Inc. was entered into in good faith pursuant to the Illinois Joint Tortfeasor Contribution Act;

- **DISMISSES** with prejudice the contributions claims made by Third Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr., against McGriff Tire Co., Inc;

- **GRANTS** the Motion for Good Faith Finding between Plaintiff Leron Lewis, Jr., Plaintiff Jamal Moffett, and Defendants Hirschbach Motor Lines, Inc. and Eric Jerome Campbell (Doc. 223);

- **FINDS** the settlements reached between Plaintiff Leron Lewis, Jr., Plaintiff Jamal Moffett, and Defendants Hirschbach Motor Lines, Inc. and Eric Jerome Campbell are both good faith pursuant to the Illinois Joint Tortfeasor Contribution Act;

- **DISMISSES** with prejudice all liability tort liability of Plaintiffs Leron Lewis, Jr. and Brandon Jamal Moffett consistent with 740 ILCS 100/2(d) of the Illinois Joint Tortfeasor Contribution Act;

- **ORDERS** the settlements between Plaintiffs, Leron Lewis, Jr. and Brandon Jamal Moffett, and Defendants, Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr. are final judgments consistent with Federal Rule of Civil Procedure 54(b) because justice would be best served by an adjudication of these settlements as final judgments and there is no just cause for delay in adjudication.

- The remaining claims in this case are the claims in contribution against Datway, LLC, J.B. Hunt Transport Inc., Navistar, Inc., and Bendix Commercial Vehicle Systems LLC.

**IT IS SO ORDERED.**
**Dated: January 9, 2023**

/s/  **J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**