UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LERON LEWIS, JR, <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br> Defendants. <br><br> BRANDON JAMAL MOFFETT, <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br> Defendants/Third Party Plaintiffs, <br><br> v. <br><br> BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, LLC., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, LLC, <br><br> Third Party Defendants. | Case No. 3:20-cv-1355-JPG |

**MEMORANDUM AND ORDER**

### I.     Introduction

This matter comes before the Court on Defendants/Third-Party Plaintiffs Hirschbach

Motor Lines, Inc. ("Hirschbach") and Eric Jerome Campbell Sr. ("Campbell") Rule 37 Motion to

1

Compel the Deposition of J.B. Hunt Transport, Inc. ("J.B. Hunt") witness Jake Hickman, and for leave of Court to take more than ten depositions. (Doc. 238). J.B. Hunt, a Third-Party Defendant in this case, opposes the motion. (Doc. 239).

## II. Background

This case arises out of an accident on December 13, 2020 motor vehicle accident on Interstate 57, where a tractor/trailer operated by Campbell on behalf of Hirschbach was involved with a high speed collision. On or about December 2020 and January 2021, Plaintiff Leron Lewis and Plaintiff Jamal Moffett separately filed complaints against Hirschbach and its driver Campbell related to the motor vehicle accident occurring on December 13, 2020. The court consolidated both of those cases. On November 15, 2021, Defendants Hirschbach and Campbell filed a third-party complaint against nine parties, including Datway LLC ("Datway"), and J.B. Hunt. (Doc. 98). At the time of the accident Datway was transporting cargo brokered by J.B. Hunt.

Hirschbach[1] has settled the claims of Lewis and Moffett. Additionally, certain third-party defendants settled directly with plaintiffs pursuant to findings by this Court that the settlements were made in good faith pursuant to the Joint Tortfeasor Contribution Act. (Docs. 210, 229). The remaining third-party defendants in this case are J.B. Hunt, Datway, Navistar Inc., and Bendix Vehicle Systems, LLC. Hirschbach's third-party complaint against J.B. Hunt alleged joint enterprise, *respondeat superior*, and negligent hiring, retention and supervision of Datway. The Court granted J.B. Hunt's motion for judgment on the pleadings on joint enterprise and *respondeat superior* on October 20, 2022. (Doc. 205). Therefore, the only claim pending against J.B. Hunt is the negligent hiring, retention, and supervision claim of Datway.

Here, Hirschbach wishes to depose Jake Hickman, a Capacity Procurement Representative

---

[1] The Court will refer to Hirschbach instead of both Hirschbach and Campbell for ease of reference.

("CPR") for J.B. Hunt. Hirschbach argue that Mr. Hickman's testimony is relevant and proportional to the negligent hiring, retention, and supervision claim. Mr. Hickman was the designated J.B. Hunt company contact for Datway for a haul one month prior to the accident. The Third-Party Complaint against J.B. Hunt alleges that on November 11, 2020, J.B. Hunt dispatched Datway to transport a load from Nashville, Tennessee to Largo, Florida on behalf of Lowes. (Doc. 98 at ¶ 136). Hirschbach alleges that during the November 11, 2020 load, Datway engaged in "team driving" without a sleeper berth, in violation of federal Hours of Service and Record of Duty Status regulations. (Doc. 98 at ¶ 137). According to Carrier Confirmation for this cargo, Mr. Hickman was the J.B. Hunt contact for this load. (Doc. 239 at 2).

J.B. Hunt argues that Mr. Hickman's testimony is not likely to lead to the discovery of relevant evidence and is unreasonably cumulative or duplicative of Olivia Berghuis (a CPR at J.B. Hunt, and the individual who brokered the load that is the subject of this accident and lawsuit. Additionally, J.B. Hunt argues Hirschbach has had ample opportunity to obtain this information through other discovery in this case. Additionally, J.B. Hunt argues that, at a minimum, Hirschbach should take the deposition of the corporate representative, Vanessa Hernandez, before conducting the deposition of Mr. Hickman. J.B. Hunt indicates that Ms. Hernandez is the most knowledgeable and can speak for the corporation.

### III. Analysis

When ruling on a discovery issue, the Court's role is to keep the parties within the following bounds:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  On a motion to compel, the movant must establish that the discovery at issue is relevant. *Bell v. Pension Comm. of ATH Holding Co.*, LLC 330 F.R.D. 517, 520 (S.D. Ind. Jun. 14, 2018). Federal courts permit liberal discovery, and "the party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Peppers v. Credit One Bank, N.A.*, No. 17-2190, 2018 WL 8244003, at *2 (C.D. Ill. Dec. 21, 2018) (citations omitted). See *also Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. Dec. 1, 2004) ("Courts commonly look unfavorably upon significant restrictions placed upon the discovery process").

