UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LERON LEWIS, JR, <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br> Defendants. <br><br> BRANDON JAMAL MOFFETT, <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPELL, SR., <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, L.L.C., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, L.L.C., <br><br> Third-Party Defendants. | Case No. 3:20-cv-1355-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a Joint Motion for Good Faith Finding by Datway, L.L.C., Eric Jerome Campbell, Sr., Hirschbach Motor Lines, Inc. (Doc. 283). Being duly advised in the premises, having fully considered the issues and arguments raised, the Court **FINDS**

1

settlement was entered in good faith, **GRANTS** the Joint Motion for Order of Good Faith Finding (Doc. 283), **DISMISSES WITH PREJUDICE** the contribution claims made by Third-Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell Sr. against Datway, L.L.C.

## I.  BACKGROUND

On or about December 2020 and January 2021 Plaintiff Leron Lewis and Plaintiff Jamal Moffett filed complaints against Defendants Hirschbach Motor Lines, Inc., ("HML") and its driver Eric Jerome Campbell Sr. related to a motor vehicle accident occurring on December 13, 2020. The court consolidated both of those cases. On November 15, 2021, Defendants HML and Campbell filed a third-party complaint against nine parties, including Datway, L.L.C ("Datway").

This is a joint motion by Third-Party Plaintiffs HML, Campbell, and Third-Party Defendant Datway, requesting this Court issue a finding that a settlement was entered into in good faith. Based on the briefings, Datway has settled with HML and Campbell for a total of $950,000 to be paid by Datway and Datway's insurer Progressive Specialty Insurance Company. No other parties have objected to this motion and the time for doing so has expired. The parties request the Court dismiss with prejudice the contribution claims made by Third-Party Plaintiffs HML and Campbell against Datway.

## II.  LEGAL STANDARD

Whether a settlement was made in good faith pursuant to the Joint Tortfeasor Contribution Act (the "Act") depends on several factors. The Act creates a statutory right of contribution "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death ...." 740 ILCS 100/2(a). The right of

contribution "exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share." 740 ILCS 100/2(b). The tortfeasor who settles in good faith with a claimant is discharged from all liability for any contribution to any other tortfeasor. 740 ILCS 100/2(c), (d).

"The 'good faith' of a settlement is the only limitation which the Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 203 Ill.2d 121, 271 Ill.Dec. 258, 784 N.E.2d 812, 818 (2003). The Illinois Supreme Court has held that a settlement is not in good faith if: (1) the settling parties engaged in wrongful conduct, collusion, or fraud; or (2) the settlement conflicts with the terms of the Act or is inconsistent with the policies underlying the Act. *Id.*, 271 Ill.Dec. 258, 784 N.E.2d at 821.

To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was 'within the reasonable range of the settlor's fair share;'" (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." *Wreglesworth v. Arctco, Inc.*, 317 Ill.App.3d 628, 251 Ill.Dec. 363, 740 N.E.2d 444, 449 (2000). "No single factor is seen as determinative." *Id*. Whether a settlement was made in good faith is determined by considering all of the surrounding circumstances. *Dubina v. Mesirow Realty Development, Inc.*, 197 Ill.2d 185, 258 Ill.Dec. 562, 756 N.E.2d 836, 840 (2001).

Here, Third-Party Plaintiffs HML and Campbell, and Third-Party Defendant Datway indicate that the settlement is in good faith. Regarding the first factor—whether the amount settled being within the reasonable range of fair share—in light of the significant damages

alleged from this incident, the Court finds the amount is within a reasonable range.

Regarding the second factor—whether there was a close personal relationship between the settling parties—the Court finds no evidence of any personal relationship between any of the settling parties. Settlement negotiations were held between the parties and counsel. Neither Third-Party Plaintiffs indicated any interactions with Datway.

Regarding the third factor—whether Lewis and Moffet sued Datway—neither of the Plaintiffs sued Datway. Thus, this factor weighs in favor of a good faith finding.

Regarding the fourth factor—whether a calculated effort was made to conceal information surrounding the settlement agreement—the Court finds that the parties have also satisfied this factor and weighs in favor of good faith finding.

As a finding of good faith depends upon the totality of the circumstances, and all factors point to a good faith finding, there is sufficient evidence to support a finding that HML, Campbell, and Datway have made a *prima facie* showing of a good faith settlement.

For these reasons, the Court **FINDS** the settlement was entered in good faith, **GRANTS** the Joint Motion for Order of Good Faith Finding (Doc. 283), **DISMISSES WITH PREJUDICE** the contribution claims made by Third-Party Plaintiffs Hirschbach Motor Lines, Inc. and Eric Jerome Campbell Sr. against Datway, L.L.C.

**IT IS SO ORDERED.**
**Dated: April 5, 2024**

                                                    *s/ J. Phil Gilbert*
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**