**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT ILLINOIS**

| | |
|---|---|
| LERON LEWIS, JR,             ) | |
|         ) | |
|         Plaintiff,   ) | |
|         ) | No. 3:20-CV-1355-RJD |
|         ) | Lead Case |
|         v.       ) | |
|         ) | |
| HIRSCHBACH MOTOR LINES, INC. and ERIC   ) | |
| JEROME CAMPBELL, SR.,   ) | |
|         ) | |
|         Defendants.   ) | |

LERON LEWIS, JR,                                     )

                )

           Plaintiff,    )

                )      No. 3:20-CV-1355-RJD

                )      Lead Case

     v.             )

                )

HIRSCHBACH MOTOR LINES, INC. and ERIC )

JEROME CAMPBELL, SR.,         )

                )

           Defendants.    )

BRANDON JAMAL MOFFETT,                    )

                )

           Plaintiff,    )

                )      No. 3:21-CV-0001-RJD

                )      Consolidated with 20 CV 1355

     v.             )

                )

HIRSCHBACH MOTOR LINES, INC. and ERIC )

JEROME CAMPBELL, SR.,         )

                )

           Defendants.    )

_____ )

HIRSCHBACH MOTOR LINES, INC. and ERIC )

JEROME CAMPBELL, SR.,         )

                )

        Defendants/Third Party Plaintiffs,  )

                )

     v.             )

                )

BRANDON JAMAL MOFFETT, LERON LEWIS, JR., )

DATWAY LLC, MOTOR CARRIER CONSULTANTS, LLC. )

J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE )

CO., INC., NAVISTAR, INC., BENDIX )

COMMERCIAL VEHICLE SYSTEMS LLC,  and )

BIG TEX TRAILER MANUFACTURING, LLC, )

                )

        Third Party Defendants,    )

**DEFENDANTS/THIRD-PARTY PLAINTIFFS, HIRSCHBACH MOTOR LINES AND ERIC JEROME CAMPBELL, SR.'S FOURTH AMENDED THIRD-PARTY COMPLAINT AGAINST NAVISTAR, INC. AND BENDIX COMMERCIAL VEHICLE SYSTEMS LLC**

1

NOW COME Defendants/Third-Party Plaintiffs, HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., by MATTHEW S. HEFFLEFINGER and DEVIN M. TASEFF of CHARTWELL LAW OFFICES, pursuant to Federal Rule of Civil Procedure 14, and for their Fourth Amended Third-Party Complaint against Navistar, Inc. and Bendix Commercial Vehicle Systems LLC, state as follows:

## COUNTS

- **COUNT I:**    NEGLIGENCE AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC AND NAVISTAR, INC. (IN CONTRIBUTION) (PREVIOUSLY PLED AS COUNT XI)

- **COUNT II:**    STRICT TORT LIABILITY AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC AND NAVISTAR, INC. (IN CONTRIBUTION) (PREVIOUSLY PLED AS COUNT XII)

## PARTIES

1. Navistar, Inc. (hereinafter "Navistar") is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Illinois.

2. Bendix Commercial Vehicle Systems LLC (hereinafter "Bendix") is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Ohio.

3. Hirschbach Motor Lines, Inc. (hereinafter "Hirschbach") is a corporation organized under the laws of the State of Iowa, with its principal place of business in the State of Iowa.

4. Eric Jerome Campbell, Sr. (hereinafter "Campbell") is a citizen of the State of Florida.

## JURISDICTION STATEMENT

5. Pursuant to 28 U.S. Code § 1332, this Court has proper jurisdiction because all parties are diverse and the controversy exceeds seventy-five thousand dollars, exclusive of interest and costs.

6.      Pursuant to 28 U.S. Code § 1331, this Court has proper jurisdiction because this action arises under the Constitution and Laws of the United States.

## VENUE

7.      Venue is proper in this Court pursuant to 28 U.S. Code § 1391(b)(2), as a substantial part of the events or omissions giving rise to the subject accident occurred in this district.

