# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT ILLINOIS

| | |
|---|---|
| LERON LEWIS, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:20-CV-1355-RJD |
| ) | Lead Case |
| v. ) | |
| ) | |
| HIRSCHBACH MOTOR LINES, INC. and ERIC ) | |
| JEROME CAMPBELL, SR., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| BRANDON JAMAL MOFFETT, ) | |
| ) | |
| Plaintiff, ) | No. 3:21-CV-0001-RJD |
| v. ) | |
| ) | |
| HIRSCHBACH MOTOR LINES, INC. and ERIC ) | |
| JEROME CAMPBELL, SR., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| HIRSCHBACH MOTOR LINES, INC. and ERIC ) | |
| JEROME CAMPBELL, SR., ) | |
| ) | |
| Defendants/Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BRANDON JAMAL MOFFETT, LERON LEWIS, JR., ) | |
| DATWAY LLC, MOTOR CARRIER CONSULTANTS, ) | |
| LLC., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE ) | |
| CO., INC., NAVISTAR, INC., BENDIX ) | |
| COMMERCIAL VEHICLE SYSTEMS LLC, and ) | |
| BIG TEX TRAILER MANUFACTURING, LLC, ) | |
| ) | |
| Third Party Defendants, ) | |

**DEFENDANTS/THIRD-PARTY PLAINTIFFS, HIRSCHBACH MOTOR LINES AND ERIC JEROME CAMPBELL, SR.'S MOTION FOR EXTENSION OF DEADLINES**

1

NOW COME Defendants/Third-Party Plaintiffs, HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., by MATTHEW S. HEFFLEFINGER and DEVIN M. TASEFF of CHARTWELL LAW OFFICES, pursuant to Federal Rule of Civil Procedure 6(b), and for their Motion for Extension of Deadlines, state as follows:

1. Movants' product liability claims in contribution against Third-Party Defendants Bendix Commercial Vehicle Systems LLC ("Bendix") and Navistar, Inc. ("Navistar") concern a motor vehicle accident on Interstate 57 southbound in Franklin County, Illinois on December 13, 2020, at or near 6:30 a.m., involving, in relevant part, a 2019 International LT625 tractor operated by Mr. Campbell, a driver for Hirschbach Motor Lines, Inc. ("Hirschbach"), and a Big Tex Trailer with two shipping containers towed by a pickup truck operated by the initial plaintiffs (settled). The International tractor was manufactured by Navistar and was equipped with a Bendix Wingman Fusion Collision Avoidance/Mitigation System, to which Movants allege a catastrophic failure to detect and alert to the Big Tex Trailer and shipping containers in the roadway at highway speeds directly contrary to Navistar's and Bendix's prior sales representations to Hirschbach and other national motor carriers.

2. Movants respectfully request this Court for a 45-day extension of time on all pertinent deadlines on the grounds of truly extraordinary recent developments in the case. On October 16, 2024, nearly three years after Movants filed its initial Third-Party Complaint (ECF Doc. 98), Bendix issued a recall notice to the National Highway Traffic Safety Administration (NHTSA) for the "EC80 ECU" component of the Bendix Fusion System installed in 442,139 tractor units nationwide, including various years of the International LT series of tractors manufactured by Navistar, the very make and model operated by Mr. Campbell in this accident. (NHTSA Acknowledgement of Bendix Wingman Fusion Recall Notice, attached

hereto as "Ex. A"). Bendix informed the NTHSA in its recall notice that "electrical noise and low signal to the power line carrier may cause the ECU to incorrectly process commands or stop working." (Ex. A). As a consequence, various safety features of the Wingman Fusion System, including but not limited to its Automatic Braking System (ABS), and collision avoidance/mitigation capabilities, "have diminished or lost functionality, increasing the risk of a crash." (Ex. A).

3. In conjunction with Movants' own expert product testing of the Wingman Fusion System, it is their position that the Bendix Wingman Fusion simply fails to perform at highway speeds, at nighttime, and/or in conditions of reduced visibility, and per Bendix's own recall notice, hundreds of thousands of tractors are potentially affected nationwide. In light of the foregoing, on November 20, 2024, Hirschbach and other motor carriers similarly situated filed a Class Action Complaint in the United States District Court Northern District of Illinois, chiefly alleging that the Bendix Wingman Fusion System is wholly unsuitable for its intended and advertised purpose, resulting in this class of motor carriers suffering hundreds of millions of dollars in damages. (N.D. Ill. Case No. 1:24-cv-11979, ECF Doc. 1).

