**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT ILLINOIS**

| | | |
|---|---|---|
| LERON LEWIS, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:20-CV-1355-RJD |
| | ) | Lead Case |
| v. | ) | |
| | ) | |
| HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BRANDON JAMAL MOFFETT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:21-CV-0001-RJD |
| v. | ) | |
| | ) | |
| HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., | ) | |
| | ) | |
| Defendants/Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, LLC., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE CO., INC., NAVISTAR, INC., BENDIX COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, LLC, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**DEFENDANTS/THIRD-PARTY PLAINTIFFS, HIRSCHBACH MOTOR LINES AND
ERIC JEROME CAMPBELL, SR.'S MOTION TO CHALLENGE DEFENDANT BENDIX
COMMERCIAL VEHICLE SYSTEMS LLC'S DESIGNATION OF CONFIDENTIALITY
PURSUANT TO AGREED CONFIDENTIALITY ORDER**

1

NOW COME Defendants/Third-Party Plaintiffs, HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., by MATTHEW S. HEFFLEFINGER and DEVIN M. TASEFF of CHARTWELL LAW OFFICES, and for their Motion to Challenge Defendant Bendix Commercial Vehicle Systems LLC's Designation of Confidentiality Pursuant to Agreed Confidentiality Order, state as follows:

**INTRODUCTION**

1.      This contribution case arises from a motor vehicle accident occurring on December 13, 2020 on Interstate 57 southbound between a Navistar International LT625 tractor operated by Mr. Campbell on behalf of Hirschbach, and a stationary pickup truck and utility trailer combination hauling two shipping containers parked within Mr. Campbell's lane of travel. The tractor in question was equipped with a Bendix Wingman Fusion collision avoidance system, which Hirschbach alleges a catastrophic failure in product liability to detect, alert to, and apply the autonomous braking system to avoid or mitigate the ensuing accident in contradiction to Bendix's and Navistar's sales representations to Hirschbach as to its performance capabilities. (ECF Doc. 292). Hirschbach is also pursuing a class action lawsuit in the Northern District of Illinois against Bendix and Navistar in relevant part, representing a nationwide class of motor carriers harmed by the known failures of the Wingman Fusion System to perform at highway speeds and/or in conditions of low or reduced visibility as advertised, and involving hundreds of thousands of tractor units.

2.      Hirschbach brings this Motion to challenge Bendix's prior designation of confidentiality over the entirety of its document production responsive Hirschbach's requests for production to date, involving a total of 5,799 pages of internal documents. Within said document production are PowerPoint slides prepared by Bendix shortly before the launch of

the Wingman Fusion System in 2015, which discuss Navistar's pre-launch independent testing of the Wingman Fusion System resulting in a 30-50 percent failure rate in detecting a pickup truck hauling a utility trailer.  In the same PowerPoint slides, Bendix lists the failure rate as "no risk, benign" and recommends proceeding with launch as scheduled, despite further listing that utility trailers are outside "visual algorithmic specification for stationary vehicles." There are also emails produced between representatives of Bendix and Navistar, including Bendix' lead engineer for the Wingman Fusion project, not only discussing this 30-50 percent failure rate, but also further known issues with the Wingman Fusion System's performance, including the radar cone of vision being too narrow, necessitating the target vehicle ahead to be positioned directly in front of the radar sensor to be properly detected and alerted to the same. Lastly, there are additional pre-launch PowerPoint slides and associated Bendix and Navistar email correspondence comparing the performance of the Wingman Fusion System with its competitors in the collision avoidance marketplace, and coaching its sales representatives to address customer questions regarding these known performance limitations in an effort to conceal them.

3.    Bendix's blanket designation of confidentiality over the entirety of its document production to date is neither permitted under the terms of the Confidentiality Order nor the confidentiality standards of the Seventh Circuit. This is especially true where documents within said production implicate Defendants' actual knowledge of the Wingman Fusion System's failures to detect the precise vehicle combination it encountered in this accident, and how Bendix and Navistar falsely represented its performance capabilities to Hirschbach and other motor carriers thereafter. Not only has Bendix threatened to move for sanctions in the contribution case for Movants' mere reference to the above documents in its Fourth Amended

3

Third-Party Complaint,[1] separate counsel for Bendix in the class action has now objected to Movants referencing the same documents in their Proposed First Amended Class Action Complaint. (Bendix Letter Threatening Sanctions and Hirschbach's Response Thereto, attached hereto as "Ex. A;" Counsel Email Correspondence, attached hereto as "Ex. B").

