IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LERON LEWIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., <br><br> Defendants, <br><br> v. <br><br> BRANDON JAMAL MOFFETT <br><br> Plaintiff, <br><br> v. <br><br> HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR., <br><br> Defendants / Third-Party Plaintiffs, <br><br> v. <br><br> BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, L.L.C., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, L.L.C., <br><br> Third-Party Defendants. | Case No. 3:20-CV-01355-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This case arises out of a collision involving a tractor driven by Eric Jerome Campbell, Sr. ("Campbell") within the scope of his employment for Hirschbach Motor Lines, Inc. ("Hirschbach") (collectively the "Hirschbach Plaintiffs") and a vehicle and trailer operated

by Leron Lewis, Jr. ("Lewis") and Brandon Jamal Moffett ("Moffett"). (Fourth Am. Compl. (Doc. 292)). After several years of litigation and multiple settlements, what remains of this case is a contribution action by the Hirschbach Plaintiffs against Third Party Defendants Navistar, Inc., n/k/a International Motors, LLC ("International"), and Bendix Commercial Vehicle Systems LLC ("Bendix").

In May 2025, this case was transferred to the undersigned from Judge J. Phil Gilbert. (Doc. 334). On June 20, 2025, the Court held a hearing on several pending motions. (Doc. 347). The Court took five motions under advisement and now addresses the two that have been pending the longest: a motion for a protective order concerning written discovery requests propounded by the Hirschbach Plaintiffs (Doc. 312) and a motion for leave to file an amended answer and affirmative defenses to the Hirschbach Plaintiffs' Fourth Amended Third-Party Complaint (Doc. 319).[1]

**1. Motion for a Protective Order**

International seeks a protective order from the Hirschbach Plaintiffs' third request to produce documents, which International claims was served after the Court's deadline to do so. It also seeks attorney's fees in connection with its preparation and litigation of this motion. International is correct because Judge Gilbert already denied the Hirschbach Plaintiffs' request to extend the written discovery deadline, and the written discovery requests at issue were propounded more than two months after the deadline to do so had passed.

Pursuant to Judge Gilbert's most recent scheduling and discovery order, all written

---

[1] The Court will address the remaining motions in due course, which include (i) a Motion for Extension of Time to Complete Discovery (Fact) or in the Alternative for a Protective Order filed by Hirschbach (Doc. 326); (ii) a Motion for Leave to File an Amended Answer and Affirmative Defenses to the Fourth Amended Third Party Complaint filed by Bendix (Doc. 328); and (iii) a Motion to Challenge Bendix's Designation of Confidentiality Pursuant to Agreed Confidentiality Order filed by Hirschbach (Doc. 333).

discovery was to be issued by November 15, 2024. (Doc. 297). On November 26, 2024, the Hirschbach Plaintiffs filed a motion to extend this and other deadlines in the case for 45 days due to the revelation of a recall notice that Bendix had issued on October 16, 2024. (Doc. 302). The Hirschbach Plaintiffs described the recall notice as an "extraordinary recent development in the case," justifying, among other things, an extended discovery deadline. (*Id.* p. 2). Judge Gilbert denied the Hirschbach Plaintiffs' motion to extend the deadlines because the recall notice did not relate to a product that is at issue in this case. (Doc. 308). Accordingly, Judge Gilbert did not find good cause to extend the discovery deadlines and left the November 2024 deadline for the issuance of written discovery requests in place. (*Id.*).

Notwithstanding Judge Gilbert's order, the Hirschbach Plaintiffs served their third request to produce documents on International and Bendix on January 17, 2025. (Doc. 312-5, p. 15). As the Court sees it, Judge Gilbert's order denying the Hirschbach Plaintiffs' motion for more time to conduct written discovery was clear. Having found no good cause to extend the deadlines, Judge Gilbert made an informed decision that the case should move forward and that the discovery deadlines were firm. The Hirschbach Plaintiffs' attempt to serve additional written discovery requests more than two months after the deadline to do so had passed cannot be squared with Judge Gilbert's decision, which this Court will not second-guess. *See Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) (to manage their caseloads, district courts "are entitled—indeed they must—enforce deadlines").

