**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LERON LEWIS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR.,<br><br>Defendants. | ) | Case No. 3:20-CV-1355-RJD<br>Lead Case |
| BRANDON JAMAL MOFFETT,<br><br>Plaintiff,<br><br>vs.<br><br>HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR.,<br><br>Defendants. | ) | Case No. 3:21-CV-0001-RJD<br>Consolidated with 20 CV 1355 |
| HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR.,<br><br>Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>NAVISTAR, INC., et al.,<br><br>Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANT NAVISTAR, INC.'S N/K/A INTERNATIONAL MOTORS, LLC'S *AMENDED* ANSWER TO HIRSCHBACH MOTOR LINES, INC.'S AND ERIC JEROME CAMPBELL, SR.'S FOURTH AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendant Navistar, Inc., N/K/A International Motors, LLC hereby files its Answer to the Fourth Amended Third-Party Complaint and states as follows:

1. Defendant admits the allegations contained in Paragraph 1.

2. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies them.

3. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies them.

4. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies them.

5. The allegations in Paragraph 5 are legal conclusions and therefore no response by Defendant is required.

6. The allegations in Paragraph 6 are legal conclusions and therefore no response by Defendant is required.

7. The allegations in Paragraph 7 are legal conclusions and therefore no response by Defendant is required.

8. The allegations in Paragraph 8 refers to a crash wherein a tractor trailer drove into the rear of a trailer parked in an offset manner on the travel lane and the shoulder of a highway, in a construction zone. Defendant denies as a conclusion anything inconsistent herewith, including references to one or more official first responder documents, which speak for themselves.

9. The allegations in Paragraph 9 refers to a crash wherein a tractor trailer drove into the rear of a trailer parked in an offset manner on the travel lane and the shoulder of a highway, in a construction zone. Defendant denies as a conclusion anything inconsistent herewith, including references to one or more official first responder documents, which speak for themselves.

10. The allegations in Paragraph 10 refers to a crash wherein a tractor trailer drove into the rear of a trailer parked in an offset manner on the travel lane and the shoulder of a highway, in

a construction zone. Defendant denies as a conclusion anything inconsistent herewith, including references to one or more official first responder documents, which speak for themselves.

11. The allegations in Paragraph 11 refers to a crash wherein a tractor trailer drove into the rear of a trailer parked in an offset manner on the travel lane and the shoulder of a highway, in a construction zone. Defendant denies as a conclusion anything inconsistent herewith, including references to one or more official first responder documents, which speak for themselves.

12. The allegations in Paragraph 12 refers to a crash wherein a tractor trailer drove into the rear of a trailer parked in an offset manner on the travel lane and the shoulder of a highway, in a construction zone. Defendant denies as a conclusion anything inconsistent herewith, including references to one or more official first responder documents, which speak for themselves.

13. The allegations in Paragraph 13 are legal conclusions and therefore no response by Defendant is required.

14. The allegations in Paragraph 14 are legal conclusions and therefore no response by Defendant is required.

15. The allegations in Paragraph 15 are legal conclusions and therefore no response by Defendant is required.

16. The allegations in Paragraph 16 are legal conclusions and therefore no response by Defendant is required.

17. The allegations in Paragraph 17 are legal conclusions and therefore no response by Defendant is required.

18. The allegations in Paragraph 18 are legal conclusions and therefore no response by Defendant is required.

19. The allegations in Paragraph 19 are legal conclusions and therefore no response by Defendant is required.

20. The allegations in Paragraph 20 are legal conclusions and therefore no response by Defendant is required.

21. The allegations in Paragraph 21 are legal conclusions and therefore no response by Defendant is required.

22. The allegations in Paragraph 22 are legal conclusions and therefore no response by Defendant is required.

23. The allegations in Paragraph 23 are legal conclusions and therefore no response by Defendant is required.

24. Defendant adopts and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-23.

25. Defendant admits it is a Delaware entity with its principal place of business in Lisle, Illinois, that manufactures and distributes trucks and buses. The remainder of the allegations in Paragraph 25 are legal conclusions and therefore no response by Defendant is required.

26. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies them.

27. Defendant admits that it manufactured the subject tractor and further admits the tractor was equipped with a Bendix-supplied system, but denies the remainder of the allegations contained in Paragraph 27.

28. The allegations in Paragraph 28 are legal conclusions and therefore no response by Defendant is required. To the extent a response is required, Defendant is without knowledge and

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies them.

29. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies them.

30. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies them.

31. The allegations in Paragraph 31 are legal conclusions and therefore no response by Defendant is required.

32. Defendant admits that the subject tractor was equipped with a Bendix-supplied system, but denies the remainder of the allegations contained in Paragraph 32, including what components were still installed on the tractor at the time of the subject crash.

33. Defendant admits it sold the subject tractor with a Bendix-supplied system but denies it manufactured or designed the system. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies them.

34. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore denies them.

35. Defendant denies the allegations contained in Paragraph 35.

36. Paragraph 36 refers to documents which speak for themselves and therefore no response is necessary.

37. Paragraph 37 refers to documents which speak for themselves and therefore no response is necessary.

38. Paragraph 38 refers to documents which speak for themselves and therefore no response is necessary.

39. Paragraph 39 refers to documents which speak for themselves and therefore no response is necessary.

40. Paragraph 40 refers to documents which speak for themselves and therefore no response is necessary.

41. Defendant denies Paragraph 41.

42. The allegations in Paragraph 42 are legal conclusions and therefore no response by Defendant is required.

43. The allegations in Paragraph 43 are legal conclusions and therefore no response by Defendant is required.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. The allegations in Paragraph 46 are legal conclusions or refers to one or more documents which speak for themselves, and therefore no response by Defendant is required.

47. The allegations in Paragraph 47 are legal conclusions or refers to one or more documents which speak for themselves, and therefore no response by Defendant is required.

48. The allegations in Paragraph 48 are legal conclusions or refers to one or more documents which speak for themselves, and therefore no response by Defendant is required.

49. The allegations in Paragraph 49 are legal conclusions or refers to one or more documents which speak for themselves, and therefore no response by Defendant is required.

50. The allegations in Paragraph 50 are legal conclusions or refers to one or more documents which speak for themselves, and therefore no response by Defendant is required.

51. The allegations in Paragraph 51 are denied by Defendant, including subsections (a)-(q).

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

**COUNT I – NEGLIGENCE AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC AND NAVISTAR, INC. (IN CONTRIBUTION)**

54. Defendant adopts and incorporates, as if fully set forth herein, all of its responses to Paragraphs 1-53.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. The allegations in Paragraph 58 are legal conclusions and therefore no response by Defendant is required.

59. The allegations in Paragraph 59 are legal conclusions and therefore no response by Defendant is required.

**COUNT II – STRICT TORT LIABILITY AGAINST BENDIX COMMERCIAL VEHICLE SYSTEMS LLC AND NAVISTAR, INC. (IN CONTRIBUTION)**

60. Defendant adopts and incorporates, as if fully set forth herein, all of its responses to Paragraphs 1-59.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. The allegations in Paragraph 63 are legal conclusions and therefore no response by Defendant is required.

64. The allegations in Paragraph 64 are legal conclusions and therefore no response by Defendant is required.

## JURY DEMAND

Defendant hereby requests a trial by jury on all issues addressed herein.

## WHEREFORE CLAUSES

Defendant denies that Third-Party Plaintiffs are entitled to the relief prayed for in the "WHEREFORE" clauses of the Third-Party Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation in the Third-Party Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Although Defendant has not yet had the opportunity to fully investigate or conduct discovery regarding the claims, it believes there may be facts establishing the availability of certain affirmative defenses. In order to preserve those defenses, asserts the following defenses:

65. The Third-Party Complaint and the causes of action contained therein fail to state a claim upon which relief can be granted.

