**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LERON LEWIS, JR.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:20-CV-01355-NJR** |
| **HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR.,** | |
| **Defendants,** | |
| **v.** | |
| **BRANDON JAMAL MOFFETT,** | |
| **Plaintiff,** | |
| **v.** | |
| **HIRSCHBACH MOTOR LINES, INC. and ERIC JEROME CAMPBELL, SR.,** | |
| **Defendants / Third-Party Plaintiffs,** | |
| **v.** | |
| **BRANDON JAMAL MOFFETT, LERON LEWIS, JR., DATWAY LLC, MOTOR CARRIER CONSULTANTS, L.L.C., J.B. HUNT TRANSPORT, INC., MCGRIFF TIRE, CO., INC., NAVISTAR, INC., BENDIX, COMMERCIAL VEHICLE SYSTEMS LLC, and BIG TEX TRAILER MANUFACTURING, L.L.C.,** | |
| **Third-Party Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Pending before the Court are two motions for sanctions filed by Third-Party

Defendants Bendix Commercial Vehicle Systems LLC ("Bendix") (Doc. 389) and International

Motors, LLC f/k/a Navistar, Inc. ("International") (Doc. 413). Bendix and International ask the Court to sanction Third-Party Plaintiff Hirschbach Motor Lines, Inc. ("Hirschbach") for its alleged violation of the agreed-to confidentiality order entered in this case on June 14, 2021 (Doc. 78). For the following reasons, the motions are denied.

## BACKGROUND

This case arises out of a collision involving a tractor driven by Eric Jerome Campbell, Sr., within the scope of his employment for Hirschbach and a vehicle and trailer operated by Leron Lewis, Jr. and Brandon Jamal Moffett. (Fourth Am. Compl. (Doc. 292)). After several years of litigation and multiple settlements, what remains of this case is a contribution action by Hirschbach against Bendix and International. Hirschbach argues that defects in the design, manufacture, and warnings of the Bendix Wingman Fusion system, an advanced driver assistance system with which its tractor was equipped, contributed to the accident.

On June 14, 2021, Magistrate Judge Reona J. Daly, on Hirschbach's motion, entered an order to facilitate the exchange of "Confidential Information" in discovery (the "Protective Order"). (Doc. 78). The Protective Order defined Confidential Information in relevant part as: "(a) information prohibited from disclosure by statute; (b) medical information concerning any individual; (c) personal identity information; (d) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (e) personnel or employment records of a person who is not a party to the case." (*Id.*). Information that fell into one or more of these categories was entitled to confidential treatment if so designated by the producing party. (*Id.*).

But the Protective Order was limited in critical respects. In an accompanying text order, Judge Daily found that Hirschbach had not demonstrated "good cause" to extend the

Protective Order to "'information that reveals trade secrets' and 'research, technical, commercial or financial information that [a] party has maintained as confidential.'" (*Id*.). Such information, Judge Daly found, would not be subject to confidential treatment under the Protective Order, although her ruling to that effect was "WITHOUT PREJUDICE." (*Id*.) (capitalization in original).

Bendix and International entered the case in November 2021, when Hirschbach filed a third-party complaint against them and others. (Doc. 98). In May 2022, Bendix and International agreed to the entry of an order by this Court (Gilbert, J.) whereby they and other Third-Party Defendants "acknowledge[d] that they ha[d] read the Agreed Confidentiality Order which this Court entered on June 14, 2021, . . . understand the terms thereof, and agree to be bound by its terms." (Doc. 181).[1]

In November 2024, Hirschbach opened a second front in its dispute with Bendix and International in the Northern District of Illinois. *See Hirschbach Motor Lines, Inc. et al v. Navistar, Inc. et al.*, No. 1:24-cv-11979 (Durkin, J.) (hereinafter "Hirschbach Class Action"). On June 19, 2026, Hirschbach filed a Second Amended Complaint ("SAC") in the Hirschbach Class Action, which accuses Bendix, International, and a company called Paccar, Inc. of engaging in a conspiracy to misrepresent the merits of the Wingman Fusion system and to conceal its purported defects. (Hirschbach Class Action Dkt. 114 (under seal)).

This brings us to Bendix's and International's motions for sanctions against

---

[1] The Court will not recount the extent of contentious discovery-related activity that has taken place since then—doing so would spill an immense and unnecessary amount of ink. Suffice to say that Hirschbach, Bendix, and International have spent the past several years exchanging documents, taking depositions, inspecting physical evidence, and the like. And as they've done so, the producing party has often invoked the Protective Order to obtain confidential treatment of certain information.

Hirschbach. Bendix and International argue that the SAC draws extensively on information they produced in this action subject to the Protective Order. The SAC allegedly refers to or quotes internal testing data concerning the Wingman Fusion system, internal deliberations about the system's performance and functionality issues, validation testing data, and system development processes. (Bendix Mot. for Sanctions, p. 6-7). In Bendix's and International's view, Hirschbach disregarded the terms of the Protective Order by unilaterally disclosing information that they had designated as confidential and believed would be so kept.

