**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LERON LEWIS, Jr., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 3:20-cv-01355-NJR |
| v. | ) | Cons. With: 3:21-cv-0001-NJR |
| | ) | |
| HIRSCHBACH MOTOR LINES, INC., | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

**BENDIX'S MOTION TO MODIFY**
**THE AGREED CONFIDENTIALITY ORDER**

Third-party Defendant Bendix Commercial Vehicle Systems, LLC, ("Bendix") pursuant to Fed. R. Civ. P. 26(c) moves for modification of the Agreed Confidentiality Order and in support states as follows:

## I. INTRODUCTION

On June 14, 2021, the Court entered the Agreed Confidentiality Order before Bendix became party to this litigation. (ECF Nos. 78, 98). At that time, the case had not yet evolved into a dispute concerning the design, testing, development, and functionality of the Bendix Wingman Fusion system, nor had the extensive technical discovery central to Hirschbach's claims been produced. The litigation has since changed substantially. As the Court recognized, discovery now includes testing observations, internal engineering discussions, competitive product comparisons, and deposition testimony that "may indeed reveal proprietary information, confidential discussions, and trade secrets." (ECF No. 417 at 6). Yet the Court also held that the current Confidentiality Order as entered does not extend to "trade secrets" or "research, technical, commercial or financial information that the party has maintained as confidential." (Id. at 4-5). Because the present Order no longer reflects the nature of the discovery exchanged in this case, Bendix respectfully moves to modify it.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 26(c) authorizes courts to enter and modify protective orders upon a showing of good cause. The party seeking modification bears the burden of demonstrating that modification is warranted. *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006). District courts possess broad discretion in managing discovery and tailoring protective orders to address the parties' competing interests and as the Seventh Circuit has recognized, "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007).

In evaluating a request to modify a protective order, courts in this Circuit commonly consider four factors: "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Murata*, 234 F.R.D. at 179.

Where the requested modification concerns confidential business information, courts also consider whether the existing order creates an unacceptable risk that proprietary or confidential information may be disclosed without adequate protection. See *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*, Nos. 05 C 4120, 05 C 5164, 2011 WL 148252, at *3 (N.D. Ill. Jan. 18, 2011) (considering whether modification would create an unacceptable risk of inadvertent disclosure of confidential information).

## III. ARGUMENT

### a. Confidentiality Order Background

Bendix is a global manufacturing and engineering company that designs, develops, and supplies advanced commercial vehicle technologies, including the Wingman Fusion advanced driver assistance system ("ADAS") platform. Bendix and its affiliates hold more than 100 patents relating to ADAS technology and have invested tens of millions of dollars in the development of systems combining radar, camera, and braking technologies. During discovery Hirschbach sought, and Bendix

produced, thousands of pages documents and hours of testimony concerning the design, development, testing, functionality, and marketing of those systems. Much of that information is highly technical, commercially sensitive, maintained by Bendix as confidential, and may include information shared with or by Bendix under nondisclosure agreements. Bendix produced that information against the backdrop of longstanding federal and state protections afforded to trade secrets and proprietary business information afforded by both the Illinois Trade Secrets Act (765 ILCS § 1065/2(d)) ("ITSA") and the Federal Defend Trade Secrets Act (18 USC § 1839(3)) ("DTSA"). In doing so, Bendix relied on the language of the Confidentiality Order extending its protections to "material prohibited from disclosure by statute." (ECF 78, ¶ 2(a)).

Hirschbach previously challenged these designations. (ECF 333). Bendix responded that its sensitive technical and commercial information was protected by the Confidentiality Order, the ITSA, and the DTSA. (ECF 343). Recognizing the Court could construe the Confidentiality Order differently, Bendix also sought alternative relief, expressly requesting that the Court amend the Confidentiality Order to protect that same confidential information. (ECF 343). The Court denied Hirschbach's challenge. (ECF 380). Because the challenged designations remained intact, there appeared no need to further pursue modification.