Moreover, in considering whether to allow parties to depose witnesses beyond the limit of ten, the Court must decide whether allowing additional depositions is proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The Court must also consider whether the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2). The party seeking to take additional depositions must make a particularized showing for the need for such deposition. *Farris v. Kohlrus*, No. 17-cv-3279, 2020 WL 10691950, at *3 (C.D. Ill. June 12, 2020) (citations omitted).

Here, there are allegations in the Third-Party Complaint alleging that during the November 11, 2020 load, for which Mr. Hickman was the J.B. Hunt contact, Datway engaged in "team driving" without a sleeper berth, in violation of federal Hours of Service and Record of Duty Status regulations. (Doc. 98 at ¶ 137). In light of the Court's directive to permit liberal discovery, and the fact that Mr. Hickman was the sole J.B. Hunt contact for a load cited in the Third-Party Complaint,

the Court will allow Mr. Hickman's deposition. Additionally, Mr. Hickman is the only witness identified with potential direct knowledge of this load.

J.B. Hunt argues that Mr. Hickman's deposition is not likely to lead to discovery of relevant evidence. J.B. Hunt argues that Mr. Hickman's knowledge does not relate to negligent hiring, selection, or retention of Datway, the contact between J.B. Hunt and Datway puts the onus of hours of service and condition of equipment on the carrier, and therefore Datway. However, the Court agrees that liberal discovery rules allow Hirschbach to question him as to his knowledge of this load, or communications between J.B. Hunt and Datway that could be relevant to the claim at issue.

Additionally, J.B. Hunt argues that CPRs do not have information regarding the carrier or driver's compliance. (Doc. 239 at 4). Again, as a potential fact witness, Hirschbach will be allowed to question Mr. Hickman regarding his knowledge of the load. Both parties can question and examine Mr. Hickman regarding the extent of his knowledge and basis of the allegations in the third-party complaint.

J.B. Hunt further argues that Mr. Hickman, in a declaration attached to J.B. Hunt's response, stated he has no recollection of the November load. However, a declaration at this stage is insufficient and factually undeveloped. *Kostovetsky v. Ambit Energy Holdings, LLC*, 242 F. Supp. 3d 708, 715 (N.D. Ill. 2017) (if a plaintiff "denie[s] receiving [a] letter, his sworn denial would rebut the presumption [of delivery] for summary judgment purposes and create a factual dispute that the jury would need to resolve."); *see In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988) ("[D]enial of receipt alone does not rebut the presumption, but merely creates a question of fact.").

Additionally, J.B. Hunt argues that, at a minimum, the deposition of Vanessa Hernandez,

J.B. Hunt's 30(b)(6) corporate witness should be required before completing with the deposition of Mr. Hickman. The Court agrees here. The Court believes that Ms. Hernandez should be deposed regarding topics proper for a corporate representative, and Mr. Hickman's deposition should be taken as a fact witness. Lastly, J.B. Hunt argues that while a single deposition is not burdensome, it may require travel to Arkansas to prep Mr. Hickman. However, as J.B. Hunt agrees, such preparation may be done remotely, lessening the burden of the deposition. Additionally, to reduce the burden on Mr. Hickman and J.B. Hunt, the Court shall limit the deposition of Mr. Hickman to four (4) hours.

Additionally, considering the request regarding an additional deposition, the Court will grant the motion. In consideration of all the factors set above, the Court will authorize Mr. Hickman's deposition. However, insofar as additional depositions, Hirschbach must file a motion to seek leave to obtain other depositions.

### IV. Conclusion

Based on the foregoing, the Court:

- **GRANTS IN PART AND DENIES IN PART** Defendants Third-Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell Sr.'s Rule 37 Motion to Compel the Deposition of Jake Hickman, and Leave of Court to take more than ten Rule 30 depositions. Mr. Hickman's deposition must be conducted after the deposition of Vanessa Hernandez, will be limited to his knowledge as a fact witness, and shall be limited to four (4) hours. Additionally, Hirschbach and Campbell have leave only to conduct the deposition of Mr. Hickman beyond the ten deposition limit and additional depositions must be requested with leave of Court.

**IT IS SO ORDERED.**
**Dated: April 19, 2023**

                                              <u>/s/  J. Phil Gilbert</u>
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**