## FACTS COMMON TO ALL COUNTS

8.      On December 13, 2020, and for at least six days prior thereto, Plaintiffs, Lewis and Moffett, operated a 2017 Chevrolet Silverado 3500 Series truck (hereinafter "vehicle") and a 2019 Big Tex "Gooseneck" Trailer (hereinafter "trailer") on behalf of Third-Party Defendant, Datway LLC.

9.      On or about December 13, 2020, Lewis and Moffett operated the vehicle and trailer on a public highway known as southbound I-57, at or near milepost 65.2, in an active construction zone, in Browning Township, Franklin County, Illinois.

10.      On or about the aforesaid time, Lewis and Moffett were utilizing the vehicle and trailer for the purpose of hauling freight in interstate commerce and in the course and scope of their employment with Datway.

11.      On or about the aforesaid time, Lewis and Moffett negligently operated the vehicle and trailer such that they were illegally parked and occupying the right lane of travel of southbound I-57.

12.      On or about the aforesaid time, Campbell was operating a 2019 International tractor in the right lane of southbound I-57, and collided with the rear end of the trailer illegally parked and occupying said lane, and Plaintiffs Lewis and Moffett suffered alleged personal injuries and property damage thereby.

3

13.     On December 21, 2020, Plaintiff Leron Lewis, a citizen of Alabama, filed a Complaint naming Hirschbach and Campbell as Defendants, Case No. 3:20-cv-1355.

14.     Lewis' Complaint alleged negligence against Campbell (Count I) for operating the truck in a negligence manner, negligence against Hirschbach (Count II) under the *respondeat superior* doctrine, and direct negligence against Hirschbach (Count III) for failing to act reasonably in hiring, training, and retaining Campbell. (3:20-cv-1355, Doc. 1)

15.     On January 4, 2021, Plaintiff Brandon Moffett, a citizen of Alabama, filed a Complaint naming Hirschbach and Campbell as Defendants, Case No. 3:21-cv-0001. This case was then consolidated with Case No. 3:20-cv-1355.

16.     Brandon Moffett's Complaint alleged negligence and negligence *per se* against Defendant Campbell (Count I) for operating his truck in a dangerous and negligent manner, negligence against Hirschbach (Count II) under the doctrine of *respondeat superior*.  (3:21-cv-00001, Doc. 1).

17.     Defendants/Third-Party Plaintiffs Hirschbach and Campbell filed Answers denying all material allegations and maintain said denials at this time.

18.     On August 24, 2021, Plaintiff/Third-Party Defendant Moffett executed a Full and Final Release of Defendant/Third-Party Plaintiffs Hirschbach and Campbell in resolution of any and all property damage claims arising out of the impact with the 2017 Chevrolet Silverado 3500 and 2019 Big Tex Trailer totaling $56,382.82, which explicitly preserved Hirschbach and Campbell's rights to pursue pro-rata contribution from any other tortfeasor, including Bendix and Navistar, under the Illinois Joint Tortfeasor Contribution Act. 740 ILCS 100/1 et seq.

4

19.    On November 13, 2021, Defendants/Third-Party Plaintiffs Hirschbach and Campbell filed their initial Third-Party Complaint (3:20-cv-1355, Doc. 98) against Lewis, Moffett, Datway LLC, Motor Carrier Consultants, LLC., J.B. Hunt Transport, Inc., McGriff Tire Co., Inc., Bendix, Navistar and Big Tex Trailer Manufacturing, LLC, pursuant to the Illinois Joint Tortfeasor Contribution Act 740 ILCS 100/*et seq.* and was alleged in the alternative to those denials.

20.    On or about January 2023, Plaintiffs/Third-Party Defendants Lewis and Moffett entered into a confidential settlement with Defendants/Third-Party Plaintiffs Hirschbach and Campbell and executed full and final releases in resolution of any and all personal injury claims.

21.    Thereafter, Plaintiffs/Third-Party Defendants Lewis and Moffett settled all claims against Motor Carrier Consultants, LLC, McGriff Tire Co., Inc., and Big Tex Trailer Manufacturing, LLC. Third-Party Defendant J.B. Hunt Transport, Inc. was dismissed with prejudice via stipulation on June 8, 2023, and Defendants/Third-Party Plaintiffs Hirschbach and Campbell resolved all claims with against Datway at mediation on January 22, 2024.