4. Undersigned counsel will be joined, both in the class action and the instant case, by counsels Nick Wooten and Robert Cheeley of the Cheeley Law Group, who will be promptly entering their appearance and serving as co-lead counsels in both cases. In the meantime, Movants have very recently retained additional experts to investigate the various issues Bendix describes in its own words to the NTHSA, who require sufficient time to analyze the many thousands of pages of written discovery exchanged to date. Per the current scheduling order, the Parties were to have exchanged supplemental written discovery on or before November 15, 2024, which the Parties extended by gentlemen's agreement to November 27, 2024.

(Counsel Correspondence, attached hereto as "Ex. B"). Per the recall notice, owner notification letters are expected to be mailed December 1, 2024, well after said deadline, however. (Ex. A). The current deadline places Movants in the difficult position of having to prepare key discovery without confirmation of whether the 2019 International LT625 tractor operated by Mr. Campbell is subject to the recall, which undoubtedly affects the relevant substance of said discovery.

5.      Federal Rule of Civil Procedure 6(b)(1) gives the court wide discretion to grant a request for additional time. *See, e.g., Remer v. Sebelius*, No. 13 Civ. 7110 (PAC) (JLC), 2014 U.S. Dist. LEXIS 38641, at *2 (S.D.N.Y. Mar. 24, 2014). A motion for extension filed before the deadline question may be granted for "good cause." *Murphy v. Eddie Murphy Prods., Inc*. 611 F.3d 322, 324 (7th Cir. 2010). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Thomas v. Brennan*, 961 F.2d 612. 619 (7th Cir. 1992). To demonstrate good cause, a party need only show that despite its diligence, the timetable could not reasonably have been met. *Smith v. Howe Military Sch*., No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997).  Consequently, requests for extensions of time made before the applicable deadline has passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253 (9th Cir. 2010).

6.      There is ample justification against the Parties rushing to complete this crucial round of written discovery the day before the Thanksgiving Holiday. Movants' request of 45 days is also proportionate to the discovery needs of this case, which have predictably evolved in light of the recall, class action filing, and retention of new counsel and experts. There would be virtually no prejudice to Bendix and Navistar, now having to deal with both a recall and

class action, to have additional time as well. Accordingly, Movants' request overwhelmingly satisfies the "good cause" standard of Rule 6 and should be granted. For this purpose, Movants hereby present this Court with a Proposed Amended Scheduling Order (Ex. C) pushing out all pertinent deadlines approximately 45 days.

WHEREFORE, the Defendants/Third-Party Plaintiffs, HIRSCHBACH MOTOR LINES INC. and ERIC JEROME CAMPBELL, SR. respectfully request that this Court grant their Motion for Extension, enter an Amended Scheduling Order in accordance with their Proposed Amended Scheduling Order (Ex. C), and for such further relief as this Court deems appropriate.

                        HIRSCHBACH MOTOR LINES INC and
                        ERIC JEROME CAMPBELL, SR.

By:     /s/ Matthew S. Hefflefinger
       CHARTWELL LAW
Matthew S. Hefflefinger - ARDC # 6201281

By:     /s/ Devin M. Taseff
       CHARTWELL LAW
Devin M. Taseff – ARDC # 6333448

Matthew S. Hefflefinger
Devin Taseff
CHARTWELL LAW
7707 N. Knoxville Avenue
Suite 201-A
Peoria, Illinois 61614
Telephone: 309-225-5560
Primary E-service: eservicePeoria@chartwelllaw.com
Secondary E-service: mhefflefinger@chartwelllaw.com; csmith@chartwelllaw.com
Secondary E-service: dtaseff@chartwelllaw.com; lleiteritz@chartwelllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2024, I electronically filed the foregoing **DEFENDANTS/THIRD-PARTY PLAINTIFFS, HIRSCHBACH MOTOR LINES AND ERIC JEROME CAMPBELL, SR.'S MOTION FOR EXTENSION OF DEADLINES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Michael McGrory
Ms. Emily Schroeder
Smith Amundsen
150 N. Michigan Avenue, Suite 3300
Chicago, IL  60601
mmcgrory@salawus.com
eschroeder@salawus.com
lgehrs@salawus.com
tsagil@salawus.com
***Counsel for Bendix Commercial Vehicle Systems, LLC, Third Party Defendant***

Mr. Adam T. Suroff – *pro hac vice*
Swanson Martin & Bell
800 Market Street, Suite 2100
St. Louis, MO  63101
asuroff@smbtrials.com
***Counsel for Navistar, Inc., Third Party Defendant***

                                                  ___/s/ Lynn Leiteritz_____
                                                  Assistant to Devin M. Taseff