    4.    As further detailed in the Factual Background below, and in accordance with the terms of the Agreed Confidentiality Order, on April 24 and April 25, 2025, Movants previously attempted to meet and confer with Bendix's counsel both in the contribution case and class action regarding the above designations, and did not receive a response within the 5-business day period prescribed by the Order. (Ex. B at pgs. 1-3). Movants specifically requested Bendix's counsel in both cases to remove the confidentiality designation from any and all email communications and attachments thereto produced in discovery to date. *Id.* At this time, Movants submit that Court intervention is necessary to resolve this dispute. Accordingly, Defendants respectfully request that this Court enter an order rejecting Bendix's blanket designation of confidentiality in its entirety, with leave to redesignate and reissue its document product with specific grounds for each item of information and/or document purported as confidential in line with the terms of the Agreed Confidentiality Order. Alternatively, at the very least, this Court should void Bendix's confidentiality designation over the above disputed emails and PowerPoint slides, and/or any reference to actual knowledge of Defendants of material defects or alternative feasible designs produced to date.

---

[1] Bendix's prior Motion to Dismiss for Failure to State a Claim (ECF Doc. 276, granted/denied in part) was the very reason Hirschbach amended its third-party compliant in the first place to include references to Defendants' actual knowledge of material defects and feasible alternative designs. Movants are now dealing with virtually the same issue in the class action by virtue of its Proposed First Amended Complaint and Bendix counsel's objections on confidentiality grounds.

## FACTUAL BACKGROUND AND TERMS OF AGREED CONFIDENTIALITY ORDER

5.      On June 8, 2021, Hirschbach and the personal injury plaintiffs (Lewis and Moffett) agreed to and filed an Agreed Confidentiality Order to regulate the disclosure and dissemination of certain categories of information and documents in discovery, which Bendix and Navistar later acknowledged and agreed to be bound upon the filing of Hirschbach's third party complaint in contribution thereagainst on November 15, 2021. (ECF Docs. 76, 76-1, 98). On June 14, 2021, this Court entered an Order (ECF Doc. 78) adopting and rejecting the Agreed Confidentiality Order in part, stating that the Parties had failed to demonstrate entitlement to protection of "trade secrets," and denying without prejudice the portions of the Order referencing the same. To date, no party has moved to modify the Confidentiality Order to include protections of trade secrets.

6.      The Agreed Confidentiality Order permits the producing party to designate information and documents as "CONFIDENTIAL-SUBJECT TO PROCTIVE ORDER" in order to protect "Confidential Information" from disclosure outside the litigation in question. (ECF Doc. 76-1 at pg. 2). The Order explicitly excludes from confidentiality any information or documents that are publicly available, and further defines "Confidential Information" as falling within one or more of the following categories:

(a)      Information prohibited from disclosure by statute;

(b)      Information that reveals trade secrets (denied, see ECF Doc. 78);

(c)      Research, technical, commercial, or financial information that a party has maintained as confidential;

(d)      Medical information concerning any individual;

(e)      Personal identity information;

(f)      Income tax returns, W-2 forms, and 1099 forms; or

5

(g)    Personnel or employment records of a person who is not a party to the case.

(ECF Doc. 76-1 at pg. 2).

7.    A party's designation of any information or documents as confidential is subject to challenge by any other party. (ECF Doc. 76-1 at pg. 7). The challenging party must first confer directly with counsel for the designating party and explain the basis for its belief that the designation was improper, and then provide (5) business days to review the grounds for the challenge and response. *Id.* If the meet and confer is unsuccessful, the challenging party may file a motion with the Court identifying the information/documents in question, stating the basis for the challenge, and requesting the Court to void the designation of confidentiality. *Id.* at pg. 8).

8.    On May 20, 2022 and October 5, 2023, Bendix tendered document productions responsive to Movant's First and Second Requests for Production, each and every page of which Bendix designated as confidential with no reference to any of the above categories of confidential information under the Order. On February 15, 2024, Bendix, later joined by Navistar, moved to dismiss Movant's Third Amended Third-Party Complaint for failure to state a claim under Rule 12(b)(6), primarily arguing that Movants had failed to state a claim in product liability on the grounds that they had failed to plead specific facts establishing existence of a material defect in the Wingman Fusion System. (ECF Doc. 276).

9.    On September 19, 2024, this Court entered an order granting/denying the Motion to Dismiss in part, stating that Movants had stated valid products claims against Bendix and Navistar, and granting leave to amend the Third-Party Complaint with additional facts. (ECF Doc. 291). On September 26, 2024, Movants filed their Fourth Amended Third-Party

Complaint, including above references to Bendix's and Navistar's actual knowledge per the above documents, and both Bendix and Navistar filed Answers and Affirmative Defenses shortly thereafter. (ECF Docs. 293-294).