   2. **Motion for Leave to file an Amended Answer and Affirmative Defenses**

International also moves for leave to file an amended answer and affirmative defenses to the Hirschbach Plaintiffs' Fourth Amended Third-Party Complaint. (Doc. 319). It seeks to add as an affirmative defense a settlement agreement and release of liability by Hirschbach

in a case in the Northern District of Iowa which, it claims, "directly relates to the claims of the instant matter." (*Id.*). The Hirschbach Plaintiffs respond that International's motion comes several years too late because International had "actual notice" of the settlement by December 30, 2020. (Doc. 327). Indeed, the Hirschbach Plaintiffs allege that International seeks to impose a "double standard" whereby it is barred from pursuing relevant written discovery (*see supra*) but International can assert an affirmative defense after several years of litigating this case without it. (*Id.*). The Court agrees with International here because the Seventh Circuit has adopted a liberal standard permitting litigants to amend their pleadings when appropriate, and its motion to file an amended answer and affirmative defenses was compliant with Judge Gilbert's scheduling and discovery order. (Doc. 297).

The most recent scheduling and discovery order gave the parties until April 30, 2025, to move to amend the pleadings. (*Id.*). International filed this motion on February 24, 2025. To adopt Hirschbach's position and deny International leave to amend would be to deprive it of a right it had under the Court's scheduling order.

The Hirschbach Plaintiffs contend that because International had "actual notice" of the purported settlement agreement for over four years, it should be held to a standard of "excusable neglect" before being granted leave to amend its answer and affirmative defenses. The Court is not persuaded. Federal Rule of Civil Procedure 15(a)(2) is clear that courts "should freely give leave [to amend] when justice so requires." Determining whether leave to amend is appropriate is a matter of judicial discretion.

The Court agrees with the Hirschbach Plaintiffs that International waited a significant amount of time to assert this purported defense. The Court also acknowledges that the Hirschbach Plaintiffs may be prejudiced by International's invocation of the settlement

agreement as a basis to escape liability. But to deny International the opportunity to invoke the settlement as a defense would be equally or potentially even more prejudicial to it. Indeed, International is the purported beneficiary of the settlement that *Hirschbach* agreed to. So, while International is not faultless for waiting over four years to assert the settlement as a defense, to deny it the ability to even assert it, would mean forcing it to defend a case that it may have been released from.[2]

Moreover, the Hirschbach Plaintiffs cannot claim to be caught off guard by International's invocation of the settlement. It, like International, was ostensibly a party to the settlement. The only question then is whether International should be barred from even raising the settlement as a defense. The Court does not believe that this would be within the spirit of Rule 15.

"[W]here the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). Here, International moved to amend its answer and affirmative defenses *before* the deadline to do so had passed. The discovery deadline is not until February 17, 2026. (Doc. 297). Thus, the Hirschbach Plaintiffs still have time to consider their response to this defense and may seek permission from the Court to conduct targeted discovery into this issue, as necessary. *See Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731 (7th Cir. 2015) (holding that "a district court may (though it need not) permit an untimely affirmative defense, provided the plaintiff does not suffer prejudice from the delay;" and that "what [is] mean[t]

---

[2] The Court takes no position at this time as to whether the purported settlement agreement protects International in this case.

by 'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits—if, say, a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised."); *Meeks v. Power Sol. Int'l, Inc.*, 2025 WL 1309351, at *1 (N.D. Ill. May 5, 2025) (holding that a "technical failure to assert an affirmative defense in the pleadings does not necessarily constitute waiver of the defense where the plaintiff has an opportunity to respond to the later-asserted affirmative defense."). Accordingly, International is granted leave to file an amended answer and affirmative defenses on or before October 7, 2025.

For the reasons set forth above, the Court **GRANTS** International's Motion for a Protective Order (Doc. 312) and its Motion for Leave to file an Amended Answer and Affirmative Defenses to the Hirschbach Plaintiff's Fourth Amended Third-Party Complaint (Doc. 319). International's request for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 30, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**