66. The claimed damages are the proximate result of the misuse, abuse, or alteration of the product(s) at issue, including the subject tractor and the Bendix Wingman Fusion System.

67. The claims are barred, in whole or in part, because the sole proximate, legal, efficient, and producing or superseding or intervening cause of any alleged injury(ies) and any alleged damages were the actions of Plaintiffs and/or other Defendants/Third-Party Plaintiffs.

68. The claims are barred, in whole or in part, because any injuries and damages allegedly sustained or incurred were caused, in whole or in part, by acts or omissions of others for

whose conduct Defendant is not responsible. Therefore, is entitled to an allocation of fault, and a corresponding reduction of any settlement amount received and for any award that might be made. The basis of this defense includes, but is not limited to: (1) the failure to appropriately use restraint systems and/or to be outside on the roadway or in the back of a truck and/or trailer; (2) the actions of Plaintiffs and other Defendants/ Third-Party Plaintiffs, including, but not limited to, the negligent operation of the tractors, trailers and vehicles, failure to operate the same vehicles in a careful and prudent manner, failure to keep a proper lookout, failure to reduce speed to conditions, failure to avoid distracted driving, and otherwise failing to take appropriate precautions, failure to move off the travel portion of the roadway, and other failures and/or particulars detailed in any first responder report, including any accident reconstruction reports; (3) the alleged defective or dangerous condition in the Subject Tractor, described in the Complaint, which Defendant denies, was open and obvious and appropriate warnings and instructions were provided; (4) assumption of the risk as occupants in the vehicles, and otherwise failing to take appropriate precautions and other failures and/or particulars detailed in any first responder report, including any accident reconstruction reports; and (5) any other basis to compare fault with any current and/or former party(ies) to the action.

69. Plaintiffs' claimed damages are the proximate result of the failure of Plaintiffs and other Defendants/ Third-Party Plaintiffs to exercise ordinary care. The claims thus are completely barred; or, in the alternative, the damages, if any, should be reduced according to comparative fault.

70. At all times, Defendant's products were designed, manufactured, produced, and sold in compliance with all applicable industry and governmental standards and regulations, which preempt any and all standards and regulations imposed by State law. Therefore, no recovery

against Defendant can be made.

71. The product(s) at issue were designed and manufactured in a manner consistent with the state of the art at the time in question and did not present an unreasonable risk to Plaintiffs or anyone else.

72. Defendant claims its right to set off, settlement or judgment credits, to the extent applicable and allowed pursuant to Illinois law. The identities of any settling parties or parties otherwise providing compensation, as well as the amount of any settlements or compensation, is not yet known to Defendant, and Defendant reserves the right to amend this defense upon further discovery.

73. If Plaintiffs suffered any injuries or damages as alleged, Plaintiffs are not entitled to recover any damages, or their damages at the very lease must be reduced, because of their failure to mitigate damages.

74. Plaintiffs and/or other Defendants/Third-Party Plaintiffs' contributory negligence constitute more than 50% of any and all negligence involved in this matter and, therefore, they should be barred from recovery under Illinois law. In the alternative, if plaintiffs and/or defendants/third-party plaintiffs' contributory negligence was not over 50% of any and all negligence involved in this matter, then the amount of the contributory negligence should reduce the damages according to the pro rata percentage of negligence.

75. The claims are barred, in whole or in part, because the sole proximate, legal, efficient, and producing or superseding or intervening cause of any alleged injury(ies) and any alleged damages were the actions of Plaintiffs, Third Party Plaintiffs, and/or Defendants, including but not limited to, Hirschbach Motor Lines, Inc. and Eric Campbell, Sr. Plaintiffs' and/or Defendants/Third Party Plaintiffs' contributory negligence constitute more than 50% of all

negligence in this matter, and therefore recovery is barred. Alternatively, to the extent Plaintiffs' and/or Defendants/Third Party Plaintiffs' contributory negligence was not over 50% of all negligence in this matter, then the amount of the contributory negligence should reduce the damages according to the pro rata percentage of negligence.