## DISCUSSION

The Protective Order, by its express terms, does not cover trade secrets and "research, technical, commercial or financial information that the party has maintained as confidential." Judge Daly could not have been clearer on this point: she expressly *denied* Hirschbach's request to have the Protective Order cover such information. The Court, in other words, excluded from the Protective Order precisely the type of information that Bendix and International now want to bring within its orbit—more than five years after it was entered. So, whatever protections Bendix and International thought they were entitled to, the terms of the Protective Order do not provide it with respect to the information in question.[2] And

---

[2] Bendix has argued that the information in question constitutes trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1839 ("DTSA"), and the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/2. Thus, so the argument goes, the information in question was protected by statute and therefore subject to the Protective Order which covers "information prohibited from disclosure by statute." The Court acknowledges that at least some of the information in question may constitute trade secrets under the DTSA and ITSA. And with the benefit of hindsight, one might now see how the Protective Order's coverage of "information prohibited from disclosure by statute" might collide with Judge Daly's exclusion of trade secret protection under that same order. Still, Judge Daly expressly denied Hirschbach's bid to provide confidential treatment for trade secrets under the Protective Order. That matters because Bendix and International ask the Court to sanction Hirschbach for its alleged non-compliance *with the Protective Order*. If the Protective Order, by its express terms, does not offer confidential treatment to the information in question, it cannot then be used as a sanctioning tool against Hirschbach when unprotected information is disclosed.

while Bendix and International may have properly invoked the *procedure* for designating "Confidential Information" under the Protective Order, the Court is not persuaded that their basis for doing so was sound. *Cf. Lanteri v. Credit Protection Assoc.*, No. 1:13-cv-01501, 2019 WL 13166675, at *1 (S.D. Ind. Oct. 9, 2019) ("Simply designating information as confidential . . . is insufficient to permit under-seal filing.").

Worse still, neither Bendix nor International ever moved to modify the Protective Order. This is surprising because when Judge Daly excluded trade secrets and "research, technical, commercial or financial information that the party has maintained as confidential" from the Protective Order, she did so *without prejudice*. (Doc. 78). And there's more—the Protective Order itself is "subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter." (*Id.*). So Bendix and/or International could have moved to expand the scope of the Protective Order at any time after they entered the case in November 2021. Indeed, in May 2025, Hirschbach filed a motion to remove confidentiality designations from much of the discovery it had received from Bendix, in part because Bendix's designations were not "permitted under the terms of the Confidentiality Order." (Doc. 333). It is unclear why neither Bendix nor International sought to modify the Protective Order at that point to ensure the confidential treatment of documents that they claim reveal trade secrets and other non-public, proprietary information (after all, they acknowledged their review and understanding of the Protective Order three years earlier).[3] Either way, the Protective Order, in its current form, does not offer confidential treatment for the type of information that

---

[3] The Court denied Hirschbach's motion to de-designate because Hirschbach had made it clear that the central purpose of de-designation was to leverage the evidence from this case in the Hirschbach Class Action. (Doc. 380).

Bendix and International accuse Hirschbach of improperly disclosing. Bendix's motions for sanctions thus seek to impose on Hirschbach a confidentiality obligation that the Protective Order does not provide. Thus, the Court declines to sanction Hirschbach for violating the Protective Order.

The Court is, however, mindful of the nature of the information at play. Bendix and International, to their credit, produced discoverable information in this action, and a lot of it appears to be proprietary and non-public. These documents cover, among other things, testing observations, internal discussions among employees, comparisons of the Wingman Fusion system to other driver assistance systems on the market, and deposition testimony regarding the Wingman Fusion system. The Court finds that the public disclosure (or further public disclosure) of such information may indeed reveal proprietary information, confidential discussions, and trade secrets. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("A litigant is allowed . . . to conceal trade secrets."); *Haught v. Louis Berkman LLC*, 417 F. Supp. 2d 777, 786 (N.D. W. Va. 2006) ("It has been established that a company has an interest in protecting its confidential company documents."). And while Bendix and International could (or perhaps, *should*) have proactively sought to amend the Protective Order to ensure coverage for the information in question, this Court is not inclined to play gotcha games with what appears to be sensitive proprietary information. Bendix and International are thus invited to file a motion to modify the Protective Order. Hirschbach will have an opportunity to oppose any such motion if it so chooses. If the Court agrees that a modification is warranted, Bendix's and International's confidentiality designations will

remain in place.[4]

## CONCLUSION

For these reasons, the motions for sanctions filed by Third-Party Defendants Bendix Commercial Vehicle Systems LLC (Doc. 389) and International Motors, LLC f/k/a Navistar, Inc. (Doc. 413) are **DENIED**. Motions to modify the Protective Order (if any) **SHALL** be filed on or before **August 17, 2026**.

Going forward, the parties are reminded of their obligation to engage each other in good faith and in a professionally appropriate manner. Any attempts to delay or slow-play discovery are strongly disfavored.

**IT IS SO ORDERED.**

**DATED:  August 3, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[4] For the sake of clarity, the parties are *prohibited* from disclosing any information subject to a confidentiality designation under the Protective Order until any potential motions to modify the scope of the Protective Order, which will be due within the next two weeks, are resolved.