That understanding changed only after the Court's August 3, 2026 Order. (ECF 417). Although the Court denied Bendix's Motion for Sanctions, it clarified that the current Confidentiality Order does not expressly extend to certain categories of trade secret and proprietary information. (ECF 417). At the same time, the Court recognized that the discovery at issue "appear[s] to be proprietary and non-public" and that further disclosure "may indeed reveal proprietary information, confidential discussions, and trade secrets" and invited Bendix to seek modification. (ECF 417).

**b. Good Cause Exists to Modify the Protective Order**

In denying Bendix's motion for sanctions, the Court held that the current Confidentiality Order does not protect trade secrets or "research, technical, commercial or financial information that the party has maintained as confidential." (ECF 417, 4-5). The Court noted that Judge Daly, in an accompanying text Order, held that "good cause" had not been established to subject those types of documents to confidential treatment. (ECF 417, 2-3). But, the Court did note that Judge Daly's ruling was without prejudice, and that the Confidentiality Order itself is subject to modification by the Court or on motion of any party. (ECF 78, ECF 417). Shifting focus, the Court then recognized that the discovery exchanged in this litigation includes "testing observations, internal discussions among employees, comparisons of the Wingman Fusion system to other driver assistance systems on the market, and deposition testimony regarding the Wingman Fusion system" and that public disclosure of such information "may indeed reveal proprietary information, confidential discussions, and trade secrets." (ECF 417 at 6). These developments demonstrate the changed circumstances necessary to support modification of the existing Order.

Good cause is the most significant factor in the modification analysis. *Murata*, 234 F.R.D. at 179. A showing of good cause, however, generally requires a showing of changed circumstances warranting modification of the existing order. *Kyles v. J.K. Guardian Sec. Servs.*, 2006 U.S. Dist. LEXIS 57299, 2006 WL 2349238, 4 (N.D.Ill. 2006); *Trading Technologies Intern., Inc. v. GL Consultants, Inc.*, 2011 U.S. Dist. LEXIS 5876, 2011 WL 148252, 2 (N.D.Ill. 2011). Such circumstances exist here.

When the Confidentiality Order was entered in June 2021, Bendix was not party to the litigation. Nor had the parties begun the extensive technical discovery concerning the Wingman Fusion system that is now lies at the center of Hirschbach's allegations. Since that time, Bendix has produced thousands of pages and hours of deposition testimony surrounding the design, development, testing, marketing, and functionality of the Fusion system, information developed after countless hours of research and development and at the cost of tens of millions of dollars.

Bendix routinely protects this information through confidentiality obligations imposed on employees, business partners, customers, and other third parties who may receive access to it in the course of their dealings with Bendix. Bendix is also party to nondisclosure agreements with business partners and customers relative to developing technology. Those contractual restrictions reflect longstanding efforts to maintain the secrecy of its technical, engineering, and commercial information and underscore the confidential nature of the materials at issue here. The discovery produced in this litigation includes information that Bendix ordinarily discloses only subject to such confidentiality restrictions.

The Court has correctly identified a gap within the existing Confidentiality Order. As noted, Judge Daly's minute order does not extend protection to "trade secrets" or "research, technical, commercial or financial information that the party has maintained as confidential." (ECF 78, ECF 417, 4-5). The problem identified by the Court is a practical one. Although the information qualifies as trade secrets under the DTSA and ITSA, the current Confidentiality Order does not provide a procedural mechanism for protecting that information.(ECF 417, FN 2). Under these circumstances, good cause exists for modification. And because the Order expressly allows it, the Confidentiality Order should be modified to provide appropriate protection for trade secrets and proprietary technical, commercial, and research information this Court has already recognized may be contained within the discovery produced to date.

**c. The Need for Modification Was Not Reasonably Foreseeable**

The nature of discovery in this case changed substantially when Bendix and Navistar were added as parties. Prior to that time, the litigation did not involve claims concerning technical specifications and sensitive Bendix data. As a result, the parties could not have reasonably contemplated the need to protect extensive technical and proprietary information that later became

central to Hirschbach's allegations. Moreover, Bendix was not yet a party when the Confidentiality Order was entered, and so had no opportunity to express its position to the Court.