22.    All aforesaid settlements have since received good faith findings from this Court, leaving only Bendix and Navistar as third-party defendants in the contribution claims asserted by Hirschbach and Campbell. Notwithstanding the aforesaid settlements and/or dismissals, Defendants/Third-Party Plaintiffs Hirschbach and Campbell maintain their denials of the material allegations of Plaintiffs Lewis and Moffett Complaints.

23.    On January 11, 2024, Defendants/Third-Party Plaintiffs Hirschbach and Campbell filed an *Amended* First Amended Third-Party Complaint, of which Bendix (later joined by Navistar), moved to dismiss all counts thereagainst pursuant to Federal Rules of Civil Procedure 12(b)(6). (3:20-cv-1355, Docs. 269, 276). After full briefing of the Parties, on September 19, 2024, this Court

entered a memorandum and order denying Bendix's Motion to Dismiss, mooting all other pending Motions in the case, and ordering Defendants/Third-Party Plaintiffs to file their Fourth Amended Third-Party Complaint on or before September 26, 2024. (3:20-cv-1355, Doc. 291).

### ADDITIONAL FACTS COMMON TO ALL COUNTS

### COUNT I – NEGLIGENCE AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC AND NAVISTAR, INC. (IN CONTRIBUTION)

### COUNT II – STRICT TORT LIABILITY AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC. AND NAVISTAR, INC. (IN CONTRIBUTION)

24.    Hirschbach and Campbell repeat and reallege Paragraphs 1 through 23 as if the same were fully set forth herein.

25.    Navistar is a Delaware Corporation with its principal place of business located in Lisle, Illinois. Navistar manufactures and distributes Class 4-8 trucks and buses in the common carrier, primary carrier, government, leasing, construction, energy/petroleum, and student and commercial transportation markets for both interstate and intrastate commerce purposes.

26.    Bendix is a Delaware Limited Liability Company with its principal place of business located at Avon, Ohio. Bendix Commercial Vehicle Systems offers a number of component parts and systems for trucks and trailers, including antilock brake systems, stability systems, steering, advanced driver assistance systems, valves, accident mitigation/avoidance systems and complete wheel–end solutions.

27.    Navistar manufactured a 2019 International tractor Model LT625 6x4, VIN #3HSDZTZR7KN121541 ("the subject Tractor"). The International tractor was ordered from Thompson Truck & Trailer, LLC. on or about March 22, 2018 and was delivered to Hirschbach on or about September 12, 2018 which included the Bendix Wingman Fusion System.

6

28.    Upon information and belief, Navistar properly installed the Bendix Wingman Fusion System prior to the subject Tractor being delivered to Hirschbach on or about September 12, 2018.

29.    Hirschbach entered into an Independent Contractor Service Agreement on August 19, 2020 under which Campbell, operating under EJC Transport and Logistics, LLC., agreed to transport freight under the DOT operating authority granted to Hirschbach. Under said Independent Contractor Services Agreement, Campbell, operating through EJC Transport and Logistics, LLC., was to provide truck driving services utilizing Hirschbach Unit #29192, the subject Tractor.

30.    Title to the subject Tractor was taken by G. R. Equipment Leasing, Inc., d/b/a Next Level Leasing, Inc., and was leased to EJC Transport and Logistics, LLC. subsequent to Campbell entering into the Independent Contractor Service Agreement on or about August 18, 2020.

31.    As alleged in Answers filed to the Complaints of Plaintiffs Lewis and Moffett, Campbell was a statutory employee pursuant to 49 CFR Section 390.5 at or about the time of the accident occurring on or about December 13, 2020.

32.    The subject Tractor was equipped with a Bendix Wingman Fusion System, which included a Fusion radar, Fusion camera, Safety Direct Processor and Fusion brake controller.

33.    The Bendix Wingman Fusion System was designed, manufactured, supplied, distributed and/or sold by Bendix and Navistar.