10.    In October 2024, Bendix, followed by Navistar, submitted a Notice of Recall to the National Highway Transportation Safety Administration for Wingman Fusion units installed in hundreds of thousands of tractors nationwide, specifically for a defect in the electronic control unit (ECU) that may incorrectly process certain signals causing the autonomous braking system to suddenly fault and/or stop operating.[2] Hirschbach then proceeded to file its initial class action complaint in the Northern District of Illinois against Bendix and Navistar in relevant part, including the same above references of Defendant's actual knowledge therein, on November 20, 2024. (Northern District of Illinois Case No. 1-24-cv-11979, ECF Doc. 1). In light of the Agreed Confidentiality Order, Movants did not attach any of the above documents to either amended complaint.

11.    On January 22, 2025, more than four months after Movants' Fourth Amended Complaint was filed in the contribution action, and more than two months after Movants' initial complaint was filed in the class action, Bendix sent correspondence to Movants' counsel alleging that Movants improperly disclosed Bendix's confidential information and trades secrets in violation of the Agreed Confidentiality Order by Movants' inclusion of the above references in their class action complaint, and threatened the "severest of sanctions" against them. (Ex. A at pgs. 1-5). On February 5, 2025, Movants sent a letter to Bendix in response reminding its counsel that this Court previously rejected the trade secrets provision of the

---

[2] National Highway Traffic Safety Administration, Recall Acknowledgment Letter to Bendix Commercial Vehicle Systems LLC, NHTSA Recall No. 24E-086 (Oct. 16, 2024), https://static.nhtsa.gov/odi/rcl/2024/RCAK-24E086-3120.pdf;

Confidentiality Order, and that the information in question had been publicly accessible for over four months without objection per the filing of the complaint on the online PACER system and, therefore, were explicitly outside the scope of its protection. (Ex. A at pgs. 6-10). Despite the gravity of its sanctions threat, Bendix neither moved for sanctions, let alone responded to Movant's letter.

12.    In the class action case, Defendants then moved to dismiss and/or strike Hirschbach's class action complaint, in part arguing that Hirschbach failed to plead sufficient facts establishing the elements for both class action certification as well as the merits of their claims. (Northern District of Illinois Case No. 1-24-cv-11979, ECF Docs. 44-51). In response, on April 18, 2025, Hirschbach sent correspondence to Defendants' counsel attaching a draft First Amended Class Action Complaint addressing the alleged deficiencies and including additional facts towards Defendants' actual knowledge based on the same Bendix documents designated as confidential in the underlying contribution case. (Ex. B at pg. 19). Counsel for both Bendix and Navistar in the class action immediately raised the same confidentiality concerns that Bendix's counsel had previously attempted to raise in the contribution case, and on April 24, 2025, Hirschbach notified Defendants of its intent to challenge the above designations of confidentiality in accordance with the terms of Order, including but not limited to any and all emails and attachments thereto produce to date. (Ex. B at pg. 3). Movants issued the same notice for the same designations to Bendix's counsel in the contribution case on April 25, 2025. (Ex. B at pg. 1). At the time this Motion is filed, more than five (5) business days have expired since Hirschbach's notice of challenge in both cases, and Defendants have not responded to either.

**ARGUMENT**

13.     Bendix cannot designate the entirety of its responses to requests for production as confidential and then use its designation as a sword to prevent Movants from pleading material facts obtained therefrom needed to prove its products claims. In doing so, Bendix is improperly acting as a gatekeeper as to which specific facts Movants are allowed to assert in their complaint and subsequent pleadings, and it is clear as to why: the documents in question establish actual knowledge of Bendix and Navistar, pre-launch of the Wingman Fusison System, of the very defects and alternative feasible designs in which Movants crux their products case. At best, Bendix's designation was lackadaisical; at worst, it was done in bad faith. Either way, its blanket designation unequivocally fails to comply with the terms of the Order, and this Court should void it.

14.     First, even a cursory comparison of the substance of these documents with the categories of confidential information defined by the Order reveals that no protection is warranted. First, the Court has made clear that the Order, in its current and adopted form, does not protect trade secrets. (ECF 78). Further, internal emails and PowerPoint slides indicating actual company knowledge of the dangerous propensities its product, the advantages of its competitors' products, and how its sales representatives can conceal the same from prospective customers; are not protected from disclosure by any statute, and do not include medical information, personal identity information, tax returns or forms, or personnel/employment records.