76. The Bendix Wingman Fusion System components were abused, misused, improperly used, improperly maintained and/or damaged, subsequent to the time it left the care, custody and control of Defendant for which Defendant is not liable.

77. The Bendix Wingman Fusion System components were modified in a way not reasonably foreseeable subsequent to the time they left the care, custody, and control of Defendant.

78. Defendants/Third-Party Plaintiffs failed to read, take heed and/or comply with the detailed instructions and/or warnings associated with the Bendix Wingman Fusion System components, and the subject tractor.

79. Counter Plaintiffs, Defendants and Third-Party Plaintiffs, through their experience, knowledge, training, education, skill, or otherwise, were sophisticated users of the Bendix Wingman Fusion System components (and the subject Defendant's tractor) and as such required no warning and could be relied upon to warn and protect themselves and their employees from any alleged dangers associated with the tractor or Bendix Wingman Fusion System components.

80. The injuries complained of by Plaintiff Brandon Jamal Moffett were proximately caused by the negligent acts or omissions of his fellow servant, Leron Lewis, Jr.

81. The injuries complained of by Plaintiff Leron Lewis, Jr. were proximately caused by the negligent acts or omissions of his fellow servant, Brandon Jamal Moffett.

82. The claims asserted are barred by any and all applicable statutes of limitations or statutes of repose.

83. The claims asserted are barred by the Settlement Agreement and Mutual Release executed between Hirschbach Motor Lines, Inc. and Navistar, Inc. n/k/a International Motors, LLC ("International") on December 24, 2020, arising from the action in the Northern District of Iowa. That Settlement Agreement expressly released and forever discharged International and its related entities from any and all liabilities, claims, and causes of action, known or unknown, past, present, or future, relating to all International or Navistar trucks purchased, leased, or operated by Hirschbach prior to the effective date of the Settlement Agreement. The subject 2019 International LT625 truck at issue in this case was included within the scope of that agreement. In addition, under Section 19 of the Settlement Agreement referenced in Paragraph 83 above, Hirschbach covenanted not to sue International concerning claims related to its trucks, agreements prior to December 24, 2020, or matters that could have been raised in the prior litigation. As such, Hirschbach's attempt to assert claims against International in this action is a direct violation of the agreed-upon release and dismissal with prejudice entered in the Northern District of Iowa. Accordingly, these claims must be dismissed in their entirety.

84. Defendant hereby gives notice that it intends to rely upon any other affirmative defenses pled by any other defendant/third party defendant and not pled by this Defendant in this case to the extent they do not conflict with this Defendant's affirmative defenses, and hereby reserves its right to amend its Answer to expressly assert any such affirmative defenses.

85. Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defenses.

Dated: October 6, 2025

Respectfully submitted,

By: /s/ *Robert W. Stephens*
Robert W. Stephens, IL #6295474
Swanson, Martin & Bell, LLP
One Bank of America Plaza
800 Market Street, Suite 2100
St. Louis, Missouri 63101
(314) 241-7100
rstephens@smbtrials.com

Adam T. Suroff (*pro hac vice*)
Swanson, Martin & Bell, LLP
7501 Nall Ave.
Prairie Village, Kansas 66208
(816) 679-5306
asuroff@smbtrials.com

and

Benjamin D. Lothson (*pro hac vice*)
Swanson, Martin & Bell, LLP
300 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 222-8597
blothson@smbtrials.com

*Attorneys for Navistar, Inc. n/k/a International Motors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on **October 6, 2025**, I electronically filed Third-Party Defendant Navistar, Inc.'s Amended Answer to Fourth Amended Third-Party Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

/s/ *Robert W. Stephens*