The Court has now recognized the shift in the nature of this case. The discovery at issue includes testing observations, internal engineering discussions, competitive product comparisons, and deposition testimony from senior Bendix engineers concerning the development and functionality of the Wingman Fusion system. These categories of information bear little resemblance to the medical records, personal identifying information, tax records, and employment records contemplated by the original Confidentiality Order. Because the discovery that ultimately became central to this litigation was neither before the parties nor reasonably foreseeable when the Order was entered, the present request reflects developments that arose during discovery rather than issues apparent at the outset of the case. Modification is therefore warranted.

**d. The Parties Continue to Confer Regarding Confidentiality**

Since the Court's August 3, 2026 Order, the parties have begun to confer regarding Bendix's confidentiality designations. Hirschbach has acknowledged that at least some of Bendix's discovery should be treated in confidence, though the parties have not yet reached agreement as to the extent. An order clarifying which information is protectable will guide the parties in these discussions, and hopefully avoid the need for the Cour to rule on Hirschbach's pending Motion for De-designation of Materials Designated Confidential. (ECF 415).

## IV. CONCLUSION

Bendix has produced thousands of pages of internal, confidential documents and presented Bendix witnesses for deposition for open and transparent testimony. And Bendix remains committed to litigating this matter in good faith. But the circumstances of this litigation have demonstrated that the existing Confidentiality Order does not adequately protect categories of information the Court has recognized may contain proprietary information, confidential business information, and trade secrets.

Good cause therefore exists to modify the Confidentiality Order. The need for such protections was not reasonably foreseeable when the Order was entered, and modification will not prejudice any legitimate reliance interest.

WHEREFORE, BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC respectfully requests that this Honorable Court:

a) Modify Paragraph 2 of the Agreed Confidentiality Order to include as Confidential Information: (i) information that reveals trade secrets, including information protected by the Defend Trade Secrets Act, 18 U.S.C. § 1839(3), and the Illinois Trade Secrets Act, 765 ILCS 1065/2(d); and (ii) research, technical, commercial, or financial information that the producing party has maintained as confidential;

b) Order that all documents, testimony, deposition exhibits, and other materials previously designated as Confidential Information shall retain that designation and be deemed designated pursuant to the modified Confidentiality Order unless and until the designation is withdrawn by the producing party or challenged and modified by further order of the Court consistent with procedures set forth in the Order;

c) Order that all materials falling within the amended definition of Confidential Information shall continue to receive confidential treatment under the Agreed Confidentiality Order regardless of whether they were produced before or after entry of the modified Order; and

d) Grant any further relief as the Court deems just and appropriate.

Respectfully submitted,

**BENDIX COMMERCIAL VEHICLE SYSTEMS LLC**

By: /s/ Michael S. McGrory
One of Its Attorneys

Michael S. McGrory (ARDC# 6280591)
Emily R. Schroeder (ARDC# 6321466)
Amundsen Davis LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
mmcgrory@amundsendavislaw.com
eschroeder@amundsendavislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 17, 2026** a true and complete copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record per the attached Service list.

/s/ Michael S. McGrory

## SERVICE LIST

Matthew S. Hefflefinger
Devin Taseff
Chartwell
7707 N. Knoxville Ave., Ste # 201-A
Peoria, IL 61614
eservicePeoria@chartwelllaw.com
mhefflefinger@chartwelllaw.com
dtaseff@chartwelllaw.com
csmith@chartwelllaw.com
*Counsel for Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr.*

Nick Wooten
Cheeley Law Group LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, GA 30009
nick@cheeleylawgroup.com
*Counsel for Hirschbach Motor Lines, Inc*

Adam T. Suroff
Swanson Martin & Bell, LLP
7501 Nall Ave
Prairie Village, KS 66208

asuroff@smbtrials.com

Benjamin D. Lothson
Swanson, Martin & Bell
330 N. Wabash Street, Suite 3300
Chicago, IL 60611
blothson@smbtrials.com
*Counsel for 3rd Party Def. Navistar, Inc.*

Robin M. Hulshiner
330 N. Wabash Ave., Ste#2800
Robin.hulshizer@lw.com
Catherine Anne Rizzoni
505 Montgomery St., Ste 2000
San Francisco, CA 94111
cat.rizzoni@lw.com
*Counsel for 3rd Party Def. Navistar, Inc*