34.    At all material times herein, the Bendix Wingman Fusion System was properly maintained by Hirschbach and was in good working order on or about December 13, 2020 given the maintenance practices engaged in by Hirschbach along with no fault codes triggered which

7

indicate that the Bendix Wingman Fusion System was not malfunctioning or behaving in an unusual fashion prior to the accident events occurring.

35.    Campbell, who was operating under EJC Transport and Logistics, LLC., and Hirschbach, were in the class of persons that Bendix and Navistar should have reasonably foreseen may be subject to harm caused by the defective design and/or manufacturer of the subject Tractor, including its Bendix Wingman Fusion System.

36.    During product development and/or testing of the Wingman Fusion System, on or about April 2, 2015, Navistar performed independent test drives of the same, during which time the Wingman Fusion System failed to detect a stationary pickup truck/utility trailer combination ahead of the same approximately 30-50 percent of the time, resulting in the complete failure of its stationary braking system to engage in each instance.

37.    On or about the same date, Navistar sent correspondence documenting said detection and braking failures to Bendix Wingman Fusion Lead Engineer, William Amato.

38.    Despite having actual knowledge of these detection and braking failures, Bendix (1) performed no further product testing of the Wingman Fusion System to specifically address Navistar's concerns, (2) classified the issue as "benign" in internal memoranda, and (3) determined to launch the Wingman Fusion System as scheduled and with current functionality.

39.    On or about July 2015, Navistar sent email correspondence to Bendix representatives with additional complaints regarding the performance of the Wingman Fusion System, including but not limited to the radar cone of vision being too narrow, necessitating the target vehicle ahead to be positioned directly in front of the radar sensor to properly detect and alert to the same.

40.     On or about October 2015, Bendix performed a competitor comparison of then-existing collision avoidance/mitigation systems in the marketplace, including but not limited to the Detroit Assurance 2.0-4.0 and/or Meritor WABCO OnGuard Collision systems.

41.     As a result of said competitor comparison, Bendix and Navistar had actual or constructive knowledge of reasonably feasible alternative designs of radar, camera, and/or algorithmic components that would have detected the presence of a 2017 Chevrolet Silverado 3500 and 2019 Big Tex Trailer containing two 20 foot long overseas containers illegally stopped within the driving lane for Interstate 57 Southbound, all of which was or should have been known as reasonably foreseeable to Bendix and Navistar, and properly warned driver Campbell at such a time where corrective action could have been taken.

42.     At all relevant times, Bendix and Navistar had a duty to exercise reasonable care and to comply with existing design standards of care which include designs for reasonably foreseeable events, such as that which existed during the morning of December 13, 2020, in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the subject Tractor including its Bendix Wingman Fusion System, which Bendix and Navistar introduced into the stream of commerce.

43.     At all relevant times, Bendix and Navistar had a duty to warn its users and consumers of the risks and dangers associated with the subject Tractor, including its Bendix Wingman Fusion System, that the system design could not eliminate, design out or guard against.

44.     At all relevant times, Bendix and Navistar knew or reasonably should have known that the subject Tractor, including its Bendix Wingman Fusion System, was dangerous and defective when used as directed and as designed for this reasonably foreseeable event(s).

9

45. The subject Tractor, including its Bendix Wingman Fusion System, was defective in design, formulation and construction, and was dangerous when it left the hands of Bendix and Navistar and reached Campbell, operating under EJC Transport and Logistics, LLC., and Hirschbach without substantial alteration in the condition in which it was sold.

46. Bendix and Navistar marketed and advertised the Bendix Wingman Fusion System as a next generation advanced safety technology that provided a comprehensive driver assistance system that was more powerful than the other safety system technology combinations in the North American commercial vehicle marketplace at all relevant times herein, is the primary reason Hirschbach purchased the Bendix Wingman Fusion System.

47. Bendix and Navistar represented and advertised that the Bendix Wingman Fusion System's technical advances delivered, among other things, stationary vehicle braking and/or alerts to the commercial motor vehicle driver. The Bendix Wingman Fusion System was marketed, promoted and designed to alert a driver or engage the autonomous accident mitigation braking up to 3 or 3.5 seconds before an impact.