15.     The sole remaining category of "confidential information" defined by the Order, is "research, technical, commercial, or financial information that the party has maintained as confidential," which Movants expect Bendix to argue in response as protecting the above

9

documents from disclosure. (ECF Doc. 76-1 at 2). Notwithstanding Movants' position that the information contained in said documents has been publicly available now for 7 months on the PACER system and, therefore, is not entitled to any protection whatsoever, even if said information could qualify as "confidential information" in this category under the Order, numerous courts in the Seventh Circuit have made clear that such information is entitled to no protection under the law.

16.    "Protective orders are not designed to protect the parties from 'harm' that results from public disclosure of embarrassing or improper conduct." *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, No. 07 C 2898, 2007 U.S. Dist. LEXIS 91517 (N.D. Ill. Dec. 11, 2007), *citing Culinary Foods v. Raychem Corp.*, 151 F.R.D. 297, 301 (N.D. Ill. 1993). In *Culinary Foods*, the Northern District reviewed a similar proposed confidentiality order, and refused to extend its protection to defendant's internal documents implicating its actual knowledge of dangerous defects in its product, even where it was clear said documents contained commercial information. In this case, the plaintiffs alleged that the defendant's self-regulating pipe heating cable product was unreasonably dangerous and defective and caused a fire. *Culinary Foods*, 151 F.R.D. at 300. The plaintiffs also alleged that the defendant was fully aware of the defect in advance of the fire, and argued that the confidentiality order in question should not cover information concerning what the defendant did and did not do in light of its actual knowledge including product design modifications and changes. *Id.* at 300, 305. Akin to the case at bar, the defendant argued that confidentiality should extend to the "end results" of its products testing as well as its marketing formulae and strategy, on the grounds that disclosure would necessarily reveal the systems, tests, and techniques which give them their competitive advantage. *Id.* at 303.

17.    The Northern District agreed with the plaintiffs on the scope of confidentiality protections: **"[W]e believe that failure to take action with regard to knowledge of dangers and attempts to conceal such dangers are not subject to protection under Rule 26(c)."** *Id.* at 305 (emphasis added). The Court reasoned that although the information regarding the hazards of products and a corporation's knowledge of the information may be embarrassing and incriminating, this alone is insufficient to bar public disclosure. *Id.* at 301, *citing Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986).  Further, while the Court reasoned that corporate "formulae, marketing strategy, and other matters whose disclosure would affect defendants with their respective competitors or in conjunction with the day-to-day operation of their business," may generally be entitled to protection, information concerning the defendant's role in concealing or misrepresenting information regarding the dangers of its product was not entitled to any such protection. *Culinary Foods*, 151 F.R.D. at 301. Lastly, the Court held that the defendant had not demonstrated that the end results of its product testing could not be reasonably separated from the systems, tests, and techniques which they claim gave them their competitive advantage, and declined protection over such information accordingly. *Id.* at 303.

18.    Numerous other courts in the Seventh Circuit, decided both before and after *Culinary Foods*, have reasoned similarly in declining to extend confidentiality protection to information and documents implicating defendants' actual knowledge of product defect. *See Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539 (N.D. Ind. 1991) (rejecting proposed protective order with blanket non-dissemination provision over documents produced in discovery); *Nat'l* Council, 2007 U.S. Dist. LEXIS 91517 at *13 (rejecting proposed protective order prohibiting disclosure of documents that would "reasonably cause harm to the business operations of the

disclosing party"). Akin to the prevailing plaintiffs in *Culinary Foods*, Movants are challenging Bendix's confidentiality designation over documents that indicate Defendants' actual knowledge of dangerous defects in the Wingman Fusion System, including the end results of their product testing, materials used to coach sales representatives as to its performance limitations in an attempt to conceal such defects from customers, and internal discussions of competitor comparisons identifying feasible alternative designs.

19.    Notwithstanding the reasoning of *Culinary Foods*, Bendix may still attempt argue that the disputed documents constitute research, technical, or commercial information protected under the Order, however, "where trade secrets are not at issue, common sense would indicate that the greater a corporation's motivations for secrecy, the greater the public's need to know." *Culinary Foods*, 151 F.R.D. at 301, *citing Brown & Williamson Tobacco Corp. v. F.T.C,* 710 F.2d 1165, 1180 (6th Cir. 1983). Likewise, where products are indeed hazardous, information concerning the dangers of the products and the corporations lack of action to prevent the dangers or its attempt to conceal the dangers should not be subject to protection under Rule 26(c). *Id.* This is not a situation where public disclosure of the documents in question would aid Bendix's competitors in designing a better collision avoidance system; rather, it would merely inform the public that the Wingman Fusion fails to perform as advertised, which may be embarrassing to Bendix or harmful to its reputation, but in no way constitutes protected "research, technical, or commercial information."