48. Bendix and Navistar marketed, promoted and designed the Bendix Wingman Fusion System to detect objects, moving and stationary, within a range of 22 degrees and 500 feet away.

49. Bendix and Navistar marketed, promoted and designed the Bendix Wingman Fusion System to create a viewing angle of 42 degrees when the radar and camera worked together, specifically advertising and marketing that the system detects objects visually much like a driver's eyes and is highly effective at determining the size, lane position, and critical characteristics of an object.

50.    Bendix and Navistar marketed, promoted and designed the Bendix Wingman Fusion System such that a driver would receive audible and visual alerts up to 3.0 seconds before potential impact when a large metallic object may be blocking a lane of travel.

51.    At the time of the subject accident occurring on December 13, 2020, the circumstances and positioning of the vehicle, the trailer and the subject Tractor described herein was reasonably foreseeable or should have been known as reasonably foreseeable to Bendix and Navistar at or about the time of the subject incident.  The subject Tractor, including its Bendix Wingman Fusion System, was defective when used as directed in the design due to, but not limited to, the following:

(a)    Failed to detect the 2017 Chevrolet Silverado 3500 and 2019 Big Tex Gooseneck Trailer containing two 20 foot long overseas containers illegally stopped within the driving lane along Interstate 57 Southbound at or about the time of the accident;

(b)    Failed to timely alert and/or properly warn driver Campbell of the presence of the 2017 Chevrolet Silverado 3500 and 2019 Big Tex Trailer containing two 20 foot overseas containers while illegally stopped in the driving lane for Interstate 57 Southbound so as to avoid the subject accident or mitigate any damages resulting therefrom;

(c)    Failed to timely and/or properly engage the passive accident mitigation technology to avoid the subject accident or mitigate any damages resulting therefrom;

(d)    Failed to provide appropriate "forward accident" warnings to drivers such as Campbell when confronted with the presence of a 2017 Chevrolet Silverado 3500 and 2019 Bix Tex trailer containing two 20 foot long overseas containers illegally stopped within the driving lane for Interstate 57 Southbound;

(e)    Failed to timely provide "forward accident" warnings to drivers such as Campbell when confronted with the presence of a 2017 Chevrolet Silverado 3500 and 2019 Big Tex Trailer containing two 20 foot long overseas containers illegally stopped within the driving lane for Interstate 57 Southbound;

11

(f)     Failed to warn, either orally or in writing, that the Bendix Wingman Fusion System would not engage or engage at such a time where no corrective action could be taken by a driver when a stationary object would be blocking a lane of travel;

(g)     Failed to warn, either orally or in writing, that the Bendix Wingman Fusion System would not engage or engage at such a time where no corrective action could be taken where a stationary object was occupying approximately half of the travel lane;

(h)     Failed to warn, either in writing or orally, that the Bendix Wingman Fusion System would not engage or would engage at such a time where no corrective action could be taken by a driver with the presence of a grade being travelled upon and where a stationary object would be blocking a lane of travel;

(i)     Failed to warn, either in writing or orally, that the Bendix Wingman Fusion System would not engage or would engage at such a time where no corrective action could be taken by a driver when operating at highway speeds;

(j)     Failed to warn, either in writing or orally, that the Bendix Wingman Fusion System would not engage or would engage at such a time where no corrective action could be taken by a driver who is operating a semi-tractor trailer at 50 mph or greater;

(k)     Failed to warn, either in writing or orally, that the Bendix Wingman Fusion System performance efficacy would decrease with higher speeds being traveled by semi-tractor trailers, particularly speeds greater than 50 mph;

(l)     Failed to warn, either in writing or orally, that the Bendix Wingman Fusion System would not engage or would engage at such time where no corrective action could be taken by a driver when operating at night or in circumstances of limited illumination and/or visibility;

(m)     Failed to warn, either in writing or orally, that the Bendix Wingman Fusion System provided limited audio and/or visual warnings alerting a driver to a hazard ahead;

(n)     Failed to provide sufficient audio and/or visual cues alerting a driver to a hazard ahead;