20.    Here, Bendix's motivations for secrecy are such that it was willing to threaten the severest of sanctions against Hirschbach and its counsel for the mere reference its actual knowledge of defect in its contribution and class action complaints. The fact that Bendix neither moved for sanctions nor responded to Movant's meet and confer correspondence is

speaks volumes compared to its prior rhetoric. If Bendix had genuine confidentiality concerns over any such materials, it would have taken the time reasonably necessary to differentiate between information and documents protected by the Confidentiality Order it agreed to be bound by versus those that are unprotected. Having designated the entirety of its document production to date as confidential, Bendix's position on the confidentiality of the above disputed emails and PowerPoint slides is simply indefensible.

21.    Bendix's unreasonable persistence in its position has not only resulted in the parties diverting significant time and efforts away from the merits of the contribution case, but is also hamstringing Hirschbach in the prosecution of its class action case without justification, particularly its ability to plead sufficient facts towards Defendants' fraudulent inducement of Hirschbach and other motor carriers to purchase tractors equipped with defective Wingman Fusion units. This improperly usurps Movants' position as the master of their complaint. Accordingly, this Court should void Bendix's blanket confidentiality designation in its entirety, or in the alternative, void its designations over the above emails and PowerPoint slides implicating its actual knowledge of defects and alternative feasible designs.

WHEREFORE, the Defendants/Third-Party Plaintiffs, HIRSCHBACH MOTOR LINES INC. and ERIC JEROME CAMPBELL, SR. respectfully request that this Court void Bendix's Designation of Confidentiality over its document production in response to Hirschbach's Request to Produce issued to date, or alternatively, void Bendix's Designation of Confidentiality specifically over the above-referenced email correspondence and PowerPoint Slides, and for such further relief as this Court deems appropriate.

**UNDERSIGNED COUNSED HEREBY COUNSEL CERTIFIES THAT MOVANTS ATTEMPTED TO MEET AND CONFER WITH BENDIX'S COUNSEL IN ACCORDANCE WITH**

13

**THE AGREED CONFIDENTIALITY ORDER AND THIS COURT'S ORDER ON THE SAME BEFORE FILING THIS MOTION.**

HIRSCHBACH MOTOR LINES INC and
ERIC JEROME CAMPBELL, SR.

By:____/s/ Matthew S. Hefflefinger_____
CHARTWELL LAW
Matthew S. Hefflefinger - ARDC # 6201281

By:____/s/ Devin M. Taseff_____
CHARTWELL LAW
Devin M. Taseff – ARDC # 6333448

Matthew S. Hefflefinger
Devin Taseff
CHARTWELL LAW
7707 N. Knoxville Avenue
Suite 201-A
Peoria, Illinois 61614
Telephone: 309-225-5560
Primary E-service: eservicePeoria@chartwelllaw.com
Secondary E-service: mhefflefinger@chartwelllaw.com; csmith@chartwelllaw.com
Secondary E-service: dtaseff@chartwelllaw.com; dbiesterfeld@chartwelllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I electronically filed the foregoing **DEFENDANTS/THIRD-PARTY PLAINTIFFS, HIRSCHBACH MOTOR LINES AND ERIC JEROME CAMPBELL, SR.'S MOTION TO CHALLENGE DEFENDANT BENDIX COMMERCIAL VEHICLE SYSTEMS LLC'S DESIGNATION OF CONFIDENTIALITY PURSUANT TO AGREED CONFIDENTIALITY ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Michael McGrory
Ms. Emily Schroeder
Smith Amundsen
150 N. Michigan Avenue, Suite 3300
Chicago, IL  60601
mmcgrory@salawus.com
eschroeder@salawus.com
tsagil@salawus.com
***Counsel for Bendix Commercial Vehicle Systems, LLC, Third Party Defendant***

Mr. Adam T. Suroff – *pro hac vice*
Swanson Martin & Bell
800 Market Street, Suite 2100
St. Louis, MO  63101
asuroff@smbtrials.com
***Counsel for Navistar, Inc., Third Party Defendant***


          /s/ Donna Biesterfeld
         Assistant to Devin M. Taseff

15