12

(o)     Failed to equip the Bendix Wingman Fusion System with reasonably feasible alternative radar, camera, and/or algorithmic components that would have detected the presence of a 2017 Chevrolet Silverado 3500 and 2019 Big Tex Trailer containing two 20 foot long overseas containers illegally stopped within the driving lane for Interstate 57 Southbound, and properly warned driver Campbell at such a time where corrective action could have been taken;

(p)     Improperly equipped the Bendix Wingman Fusion System with a 24 GHz radar component which provided limited performance regarding the radar cone being too narrow and the radar's reach being limited to no greater than 500 feet when other competitors in the marketplace were utilizing 77 GHz radar units which provided a greater radar cone of vision and far greater reach, which limited the ability of the Bendix Wingman Fusion System to detect stationary objects blocking a lane of travel or portions of a lane of travel;

(q)     Failed to provide drivers such as Campell in the 144-page Bendix Wingman Fusion Operator's Manual with proper warnings regarding its performance limitations in detecting the presence of a 2017 Chevrolet Silverado 3500 and 2019 Big Tex Trailer containing two 20 foot long overseas containers illegally stopped within the driving lane for Interstate 57 Southbound, such that reasonably foreseeable drivers such as Campbell would comprehend and appreciate the risks associated with operating the Bendix Wingman Fusion System at highway speeds;

52.     The subject Tractor, including its Bendix Wingman Fusion System, was designed, manufactured and distributed by Bendix and Navistar and was dangerous and defective beyond the extent contemplated by ordinary consumers with ordinary knowledge regarding these products, including drivers of commercial motor vehicles.

53.     The subject Tractor, including its Bendix Wingman Fusion System, was defective due to inadequate warnings and/or instructions describing the system's limitations that should have been provided to its consumers in a practical manner for drivers of commercial motor vehicles.

**COUNT I- NEGLIGENCE AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC AND NAVISTAR, INC. (IN CONTRIBUTION)**

13

54.     Hirschbach and Campbell repeat and reallege Paragraphs 1 through 53 as if the same were fully set forth herein.

55.     Bendix and Navistar knew, or in the exercise of reasonable care should have known, that the subject Tractor, including its Bendix Wingman Fusion System, and its related equipment, component parts, warning labels and constituents, was a product of such a nature that if it was not properly manufactured, designed, controlled, assembled, compounded, tested, inspected, packaged, labeled, or fabricated, constructed, analyzed, instructed, warned, distributed, supplied, maintained, repaired, serviced, merchandized, recommended, advertised, promoted, marketed, sold, or leased for the use and purpose which it was intended, it was likely to injure individuals and expose individuals to a reasonably foreseeable risk of harm.

56.     Bendix and Navistar negligently and carelessly manufactured, programmed (algorithm), designed, controlled, assembled, compounded, tested or failed to test, or tested inadequately, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, instructed, warned or failed to warn, distributed, supplied, serviced, maintained, repaired, merchandized, recommended, advertised, promoted, marketed, sold and/or installed on the subject Tractor, including its Bendix Wingman Fusion System, and its related equipment, component parts, warning labels and constituents.

57.     As a direct and proximate result of one or more of the foregoing negligent acts, Moffett and Lewis claim injury and damages in the above-captioned cause.

58.     At the time Lewis and Moffett were allegedly injured, there was in full force and effect in the State of Illinois a statute known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/100.01 *et seq.*, which provides contribution between and among joint tortfeasors.

14

59.    At the time this Fourth Amended Third-Party Complaint is filed, Lewis and Moffett have settled all claims with Hirschbach and Campbell in good faith, in which Hirschbach and Campbell paid, and/or was paid by others on their behalf, significantly more than their pro rata share of common liability arising out of said accident and alleged injuries, due to the negligent acts and/or omissions of Bendix and/or Navistar, in whole or in part.

WHEREFORE, Defendants/Third Party Plaintiffs, ERIC JEROME CAMPBELL, SR. and HIRSCHBACH MOTORS LINES, INC., pray for entry of a judgment in their favor and against the Third-Party Defendants, BENDIX COMMERCIAL VEHICLE SYSTEMS LLC and NAVISTAR, INC. under Count I of its Fourth Amended Third Party Complaint for Contribution commensurate with the proportionate fault of Third Party Defendants, BENDIX COMMERCIAL VEHICLE SYSTEMS LLC and NAVISTAR, INC. and to the extent permitted by law.

**DEFENDANTS/THIRD PARTY PLAINTIFFS DEMAND TRIAL BY JURY**

**COUNT II- STRICT TORT LIABILITY AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC AND NAVISTAR, INC. (IN CONTRIBUTION)**

60.    Hirschbach and Campbell repeat and reallege Paragraphs 1 through 59 as if the same were fully set forth herein.

61.    The subject Tractor, which was designed, manufactured and distributed by Bendix and Navistar, was defective in its design, manufacture, warnings at the time it left the possession of Bendix and Navistar causing the subject Tractor, including its Bendix Wingman Fusion System and its component parts, to be in a defective condition that made it dangerous and unsafe for its intended uses.

62.    As a direct and proximate result of one or more of the foregoing negligent acts, Moffett and Lewis claim injury and damages in the above-captioned cause.

63.     At the time Lewis and Moffett were allegedly injured, there was in full force and effect in the State of Illinois a statute known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/100.01 *et seq.*, which provides contribution between and among joint tortfeasors.

64.     At the time this Fourth Amended Third-Party Complaint is filed, Lewis and Moffett have settled all claims with Hirschbach and Campbell in good faith, in which Hirschbach and Campbell paid, and/or was paid by others on their behalf, significantly more than their pro rata share of common liability arising out of said accident and alleged injuries, due to the negligent acts and/or omissions of Bendix and/or Navistar, in whole or in part.

WHEREFORE, Defendants/Third Party Plaintiffs, ERIC JEROME CAMPBELL, SR. and HIRSCHBACH MOTORS LINES, INC., pray for entry of a judgment in their favor and against the Third-Party Defendants, BENDIX COMMERCIAL VEHICLE SYSTEMS LLC and NAVISTAR, INC. under Count II of its Fourth Amended Third Party Complaint for Contribution commensurate with the proportionate fault of Third Party Defendants, BENDIX COMMERCIAL VEHICLE SYSTEMS LLC and NAVISTAR, INC. and to the extent permitted by law.

**DEFENDANTS/THIRD PARTY PLAINTIFFS DEMAND TRIAL BY JURY**

HIRSCHBACH MOTOR LINES INC and
ERIC JEROME CAMPBELL, SR.


By:_____/s/____Matthew S. Hefflefinger_____
CHARTWELL LAW
Matthew S. Hefflefinger - ARDC # 6201281
Devin M. Taseff – ARDC # 6333448

16

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I electronically filed the foregoing DEFENDANTS/THIRD-PARTY PLAINTIFFS, HIRSCHBACH MOTOR LINES AND ERIC JEROME CAMPBELL, SR.'S FOURTH AMENDED THIRD-PARTY COMPLAINT AGAINST NAVISTAR, INC. AND BENDIX COMMERCIAL VEHICLE SYSTEMS LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Michael McGrory
Ms. Emily Schroeder
Smith Amundsen
150 N. Michigan Avenue, Suite 3300
Chicago, IL  60601
mmcgrory@salawus.com
eschroeder@salawus.com
lgehrs@salawus.com
tsagil@salawus.com
*Counsel for Bendix Commercial Vehicle Systems, LLC, Third Party Defendant*

Mr. Adam T. Suroff – *pro hac vice*
Swanson Martin & Bell
800 Market Street, Suite 2100
St. Louis, MO  63101
asuroff@smbtrials.com
*Counsel for Navistar, Inc., Third Party Defendant*

/s/      Lynn Leiteritz

Matthew S. Hefflefinger
Devin Taseff
CHARTWELL LAW
7707 N. Knoxville Avenue, Suite 201-A
Peoria, IL 61614
Telephone: 309-225-5560
Primary E-service: eservicePeoria@chartwelllaw.com
Secondary E-service: mhefflefinger@chartwelllaw.com; csmith@chartwelllaw.com
Secondary E-service: dtaseff@chartwelllaw.com; lleiteritz@chartwelllaw.com